ACCEPTED
02-15-00004-CV
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
1/6/2015 9:47:34 PM
DEBRA SPISAK
CLERK

NO. _____

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
01/06/2015 9:47:34 PM
DEBRA SPISAK
Clerk

**IN THE**
**COURT OF APPEALS**
**SECOND DISTRICT OF TEXAS AT FORT WORTH, TEXAS**

**IN RE: PANINA, INC d/b/a JA CONSTRUCTION SERVICES**

**Relator**

**v.**

**THE HONORABLE MELODY WILKINSON, JUDGE**
**OF THE 17th DISTRICT OF**
**TARRANT COUNTY, TEXAS**

**Respondent**

**PETITION FOR MANDAMUS**
In Cause No. 17-266141-13 pending in the
17th Judicial District Court of
Tarrant County, Texas
Honorable Melody Wilkinson, Presiding Judge

**JOHN P. KNOUSE**
**Law Office of John P. Knouse**
**16970 Dallas Parkway**
**Bldg 300**
**Dallas, Texas 75248**
**(972) 380-1188 (Telephone)**
**(921) 367-5982 (Telecopier)**
**e-mail: knouselaw@yahoo.com**
**ATTORNEY FOR RELATOR**

**January 6, 2015**

# IDENTITY OF PARTIES AND COUNSEL

**Relator/Plaintiff:**         PANINA, INC d/b/a JA CONSTRUCTION SERVICES

**Relator/Plaintiff's Counsel** John P. Knouse
SBOT No. 11624000
Law Office of John P. Knouse
16970 North Dallas Parkway, Bldg 300
Dallas, Texas 75248
E-mail:knmouselaw@yahoo.com
Tel: (972) 380-1188
Fax: (214) 367-5982

**Respondent:**           Hon. Judge Melody Wilkinson
Tim Curry Justice Center - 8th Floor
401 W. Belknap
Fort Worth, TX 76196
Tel: (Nancy Bentley, Coordinator (817)-884-1460
Fax:.(Nancy Bentley, Coordinator: Unknown

**Defendant's Counsel**       Lane Addison
SBOT No.2509355
Henley & Henley, P.C.
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
E-mail:raddison@henleylawpc.com
Tel: (214) 821-0222
Fax: (214) 821-0124

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.................................................i

TABLE OF CONTENTS.................................................ii, iii

INDEX OF AUTHORITIES.................................................iv,v

STATEMENT OF THE CASE.................................................2

STATEMENT OF JURISDICTION.................................................3

ISSUES PRESENTED FOR REVIEW.................................................3

ISSUE NUMBER ONE:

DID THE TRIAL JUDGE ABUSE HER DISCRETION AND EXCEED HER STAUTORY AUTHORITY IN DENYING REALTOR'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT AND REALTOR'S "NO EVIDENCE" MOTION FOR SUMMARY JUDGMENT BASED SOLELY UPON HER IMPROPER CONSIDERATION OF DEFENDANT'S SUMMARY JUDGMENT EVIDENCE PRESENTED BY AFFIDAVITS OF WITNESSES PREVIOUSLY COMPLETELY UNIDENTIFIED BY DEFENDANT IN PRIOR REPONSE TO REQUESTS FOR DISCLOSURES, MANADTORILY EXCLUDED BY T.R.C.P. RULE 193.6(a)?


ISSUE NUMBER TWO:

DID THE TRIAL JUDGE ABUSE HER DISCRETION BY PERMITING DEFENDANT TO PRESENT A DEFENSE TO REALTOR'S SWORN ACCOUNT, PRECLUDED AS A MATTER OF LAW BY T.R.C.P. RULE 185 WHERE THE DEFENDANT'S AMENDED ANSWER DENYING THE ACCOUNT WAS NOT PROPERLY SWORN TO BY A WITNESS HAVING PERSONAL KNOWLEDGE AS REQUIRED BY T.R.C.P. RULE 93 (10) WITHOUT A SHOWING OF PERSONAL KNOWLEDGE IN THE AFFIDAVIT AND WHOSE AFFIDAVIT OPPOSING SUMMARY JUDGMENT SHOWED HE HAD NO PERSONAL KNOWLEDGE BUT ONLY HEARSAY INFORMATION?

STATEMENT OF FACTS............................................................................4, 5

SUMMARY OF THE ARGUMENT........................................................................6

ARGUMENT AND AUTHORITIES ON ISSUE  NO. 1.....................................7-10

ARGUMENT AND AUTHORITIES ON ISSUE  NO. 2...................................10-13

PRAYER FOR RELIEF.......................................................................................13

CERTIFICATE OF SERVICE............................................................................15

VERIFICATION OF PETITION FOR MANDAMUS......................................16

APPENDIX.........................................................................................................17

# INDEX OF AUTHORITIES

| <u>Cases</u> | <u>Page(s)</u> |
|---|---|

Alvarado v. Farah Mfg. Co. Inc., 830 S.W.2d 911 (Tex. 1992)..................6, 8

Braniff Inc. v. Lentz, 748 S.W.2d 297,300 (Tex.App.-Ft. Worth 1988).......11

Brownlee v. Brownlee, 665 SW 2d 111, 112 (Tex. 1984).....................11

Burke v. Satterfield, 525 SW.2d 950, 955(Tex. 1975)..........................11

Cantu v. Holiday Inns, Inc., 910 SW2d 113, 116 (Tex. Civ. App.-
Corpus Christi, 1995, no writ)..................................................6

Gibbs v. Bureaus Investment Group Portfolio ___SW3d___
(No. 14, LLC, 08-12-00330-CV) (Tex.App.-El Paso 7-22-2014).....................9

Gorrell v. Tide Prods, Inc., 532 SW2d 390, 395 (Tex. Civ. App-
Amarillo, 1975, no writ).......................................................11, 12

Gutierrez v. Dallas Independent School Dist., 729 S.W.2d 691 (Tex. 1987)..... 6, 8

Hinojosa Auto v. Finishmaster, ___SW2d___, (03-08-00361-CV-
Tex. Civ. App-Austin, 12-12-2008)...........................................12

Humphreys v. Caldwell, 888 SW2d 469, 470 (Tex. 1994).....................6, 11, 13

Morrow v. H.E.B., Inc., 714 S.W.2d 297, 297-98 (Tex. 1986).....................8,11

Oscar Luis Lopez v. La Madeleine of Tex., Inc., 200 S.W.3d 854, 860
(Tex.App.-Dallas 2006, no pet.),.............................................9

Rizk v. Financial Guardian Ins. Agency, Inc., 584 SW2d 860, 862
(Tex. 1979)..............................................................6, 10, 13

Vance v. Holloway, 689 SW2d 403, 404 (Tex. 1985).........................6, 10, 13

Yeldell v. Holiday Hills Retirement and Nursing Center, Inc., 701 S.W.2d 243,
247 (Tex. 1985)..........................................................8, 11

## STATUTES AND RULES

Tex. Govt. Code Ann., § 22.201(c )...............................................3

Tex. Govt. Code Ann., § 22.221(b) (1)..................................................3

Texas Rule of Appellate Procedure, Rule 52....................................1

Tex. Rules of Civil Procedure §193.6(a)...............................................2, 6, 7, 10

Tex. Rules of Civil Procedure §185..............................................2, 7, 10, 13,14

Tex. Rules of Civil Procedure §92(10)...............................................2, 10, 14

NO. _____

IN THE
COURT OF APPEALS
SECOND DISTRICT OF TEXAS AT FORT WORTH, TEXAS

IN RE: PANINA, INC d/b/a JA CONSTRUCTION SERVICES

Relator

v.

THE HONORABLE MELODY WILKINSON, JUDGE
OF THE 17th DISTRICT OF
TARRANT COUNTY, TEXAS

Respondent

PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Now Comes Relator/Plaintiff **PANINA, INC d/b/a JA CONSTRUCTION SERVICES,** ("Panina") and files this its *Petition for a Writ of Mandamus* pursuant to Texas Rule of Appellate Procedure, Rule 52. By this Petition for Mandamus, Panina seeks relief from the Orders of the Hon. Melody Wilkinson, Judge of the 17th Judicial District Court of Tarrant County, Texas November 19, 2014, denying both Panina's Traditional Motion for Summary Judgment and Panina's "No Evidence" Motion for Summary Judgment, based solely upon Judge Wilkinson's improper consideration of the only summary judgment evidence presented by the Defendant, Heather Village, LLC,

**PETITION FOR MANDAMUS**                                                    **Page** 1

through two affidavits setting forth the testimony and evidence of two witnesses, David Christensen and Ken Toler, neither of whom had ever been disclosed by Defendant in response to Panina's properly served Requests for Disclosure and whose testimony by affidavits was automatically and mandatorily excluded, as a matter of law by Texas Rule of Civil Procedure Rule 193.6(a), the consideration of which was not within the judicial discretion of the Hon. Judge Wilkinson, and her further denying Panina summary judgment on its sworn account, when the Defendant Heather Village, LLC., was precluded from presenting a defense thereto as a matter of law, by Texas Rule of Civil Procedure 185, where there was no proper sworn denial of the sworn account had been made by an individual who had personal knowledge, as required by Texas Rule of Civil Procedure Rule 93(10) .

## STATEMENT OF CASE

Relator/Plaintiff, Panina, requests this Court issue a Writ of Mandamus, ordering Hon. Melody Wilkinson, Judge of the 17th Judicial District Court of Tarrant County, Texas, to set aside her Orders Denying Summary Judgment and to reconsider Panina's Motion For a Traditional Summary Judgment and its Motion For "No Evidence" Summary Judgment, after excluding from her consideration any evidence presented by the affidavits of David Christensen and Ken Toler, who were not previously disclosed by the Defendant, Heather Village, LLC in response to a properly served Requests For Disclosure, in accordance with Texas Rules of Civil Procedure Rule 193.6(a) and after disregarding any defense by Defendant, Heather Village, LLC to Panina's suit on a

**PETITION FOR MANDAMUS**                                                **Page 2**

sworn account, as precluded by Texas Rules of Civil Procedure Rules 185 and 93(10), by reason of its failure to properly denied the account under oath.

## STATEMENT OF JURISDICTION

The question of the proper exercise of statutory judicial power and orders issued by the Honorable Melody Wilkinson, Judge of the 17th Judicial District County of Tarrant County, Texas, is within the appellate district of the Second District Court of Appeals. Tex. Govt. Code Ann. § 22.201(c). This Court has authority under § 22.221(b)(1) of the Texas Government Code to issue writs of mandamus against District Court Judges, which includes Associate Judges for the District Judge, within its appellate district.

## ISSUES PRESENTED FOR MANDAMUS

**ISSUE NUMBER ONE:**
**DID THE TRIAL JUDGE ABUSE HER DISCRETION AND EXCEED HER STAUTORY AUTHORITY IN DENYING REALTOR'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT AND REALTOR'S "NO EVIDENCE" MOTION FOR SUMMARY JUDGMENT BASED SOLELY UPON HER IMPROPER CONSIDERATION OF DEFENDANT'S SUMMARY JUDGMENT EVIDENCE PRESENTED BY AFFIDAVITS OF WITNESSES PREVIOUSLY COMPLETELY UNIDENTIFIED BY DEFENDANT IN PRIOR REPONSE TO REQUESTS FOR DISCLOSURES, MANADTORILY EXCLUDED BY T.R.C.P. RULE 193.6(a)?**

**ISSUE NUMBER TWO:**
**DID THE TRIAL JUDGE ABUSE HER DISCRETION BY PERMITING DEFENDANT TO PRESENT A DEFENSE TO REALTOR'S SWORN ACCOUNT, PRECLUDED AS A MATTER OF LAW BY T.R.C.P. RULE 185 WHERE THE DEFENDANT'S AMENDED ANSWER DENYING THE ACCOUNT WAS NOT PROPERLY SWORN TO BY A WITNESS HAVING PERSONAL KNOWLEDGE AS REQUIRED BY T.R.C.P. RULE 93 (10) WITHOUT A SHOWING OF PERSONAL KNOWLEDGE IN THE AFFIDAVIT AND WHOSE AFFIDAVIT OPPOSING SUMMARY JUDGMENT SHOWED HE HAD NO PERSONAL KNOWLEDGE BUT ONLY HEARSAY INFORMATION?**

## STATEMENT OF FACTS

On September 26, 2014, Panina, filed a Traditional Motion For Summary Judgment on a sworn account as well as a "No Evidence" Motion For Summary Judgment on a counterclaim filed by Defendant, Heather Village.LLC, copies of which Motions for Summary Judgment are attached to the Appendix hereto, as Exhibits "A" and "B". On November 7, 2014, Defendant Heather Village, LLC, filed its Responses to both Motion for Summary Judgment, attaching, as its sole summary judgment evidence in opposition to each of Pannia's Motions for Summary judgments, the affidavits of two witnesses, David Christensen and Ken Toler, copies of which Responses to the Motion for Summary Judgment and said affidavits, are attached in the Appendix hereto, as Exhibits "C" and "D". Neither of the said witnesses had ever been disclosed by Defendant Heather Village, LLC, as "persons having knowledge" nor as "expert witnesses" in response to Requests For Disclosure previously served by Panina upon the said Defendant, Heather Village, LLC, six months previously on May 7, 2014, a copy of which Requests For Disclosure is attached to the Appendix hereto, as Exhibit "E". The failure to designate the witnesses clearly appears in Defendant's Response to Panina's Requests for Disclosure, which was filed by Defendant Heather Village, LLC, attached to the Appendix hereto, as Exhibit "F". Prior to the filing of Panina's Motions for Summary Judgment, Defendant Heather Village, LLC had filed an unsworn Original Answer to Panina's suit on a sworn account, a copy of which is attached to the Appendix hereto as

Exhibit "G". On November 5, 2014, Defendant Heather Village, LLC filed its First Amended Original Answer and Counterclaim, containing a verification by the same undesignated David Christenson, who was neither an officer or director of Heather Village, and whose affidavit contained no facts showing he had personal knowledge to deny the sworn account of Panina, but whose affidavits to the Responses to Summary Judgment clearly showed he factually could have had no personal knowledge. A copy of Defendant's First Amended Original Answer and Counterclaim,is attached to the Appendix hereto as Exhibit "H".

Panina immediately filed Plaintiff's Objections and Reply To Defendant's Response To Plaintiffs Motion For Summary Judgment on November 12, 2014, raising the issue of the noncompliance of Defendant's First Amended Original Answer and Counterclaim with TRCP Rules 185 and 93(10) and further formally objecting to any consideration by Judge Melody Wilkinson, of the affidavits of either David Christensen or Ken Tolar, based upon the complete failure of Defendant Heather Village, LLC to have disclosed them as potential witnesses and persons with knowledge and/or expert witnesses in response to Panina's properly served Requests For Disclosure, as being mandatorily excludable as a matter of law under Texas Rules of Civil Procedure Rule 193.6 (a), a copy which is attached to the Appendix hereto, as Exhibit "I". On the same date, Panina also filed formal Exceptions to Defendant's First Amended Original Answer and Counterclaim, based on the fact that there was no proper sworn denial of Panina's sworn account by a person having personal knowledge as required by Texas Rules of

Civil Procedure Rules 185 and 93(10), a copy of which is attached to the Appendix hereto, as Exhibit "J" to the appendix hereto. Following the oral hearing and argument of counsel on November 14, 2014, Panina's counsel further filed Plaintiff's Supplemental Brief on TRCP Rule 193.6(a), to clearly bring to the attention of the Hon Judge Wilkinson current applicable case law regarding TRCP Rule 193.6(a) providing for mandatory exclusion of evidence presented by witnesses unidentified in discovery, a copy of which is attached to the Appendix hereto as Exhibit "K", since there was no other summary judgment evidence proffered by Defendant Heather Village, LLC in response to either the Traditional Motion For Summary Judgment or the "No Evidence" Motion For Summary Judgment.

On November 19, 2014, despite the filed written objections and exceptions made by, Panina and a Supplemental Brief on point, the Hon Judge Melody Wilkinson, inexplicably denied both Panina's Traditional and "No Evidence" Motions for Summary Judgment, based solely upon her improper consideration of the only summary judgment evidence filed by Defendant Heather Village, LLC, which were the affidavits of David Christensen and Ken Tolar, mandatorily excluded under Texas Rule of Civil Procedure 193.6(a) as witnesses who were not timely identified in response to properly served discovery, and despite the noncompliance of Defendant's First Amended Original Answer and Counterclaim with TRCP Rule 93(10) for failing to be a proper sworn denial of Panina's sworn account by a person having personal knowledge and permitting Defendant Heather Village to present a defense in complete disregard of TRCP Rule 185

which precludes a defense to a sworn account where there is not a proper sworn denial, as a matter of law. Copies of the Clerk's Record of the Docket Sheet and Transactions List is attached hereto as Exhibit "L" to the Appendix. Certified Copies of the Orders Denying Plaintiff's Traditional and "No Evidence "Motions for Summary Judgment are attached to the Appendix hereto as Exhibit "M".

## SUMMARY OF THE ARGUMENT

Texas Rule of Civil Procedure Rule 193.6 (a) specifically provides for mandatory exclusion of evidence presented by witnesses who were not timely identified in response to properly served discovery. The Texas Supreme Court has held the rule is mandatory, and the penalty, exclusion of evidence is automatic, absent a showing of: (1) good cause or (2) lack of unfair surprise or (3) unfair prejudice. *Alvarado v. Farah Mfg. Co. Inc.*, 830 S.W.2d 911 (Tex. 1992) and *Gutierrez v. Dallas Independent School Dist* 729 S.W.2d 691 (Tex. 1987). Under TRCP Rule 193.6(a) the Hon. Judge Melody Wilkinson had no discretion to consider evidence or testimony of witnesses excluded by the rule except on a showing and finding of good cause or lack of unfair surprise or unfair prejudice. *Id.* Defendant Heather Village LLC failed to disclose either of the witnesses providing summary judgment evidence as persons with knowledge in its response to Panina's properly served Requests for Disclosure. See Appendix- Exhibits E and F. There was no showing of good cause proffered by Heather Village, LLC nor any ruling made by the Hon. Judge Melody Wilkinson that good cause existed for the failure of Heather Village to disclose the witnesses, nor that there was no surprise to Panina. There was no summary

judgment evidence presented by Defendant, Heather Village, LLC in opposition to Panina's Traditional and "No Evidence Motions for Summary Judgment other than the affidavits of the unidentified witnesses, David Christensen and Ken Tolar, upon which Judge Wilkinson could have based her decision to deny summary judgment.

The Texas Supreme Court has further repeatedly stated held that an affidavit is insufficient where it is not based upon personal knowledge. *Rizk v. Financial Guardian Ins. Agency, Inc.*, 584 SW2d 860, 862 (Tex. 1979) *Vance v. Holloway*, 689 SW2d 403, 404 (Tex. 1985) and *Humphreys v. Caldwell*, 888 SW2d 469, 470 (Tex. 1994). A showing of personal knowledge in the affidavit being denying the account is required. *Cantu v. Holiday Inns, Inc.*, 910 SW2d 113, 116 (Tex. Civ. App.-Corpus Christi, 1995, no writ) Heather Village, LLC was precluded by Rule 185 of the Texas Rules of Civil Procedure from asserting any defense to Panina's sworn account, as a matter of law, which was also not a matter of discretion with Judge Wilkinson. .

## ARGUMENT AND AUTHORITIES ON ISSUE NO. ONE

**ISSUE NUMBER ONE RESTATED:**

**DID THE TRIAL JUDGE ABUSE HER DISCRETION AND EXCEED HER STAUTORY AUTHORITY IN DENYING REALTOR'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT AND REALTOR'S "NO EVIDENCE" MOTION FOR SUMMARY JUDGMENT BASED SOLELY UPON HER IMPROPER CONSIDERATION OF DEFENDANT'S SUMMARY JUDGMENT EVIDENCE PRESENTED BY AFFIDAVITS OF WITNESSES PREVIOUSLY COMPLETELY UNIDENTIFIED BY DEFENDANT IN PRIOR REPONSE TO REQUESTS FOR DISCLOSURES, MANADTORILY EXCLUDED BY T.R.C.P. RULE 193.6(a)?**

Texas Rule of Civil Procedure 193.6(a) provides for mandatory exclusion of evidence presented by witnesses who were not timely identified in response to properly served discovery, providing as follows

(a) *Exclusion of Evidence and Exceptions.* **A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified,** unless the court finds that:

(1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or

(2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties. (Emphasis Added) TEX.R. Civ. P. 193.6(a).

The rule is mandatory, and the penalty, exclusion of evidence is automatic, absent a showing of: (1) good cause or (2) lack of unfair surprise or (3) unfair prejudice. The Texas Supreme Court held in its decision in *Alvarado v. Farah Mfg. Co. Inc.*, 830 S.W.2d 911 (Tex. 1992):

The salutary purpose of Rule 215(5) is to require complete responses to discovery so as to promote responsible assessment of settlement and prevent trial by ambush. *See Clark,* 774 S.W.2d at 646; *Gee,* 765 S.W.2d at 396; *Gutierrez,* 729 S.W.2d at 693. **The rule is mandatory, and its sole sanction — exclusion of evidence — is automatic, unless there is good cause to excuse its imposition.** The good cause exception permits a trial court to excuse a failure to comply with discovery in difficult or impossible circumstances. *See Clark,* 774 S.W.2d at 647 (inability to locate witness despite good faith efforts or inability to anticipate use of witness' testimony at trial might support a finding of good cause). The trial court has discretion to determine whether the offering party has met his burden of showing good cause to admit the testimony; but **the trial court has no discretion to admit testimony excluded by the rule without a showing of good cause.** (Emphasis added)

The holding in *Alvarado, supra,* was consistent with prior Supreme Court holdings in *Gutierrez v. Dallas Independent School Dist.,* 729 S.W.2d 691 (Tex. 1987), in which the Court said:

> We hold that if a litigant propounds an improper interrogatory question, it is incumbent upon the party answering the request to object to the form of the question so that it may be reurged in the proper form. **If the party answering the request does not object to the form of the question, then later tries to call a witness that was not revealed to the opposing party, the trial court should disallow the testimony of the witness unless good cause can be shown under the decisions in** *Yeldell v. Holiday Hills Retirement and Nursing Center, Inc.,* **701 S.W.2d 243, 247 (Tex. 1985), and** *Morrow v. H.E.B., Inc.,* **714 S.W.2d 297, 297-98 (Tex. 1986).**

Directly on point, the El Paso Court of Appeals, citing the 2006 Dallas Court of Appeals decision in *Oscar Luis Lopez v. La Madeleine of Tex., Inc.,* 200 S.W.3d 854, 860 (Tex.App.-Dallas 2006, no pet.), held the exclusion of a non-identified witness in response to a Request for Disclosures mandatory, on July 22, 2014, in *Gibbs v. Bureaus Investment Group Portfolio* ___SW3d___( NO. 14, LLC, 08-12-00330-CV) (Tex.App.-El Paso 7-22-2014), stating that:

> **A party may obtain discovery of the name, address, and telephone number of persons with knowledge of relevant facts, and a brief statement of each identified person's connection with the case. TEX.R.CIV.P. 192.3(c); TEX.R.CIV.P. 194.2(e).** When responding to written discovery, a party must make a complete response, and must amend or supplement the response if it later learns that the response is no longer complete and correct. TEX.R.CIV.P. 193.1, TEX.R.CIV.P. 193.5(a). Page 4 <u>**A party who fails to disclose information concerning a nonparty witness in response to a discovery request may not offer the witness's testimony unless the court finds that there was good cause for the failure to timely make, amend, or supplement the discovery response or the failure to make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties. TEX.R.CIV.P. 193.6(a). The sanction for failure to comply with this rule is the "automatic and mandatory" exclusion from trial of the**</u>

**omitted evidence.** *Oscar Luis Lopez v. La Madeleine of Tex., Inc.,* <u>200 S.W.3d</u> <u>854</u>, <u>860</u> (Tex.App.-Dallas 2006, no pet.) (Emphasis added)

In Braniff Inc. v. Lentz, 748 S.W.2d 297,300 (Tex.App.-Ft. Worth 1988), this Court has also recognized the necessity of timely designation of witnesses in discovery and held the overruling of an objection to the witness by the trial court did not constitute a finding of good cause:

> Our supreme court has repeatedly held that if the identity and location of a person with knowledge is not disclosed, on proper request, the person may not testify at time of trial. *Morrow v. H.E.B., Inc.,* <u>714</u> <u>S.W.2d 297</u>, 297 (Tex. 1986); *Yeldell v.* Page 300 *Holiday Hills Retire. & Nursing Center,* <u>701 S.W.2d 243</u>, 247 (Tex. 1985).

For the reasons given above, this Petition for Mandamus should be granted and a Writ of Mandamus should issue to Hon. Melody Wilkinson, Judge of the 17th Judicial District Court of Tarrant County, Texas, to set aside her orders of November 19, 2014 denying Painina's Motions for Traditional and "No Evidence" Motions for Summary Judgment and to reconsider in accordance with this Courts Writ of Mandamus Panina's Traditional Motion For Summary Judgment and Plaintiff's "No Evidence" Motion For Summary Judgment, excluding any consideration of any evidence of witnesses, David Christensen and Ken Toler, who were not previously disclosed by the Defendant, Heather Village, LLC in response to the Requests For Disclosure in accordance with Texas Rules of Civil Procedure Rule 193.6(a) and further that the Hon. Judge Melody Wilkinson should be ordered to grant Panina's Motion for Traditional Motion for Summary Judgment on its sworn account since there was no proper sworn denial of sworn account under Texas Rules of Civil Procedure Rules 185 and 93(10) and to grant Panina's "No

**PETITION FOR MANDAMUS**

Evidence" Motion for Summary Judgment, since no admissible evidence was presented by Defendant Heather Village, LLC after excluding the affidavits of. David Christensen and Ken Tolar.

## ARGUMENT AND AUTHORITIES ON ISSUE NO. TWO

**ISSUE NUMBER TWO RESTATED:**

**DID THE TRIAL JUDGE ABUSE HER DISCRETION BY PERMITING DEFENDANT TO PRESENT A DEFENSE TO REALTOR'S SWORN ACCOUNT, PRECLUDED AS A MATTER OF LAW BY T.R.C.P. RULE 185 WHERE THE DEFENDANT'S AMENDED ANSWER DENYING THE ACCOUNT WAS NOT PROPERLY SWORN TO BY A WITNESS HAVING PERSONAL KNOWLEDGE AS REQUIRED BY T.R.C.P. RULE 93 (10) WITHOUT A SHOWING OF PERSONAL KNOWLEDGE IN THE AFFIDAVIT AND WHOSE AFFIDAVIT OPPOSING SUMMARY JUDGMENT SHOWED HE HAD NO PERSONAL KNOWLEDGE BUT ONLY HEARSAY INFORMATION?**

As stated previously, Panina also filed formal Exceptions to Defendant/Counter-Plaintiff's First Amended Original Answer and Counterclaim, Plaintiff further objects to Defendant/Counter-Plaintiff's First Amended Original Answer and Counterclaim, which is not a properly sworn to and does not comply with Rules 93 (10) and 185 of the Texas Rules of Civil Procedure. The Texas Supreme Court has repeatedly stated held that an affidavit is insufficient where it is not based upon personal knowledge. *Rizk v. Financial Guardian Ins. Agency, Inc.*, 584 SW2d 860, 862 (Tex. 1979) *Vance v. Holloway*, 689 SW2d 403, 404 (Tex. 1985) and *Humphreys v. Caldwell,* 888 SW2d 469, 470 (Tex. 1994). A showing of personal knowledge in the affidavit being denying the account is required. *Cantu v. Holiday Inns, Inc.*, 910 SW2d 113, 116 (Tex. Civ. App.-Corpus Christi, 1995, no

writ) It is also been held that a company officer who does not have personal knowledge of certain matters cannot deny them under oath since the matters would be hearsay to him. *Gorrell v. Tide Prods, Inc.,* 532 SW2d 390, 395 (Tex. Civ. App-Amarillo, 1975, no writ) In the instant case, Defendant/Counter-Plaintiff's First Amended Original Answer and Counterclaim is sworn to by David Christiansen, who signed his affidavit as a representative for Heather Village LLC, and is not officer nor a person that purports to have personal knowledge as to whether the sworn account is true or not, but simply says:

> "I have been granted to speak on the behalf of the shareholder(s)/owner(s) of Heather Village, LLC regarding the foregoing lawsuit. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged in the foregoing answer regarding the denial of the foregoing account, which is true and correct."

Mr. Christensen's statement in his affidavit that he "is acquainted with the facts" does not demonstrate any basis for personal knowledge, but merely confirms that he is **"acquainted with the facts alleged in the foregoing answer regarding the denial of the foregoing account."** The Texas Supreme Court has repeatedly held that an affidavit that does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true with in the affiant's personal knowledge is legally insufficient as a matter of law. *Brownlee v. Brownlee,* 665 SW 2d 111, 112 (Tex. 1984); *Burke v. Satterfield,* 525 SW.2d 950, 955(Tex. 1975).

In another case involving a denial of a sworn account, where the affiant was actually an officer of the defendant company, the court held that the representation that he had personal knowledge did not mean that he had sufficient personal knowledge of specific

items and services alleged to have been provided in this account and he could not properly denied them under oath since they would be hearsay to him. *Gorrell v. Tide Prods, Inc.*, supra at p. 395. Even where an attorney for a party in an affidavit denying a sworn account stated that "I have personal knowledge of the facts stated herein", was held the insufficient where nothing in the verification demonstrated a basis of the attorney's personal knowledge. *Hinojosa Auto v. Finishmaster*, ___SW2d___, (03-08-00361-CV (Tex. Civ. App-Austin, 12-12-2008).

There is no statement in the affidavit to Defendant/Counter-Plaintiff's First Amended Original Answer and Counterclaim that Mr. Christensen even has "personal knowledge" of anything to do with the account sued upon by Panina. There is absolutely nothing in the affidavit of Mr. Christensen, indicate that he has personal knowledge of specific items and services alleged to have been provided in the account sued upon by Panina Inc. against Heather Village LLC. Mr. Christensen is not even an officer of defendant corporation, nor is he a custodian of the records of Heather Village LLC, nor has he stated anything in his affidavit attached to Defendant/Counter-Plaintiff's First Amended Original Answer and Counterclaim to show that he personally had anything to do with the account involved to prove that he had personal knowledge of specific items and services alleged to have been provided in the account sued upon by Panina, but simply that he is a" representative of the owner", and generally that he is "acquainted with the facts", without stating the facts with which is acquainted. As a matter of law Mr. Christensen cannot deny

the account of Panina, Inc. under oath, since he has no personal knowledge other than hearsay information.

Because the Defendant's sworn written denial did not comply with Rules 93(10) and 185 of the Texas Rules of Civil Procedure, as a matter of law, Defendant Heather Village LLC is not permitted to deny the receipt of services or the correctness of charges of the sworn account filed by Plaintiff, Panina, Inc. See *Rizk v. Financial Guardian Ins. Agency, Inc.*, supra at 862 (Tex. 1979) *Vance v. Holloway*, supra at 404 (Tex. 1985) and *Humphreys v. Caldwell*, supra at 470 (Tex. 1994). The Court should further issue its writ of mandamus directing Hon. Judge Melody Wilkinson, not to consider any defense by Heather Village to the sworn account according to the provisions of Rule 185 of the Texas Rules of Civil Procedure.

### PRAYER

For the reasons given above, this Petition for Mandamus should be granted and a Writ of Mandamus should issue to Hon. Melody Wilkinson, Judge of the 17th Judicial District Court of Tarrant County, Texas, to set aside her orders of November 19, 2014 denying Painina's Motions for Traditional and "No Evidence" Motions for Summary Judgment and to reconsider in accordance with this Courts Writ of Mandamus Panina's Traditional Motion For Summary Judgment and Plaintiff's "No Evidence" Motion For Summary Judgment, excluding any consideration of any evidence of witnesses, David Christensen and Ken Toler, who were not previously disclosed by the Defendant, Heather Village, LLC in response to the Requests For Disclosure in accordance with Texas Rules

of Civil Procedure Rule 193.6(a) and further that the Hon. Judge Melody Wilkinson should be ordered to grant Panina's Motion for Traditional Motion for Summary Judgment on its sworn account since there was no proper sworn denial of sworn account under Texas Rules of Civil Procedure Rules 185 and 93(10) and to grant Panina's "No Evidence" Motion for Summary Judgment, since no admissible evidence was presented by Defendant Heather Village, LLC after excluding the affidavits of. David Christensen and Ken Tolar.

Respectfully submitted,

**LAW OFFICE OF JOHN P. KNOUSE**

**JOHN P. KNOUSE**
State Bar Number: 11624000
16970 North Dallas Parkway
Suite 110
Dallas, Texas 75248
(972) 380-1188 (Telephone)
(214) 367-5982 (Telecopier)
E-mail: knouselaw@yahoo.com

**ATTORNEY FOR RELATOR/PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on this _/_ day of January 2015, a true and correct copy of the above and foregoing Petition for Mandamus will be sent following filing by certified mail, return receipt requested to:

**Respondent:**    Hon. Judge Melody Wilkinson
Tim Curry Justice Center - 8th Floor
401 W. Belknap
Fort Worth, TX 76196
Tel: (Nancy Bentley, Coordinator (817)-884-1460
Fax:(Nancy Bentley, Coordinator Unknown

**Defendant's Counsel**    Lane Addison
SBOT No. 2509355
Henley & Henley, P.C.
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
E-mail:raddison@henleylawpc.com
Tel: (214) 821-0222
Fax: (214) 821-0124

_____
JOHN P. KNOUSE

## VERIFICATION OF PETITION FOR MANDAMUS
## UNDER T.R.A.P. RULE 52.3(j)

THE STATE OF TEXAS §
§
COUNTY OF DALLAS §

BEFORE ME, the undersigned authority on this day personally appeared, JOHN P. KNOUSE, who, being by me duly sworn, upon his oath stated he is the Attorney for Relator, PANINA, INC d/b/a JA CONSTRUCTION SERVICES, and certifies as required by T.R.A.P. Rule 52.3(j) that he has read and reviewed the Petition for Writ of Mandamus of Relator, and has concluded that every factual statement in the Petition for Writ of Mandamus is supported by competent evidence included in the appendix or record. This Affidavit is made for attachment to the Petition for Writ of Mandamus of Relator, PANINA, INC d/b/a JA CONSTRUCTION SERVICES, made pursuant to T.R.A.P. Rule 52.3(j).

_____
JOHN P. KNOUSE

SWORN TO AND SUBSCRIBED BEFORE ME, this the _5_ day of January, 2015, to which witness my hand and seal of office.



ANN MARIE GADBERRY
My Commission Expires
October 2, 2016

_____
Notary Public in and for the State of Texas

PETITION FOR MANDAMUS

# APPENDIX

Plaintiff's Motion for Traditional Summary Judgment...........................Exhibit A

Plaintiff's Motion for "No Evidence" Summary Judgment ......................Exhibit B

Defendant's Response to Plaintiff's Motion for Traditional
Summary Judgment...............................................................Exhibit C

Defendant's Response to Plaintiff's Motion for "No Evidence"
Summary Judgment...............................................................Exhibit D

Plaintiff's Requests For Disclosure...........................................Exhibit E

Defendant's Response to Plaintiff's Requests For Disclosure..............Exhibit F

Defendant's Original (unsworn) Answer and Counterclaim...............Exhibit G

Defendant's First Amended Original
Answer and Counterclaim......................................................Exhibit H

Plaintiff's Objections and Reply to Defendant's Responses To
Plaintiffs Motions For Summary Judgment................................Exhibit I

Plaintiff's Exceptions to Defendant's First Amended Original
Answer and Counterclaim......................................................Exhibit J

Plaintiff's Supplemental Brief on TRCP Rule 193.6 (a) Providing
Mandatory Exclusion of Evidence By Unidentified Witnesses...........Exhibit K

Copies of Clerk's Record of Docket Sheet and Transaction List..........Exhibit L

Certified Copies of Orders Denying Plaintiff's Traditional
Motion for Summary Judgment and Plaintiff's. "No Evidence"
Motion for Summary Judgment.................................................Exhibit M

EXHIBIT "A"

**PLAINTIFF'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT**

| PANINA, INC d/b/a | § | IN THE 17th JUDICIAL |
|---|---|---|
| JA CONSTRUCTION SERVICES | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| HEATHER VILLAGE, LLC. , D/B/A | § | |
| THE HEATHER VILLAGE | § | |
| APARTMENTS | § | |
|     Defendant | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT

NOW COMES, Plaintiff **PANINA, INC d/b/a JA CONSTRUCTION SERVICES** ("Panina") and files its Traditional Motion for Summary Judgment against Defendant **HEATHER VILLAGE, LLC. d/b/a THE HEATHER VILLAGE. APARTMENTS** ("Heather Village"), and would show unto the Court the following:

### I.
### FACTUAL BACKGROUND

Plaintiff, **PANINA** filed suit against Defendant, **HEATHER VILLAGE**, based upon a sworn account, and, in the alternative, for breach of contract, unjust enrichment, and quantum meruit, based upon the following facts:

A.    On October 11, 2012, the Defendant, **HEATHER VILLAGE, LLC**, by and through its agents and representatives, Sungate Management, Inc. , located at 9550 Skillman Street, Ste. 210, Dallas, Texas, signed and accepted on November 14, 2012, entered into a written contract with Plaintiff, **PANINA, INC. d/b/a JA CONSTRUCTION SERVICES,** requesting Plaintiff to perform wood replacement

---

and exterior paint repairs to Defendant's property, known as **THE HEATHER VILLAGE APARTMENTS**, located at 6000 Boca Raton in Fort Worth, Tarrant County, Texas 75112 for a total sum of $46,000.00. See Exhibit "A"-Affidavit of Susan Briggeman- Exhibit 1. .

B.      Under the terms and conditions of the written contract 50% of the total contract price in the sum of $23,000.00 was due and payable upon delivery of the materials and commencement of work at the apartment building located at 6000 White Dove Drive in Fort Worth, Texas for which Plaintiff submitted its invoice No. 1115201202 on November 15, 2012. See Exhibit "A"-Affidavit of Susan Briggeman- Exhibit 2. Furthermore under the terms and conditions of the written contract the remaining 50% of the total contract price in the sum of $23,000.00 was due and payable upon completion of the renovation work at the apartment building located at 6000 White Dove Drive in Fort Worth, Texas for which Plaintiff submitted its invoice No. 1115201203 on November 15, 2012. See Exhibit "A"-Affidavit of Susan Briggeman- Exhibit 3.

C.      After performing the renovation work requested, Defendant agreed to a change order requesting Plaintiff to further provide additional labor and materials in repairs to the apartment building located at 6000 White Dove Drive in Fort Worth, Texas, which were provided by the Plaintiff at Defendant's special instance and request in the additional sum of $5,200.00 as specified in the Plaintiff invoice No. 1122201201 on November 22, 2012. See Exhibit "A"-Affidavit of Susan Briggeman - Exhibit 4.

**D.** The total reasonable value of all of the services, labor, and materials furnished by the Plaintiff at the request of Defendant is the sum of $51,200.00.which services were specified in the written contract and are also itemized in the invoices attached to the Affidavit of Susan Briggeman as Exhibits 1, 2, 3, and 4. Defendant has made no payments toward for the labor and materials ordered by it, and there is a balance due and owing of the full amount of $51,200.00. See Exhibit "A"-Affidavit of Susan Briggeman.

**E.** Although Plaintiff has on numerous occasions made demand for payment by Defendant for the balance due, Defendant has failed and refused to pay Plaintiff the past due balance for the additional services ordered or any part of it, to Plaintiff's damage in the total sum of $51,200.00. See Exhibit "A"-Affidavit of Susan Briggeman.

**F.** A written demand letter requesting payment of the full amount of $51,200.00 was sent by Plaintiff's Director of Operations, Ofer Abramov and Susan Briggeman, Plaintiff's President to Defendant's agent, Sungate Management, Inc. on January 18, 2013, which is attached hereto as Exhibit "5" and which is incorporated herein by reference for all purposes. See Exhibit "A"-Affidavit of Susan Briggeman.

**G.** Plaintiff performed the services rendered to Defendant at Defendant's request. In addition, Defendant accepted, and has used and enjoyed the services provided by Plaintiff, in that Defendant has kept and is using the improvements to its property made by Plaintiff, which Defendant acknowledges and for which it has offered only to pay the costs of materials. Under these circumstances, Defendant had, or should

have had, reasonable notice that Plaintiff expected that Defendant would pay Plaintiff for the services Plaintiff performed for Defendant. Defendant has been unjustly and unfairly enriched, in that Defendant has benefitted by the services performed on its behalf by Plaintiff, but fails and refuses to pay Plaintiff for the reasonable value of those services and materials provided, which Plaintiff alleges to be in the sum of $51,200.00. See Exhibit "A"-Affidavit of Susan Briggeman.

H. On February 5, 2013, Plaintiff sent a notice of its claim to Defendant, **HEATHER VILLAGE, LLC,** by certified mail, return receipt requested, advising Defendant that a lien would be filed and making a demand for payment of balance due and owing in the sum of $51,200.00 for the repairs, painting and other services performed at the request of Defendant, **HEATHER VILLAGE, LLC,** prior to the filing an Affidavit for a Mechanic's Lien. See Exhibit "A"-Affidavit of Susan Briggeman-Exhibit "6".

I. After no payment was made by the Defendant, **HEATHER VILLAGE, LLC,** on February 21, 2013, Plaintiff filed an Affidavit for a Mechanic's Lien for the labor performed and materials furnished on the behalf of Defendant, **HEATHER VILLAGE, LLC,** for wood replacement, repairs, painting, labor and materials furnished to its property known as the **HEATHER VILLAGE APARTMENTS** commencing in October, 2012 for the total amount of $51,200.00. See Exhibit "A"-Affidavit of Susan Briggeman-Exhibit "7".

## II.
## SUMMARY JUDGMENT EVIDENCE

In support of its Traditional Motion for Summary Judgment, Plaintiff, **PANINA** relies upon the pleadings and summary judgment evidence on file at the time of the hearing and, in specific, the following summary judgment evidence: (1) Exhibit "A"-Affidavit of Susan Briggeman and the attachments thereto; (2) Exhibit "B" Affidavit of John P. Knouse, Attorney at Law. In addition, Defendant, Heather Village has failed to deny the sworn account cause of action which was the foundation of Plaintiff's suit, supported by an affidavit under oath as required by TRCP Rule 93(10). See Exhibit "C"-Defendant's unsworn Original Answer and Counterclaim. Having failed to file a written denial under oath as require by the Texas Rules of Civil Procedure, under TRCP Rule 185, the Defendant is not permitted to deny the claim or any item therein.

## III.
## ARGUMENTS AND AUTHORITIES

### A.    THE SUMMARY JUDGMENT MOTION STANDARDS.

In a traditional summary judgment motion, the movant must show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548-49 (Tex.1985). All reasonable inferences and any doubts are resolved in favor of the non-movant. *Nixon,* 690 S.W.2d at 549. Once the movant establishes a right to summary judgment, the burden shifts to the non-movant to present evidence raising a genuine issue of material fact. See *Casso v. Brand,* 776 S.W.2d 551, 556 (Tex. 1989).

## 1. Plaintiff is Entitled to Summary Judgment on Its Suit for Sworn Account as a Matter of Law.

The essential elements for proof of a sworn account are generally (1) the sale and delivery of the merchandise or performance of the services and (2) that the amount of such account is just and that the prices charged are in accordance with an express agreement or, in the absence of such express agreement, that they are usual, customary or reasonable. *Opryshek v. McKesson & Robbins, Inc.,* 367 S.W.2d 357 (Tex.Civ.App.-Dallas 1963, no writ); *Marr v. Craddock,* 406 S.W.2d 278 (Tex.Civ.App.-Tyler 1966, no writ); *Parker v. Center Grocery Company,* 387 S.W.2d 903 (Tex.Civ.App.-Tyler, 1965, no writ); *Brooks v. Eaton, Yale & Towne, Inc.,* 474 S.W.2d 321 (Tex.Civ.App.-Waco 1971, no writ); *Blue Bell, Inc. v. Isbell,* 545 S.W.2d 563 (Tex.Civ.App.-El Paso 1976, no writ).

Plaintiff, **PANINA** has presented summary judgment evidence to the Court as to each and every element required by Texas law for proof of a sworn account. There is no genuine issue of material fact as to any element of Plaintiff's cause of action for sworn account and to Defendants' liability therefore. Plaintiff is therefore entitled to summary judgment on its suit for sworn account.

In specific, Plaintiff, **PANINA,** has provided summary judgment evidence of:

(1) On October 11, 2012, the Defendant, **HEATHER VILLAGE, LLC,** by and through its agents and representatives, Sungate Management, Inc. , located at 9550 Skillman Street, Ste. 210, Dallas, Texas, signed and accepted on November 14, 2012, entered into a written contract with Plaintiff, **PANINA, INC. d/b/a JA**

**CONSTRUCTION SERVICES,** requesting Plaintiff to perform wood replacement and exterior paint repairs to Defendant's property, known as **THE HEATHER VILLAGE APARTMENTS,** located at 6000 Boca Raton in Fort Worth, Tarrant County, Texas 75112 for the agreed price of $46,000.00, which were also reasonable and customary charges for the work done. See Exhibit "A"-Affidavit of Susan Briggeman-Exhibit 1.

(2)    Plaintiff submitted its invoice No. 1115201202 on November 15, 2012 at the commencement of the work per the contract for $23,000 and under the terms and conditions of the written contract the remaining 50% of the total contract price in the sum of $23,000.00, was due and payable upon completion of the renovation work for which Plaintiff submitted its invoice No. 1115201203 on November 15, 2012. See Exhibit "A"-Affidavit of Susan Briggeman- Exhibits 2 and 3. After performing the renovation work requested, Defendant agreed to a change order requesting Plaintiff to further provide additional labor and materials in repairs to the apartment building located at 6000 White Dove Drive in Fort Worth, Texas, which were provided by the Plaintiff at Defendant's special instance and request in the additional sum of $5,200.00 as specified in the Plaintiff invoice No. 1122201201 on November 22, 2012. See Exhibit "A"-Affidavit of Susan Briggeman - Exhibit 4.

(3)    The total reasonable value of all of the services, labor, and materials furnished by the Plaintiff at the request of Defendant is the sum of $51,200.00 which services were specified in the written contract  and are also itemized in the invoices

attached to the Affidavit of Susan Briggeman as Exhibits 1, 2, 3, and 4. Defendant has made no payments toward for the labor and materials ordered by it, and there is a balance due and owing of the full amount of $51,200.00. See Exhibit "A"-Affidavit of Susan Briggeman.

(4) Although Plaintiff has on numerous occasions made demand for payment by Defendant for the balance due, Defendant has failed and refused to pay Plaintiff the past due balance for the additional services ordered or any part of it, to Plaintiff's damage in the total sum of $51,200.00, after all just and lawful offsets, credits and payments have been allowed. See Exhibit "A"-Affidavit of Susan Briggeman.

(5) A written demand letter requesting payment of the full amount of $51,200.00 was sent by Plaintiff's Director of Operations, Ofer Abramov and Susan Briggeman, Plaintiff's President to Defendant's agent, Sungate Management, Inc. on January 18, 2013, which is attached hereto as Exhibit "5" and which is incorporated herein by reference for all purposes. See Exhibit "A"-Affidavit of Susan Briggeman

(6) Plaintiff, **PANINA** has sued for attorney's fees as provided by Section 38.001 et seq., of the Texas Civil Practices and Remedies Code. The written demand dated January 18, 2013, was sent more than thirty days prior to the filing of the lawsuit on May 29, 2013. The supporting affidavit of John P. Knouse, Attorney at Law, is attached, stating that the reasonable fees charges by him to the present date is the sum of $11,710.00, for preparation and prosecution of the lawsuit. See Exhibit "B"- Affidavit of John P. Knouse, Attorney at Law. Mr. Knouse further states in his affidavit that in

the event of an appeal to the Court of Appeals by any party, a reasonable fee would be the sum of $10,000, and in the event a Petition for Review was filed by any party to the Texas Supreme Court, that a reasonable fee for handling the matter would be the sum of $10,000, for all of which Plaintiff, **PANINA** has requested judgment against Defendants.

In addition as stated previously, Defendant, Heather Village failed to deny the sworn account cause of action, which was the foundation of Plaintiff's suit, supported by an affidavit under oath as required by TRCP Rule 93 (10). See Exhibit "C"-The suit for sworn account was properly supported by an affidavit by Susan Briggeman, swearing that such claim was, within her knowledge, just and true, that was due and that all just and lawful offsets, payments and credits had been allowed. See TRCP Rule 185, the Plaintiff's Original Petition on file, Exhibit "A"-Affidavit of Susan Briggeman, and Exhibit "C" -Defendant's unsworn Original Answer and Counterclaim. Having failed to file a written denial under oath as require by the Texas Rules of Civil Procedure, under TRCP Rule 185, the Defendant is not permitted to deny the claim or any item therein, which provided in applicable part:

**Rule 185. Suit on Account.**

"When any action or defense is founded upon an open account or other claim goods, wares and merchandise, including any claim for a liquidated monetary demand based upon a written contract or founded business dealings between parties, or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been, and is supported by the affidavit of party, his agent or attorney taken for some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true,

that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof **unless party resisting such claim shall file a written denial, under oath. A party resisting such a sworn claim shall comply with the rules pleading as are required in the other kind of suit, provided, however that if he is not timely file a written denial, under oath, he shall not be permitted to deny the claim, or any item therein, as case may be....**" (emphasis added)

By reason of the foregoing, Plaintiff, **PANINA** is entitled to judgment as a matter of law against Defendants for the sum of $51,200.00, plus reasonable attorney's fees as set out in the attached affidavit and for pre-judgment and post judgment interest as provided by law. In the alternative, Plaintiff, **PANINA** has pled for judgment by reason of a breach of contract by Defendant, **HEATHER VILLAGE**, unjust enrichment by reason of the Defendants benefiting from the labor and services of Plaintiff, **PANINA** in perform wood replacement and exterior paint repairs to Defendant's property or in the alternative under quantum meruit by reason of Plaintiff, **PANINA** delivering valuable services and goods to the Defendants which were accepted by the Defendants who have enjoyed the use and benefit of the wood replacement and exterior paint repairs to Defendant's property by Plaintiff, **PANINA**. Under the alterative pleadings, Plaintiff, **PANINA** is entitled to recover the reasonable value of its labor and materials in the sum of $51,200.00.

## 2. Plaintiff is Entitled to Summary Judgment on Its Suit to Foreclose its Mechanic's Lien, as a Matter of Law.

To perfect a Mechanic's Lien, a contractor is s required to sign an affidavit with specified contents, *see* Tex. Prop. Code Ann. § 53.054 timely file the affidavit with the county clerk, *see id.* § 53.052(a), and provide notice of the filed affidavit to the property owner and the original contractor, and to provide prior notice of the unpaid balance to the property owner and the original contractor. *See id.* § 53.056. *Ready Cable Inc. v. R JP Southern Comfort Homes Inc.,* 295 S.W. 3d 763,765 (Tex App- [Third Dist] Austin, 2009). It is well settled that the mechanic's and materialman's lien statutes are to be liberally construed for the purpose of protecting laborers and materialmen. *First Nat'l Bank v. Whirlpool Corp.,* 517 S.W.2d 262, 269 (Tex.1974). Generally, for purposes of perfecting the lien, only substantial compliance is required in order to fulfill the statutory requirements. *Occidental Neb. Fed. Sav. Bank v. East End Glass Co.,* 773 S.W.2d 687, 688 (Tex.App.-San Antonio 1989, no writ); *see* Tex. Prop. Code Ann. § 53.054(a). In addition, courts have been more willing to excuse a mistake or omission in cases where no party is prejudiced by the defect. *Mustang Tractor & Equip. Co. v. Hartford Accident & Indem. Co.,* 263 S.W.3d 437, 441 (Tex.App.-Austin 2008, pet. denied); *Richardson v. Mid-Cities Drywall, Inc.,* 968 S.W.2d 512, 515 (Tex.App.- Texarkana 1998, no pet.) (" Substantial compliance is shown to exist where no one has been misled to his prejudice").

The summary judgment evidence attached shows Plaintiff fully complied with the statutory provisions of the Texas Property Code to perfect a Mechanics Lien on the Heather Village Apartments property belonging to Defendant, **HEATHER VILLAGE, LLC.** Plaintiff sent a notice of its claim to Defendant, **HEATHER VILLAGE, LLC,** the owner of the Heather Village Apartments, who contracted for the work, on February 5, 2013, by certified mail, return receipt requested, advising Defendant that a lien would be filed and making a demand for payment of balance due and owing in the sum of $51,200.00 for the repairs, painting and other services performed at the request of Defendant, **HEATHER VILLAGE, LLC,** as required by Tex. Prop. Code § 53.055, prior to the filing an Affidavit for a Mechanic's Lien. See Exhibit "A"-Affidavit of Susan Briggeman-Exhibit "6". After no payment was made by the Defendant, **HEATHER VILLAGE, LLC,** on February 21, 2013, Plaintiff timely filed an Affidavit for a Mechanic's Lien for the labor performed and materials furnished on the behalf of Defendant, **HEATHER VILLAGE, LLC,** for wood replacement, repairs, painting, labor and materials furnished to its property known as the **HEATHER VILLAGE APARTMENTS** for the total amount of $51,200.00 as required by as required by Tex. Prop. Code § 53.052. See Exhibit "A"-Affidavit of Susan Briggeman-Exhibit "7".

For the foregoing reasons, Plaintiff is entitled to a judgment foreclosing its Mechanics Lien on the Heather Village Apartments property belonging to Defendant, **HEATHER VILLAGE, LLC.**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **PANINA** requests that this matter be set for a hearing on the same date as trial, to wit: October 20, 2014, and that upon completion of the hearing, the Court grant in all things the Motion for Traditional Summary Judgment filed by Plaintiff **PANINA, INC d/b/a JA CONSTRUCTION SERVICES** in that Court enter a summary judgment in favor of Plaintiff **PANINA, INC d/b/a JA CONSTRUCTION SERVICES** against Defendant **HEATHER VILLAGE, LLC, d/b/a THE HEATHER VILLAGE. APARTMENTS,** in the sum of $51,200.00, plus all reasonable attorney's fees attorney's fees incurred by Plaintiff in prosecuting in defending the lawsuit, as well as for attorney's fees in the event of an appeal to the Court of Appeals and in the event of a petition for review to the Supreme Court of Texas, plus all costs court incurred, as well as for a judgment foreclosing its Mechanic's Lien on the Heather Village Apartments property belonging to Defendant, **HEATHER VILLAGE, LLC** for payment of the full amount of the judgment attorney's fees and costs court and that the Court grant Plaintiff, **PANINA** such other and further relief, to which Plaintiff, **PANINA** may be justly entitled.

Respectfully submitted,
LAW OFFICE OF JOHN P. KNOUSE

_____
JOHN P. KNOUSE
State Bar Number: 11624000
16970 N. Dallas Parkway
Bldg 300
Dallas, Texas 75248
(972) 380-1188 (Telephone)
(214) 367-5982 (Telecopier)
E-mail: knouselaw@yahoo.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on this _26th_ day of September, 2014, a true and correct copy of

the foregoing was served upon Defendant by facsimile to (214) 812– 0124 sent to Mr. R. Lane

Addison Esq., of Henley and Henley PC, Attorneys At Law, 3300 Oak Lawn Ave., Suite 700,

Dallas, Texas 75219, Attorneys of Record for Defendant as required by T.R.C.P. Rule 21a.

_____
JOHN P. KNOUSE

# FIAT

**IT IS ORDERED** that the hearing on Plaintiff's Traditional Motion For Summary Judgment be in the same, are hereby set for hearing on the ___ day of _____ 2014, at __ o'clock __.m., in the courtroom of the _____ District Court of Tarrant County, Texas

**SIGNED** this ___ day of _____, 2014.

_____
**JUDGE PRESIDING**

EXHIBIT "A"

Affidavit of Susan Briggeman, President of

Plaintiff, Panina, Inc. d/b/a JA Construction Services

| | | |
|---|---|---|
| **PANINA, INC d/b/a** | § | **IN THE 17th JUDICIAL** |
| **JA CONSTRUCTION SERVICES** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **DISTRICT COURT OF** |
| | § | |
| **HEATHER VILLAGE, LLC. , D/B/A** | § | |
| **THE HEATHER VILLAGE** | § | |
| **APARTMENTS** | § | |
| **Defendant** | § | **TARRANT COUNTY, TEXAS** |

## AFFIDAVIT OF SUSAN BRIGGEMAN IN SUPPORT OF PLAINTIFF'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF DALLAS** | § |

SUSAN BRIGGEMAN, who, being by me duly sworn, upon my oath deposed and stated as follows:

1. My name is **SUSAN BRIGGEMAN** and I am the President of Plaintiff, **PANINA, INC d/b/a JA CONSTRUCTION SERVICES.** In my capacity as its president, I have authority to make this affidavit on the behalf of **PANINA, INC d/b/a JA CONSTRUCTION SERVICES.** I am over twenty-one years of age, have never been convicted of a felony, and I have personal knowledge of each and every statement made in this my affidavit, which statements are true and correct. I have been in the business of remodeling construction for over 20 years, and I am familiar with the reasonable and customary charges for the work involved in this matter in Tarrant County, Texas.

2. On October 11, 2012, the Defendant, **HEATHER VILLAGE, LLC,** ("Heather Village") by and through its agents and representatives, Sungate Management, Inc., located at 9550 Skillman Street, Ste. 210, Dallas, Texas, signed and accepted on November 14, 2012, entered into a written contract with Plaintiff, **PANINA, INC. d/b/a JA CONSTRUCTION SERVICES,** ("Panina') requesting Plaintiff, **PANINA,** to perform wood replacement and exterior paint repairs to Defendant's property, known as **THE**

**HEATHER VILLAGE APARTMENTS**, located at 6000 Boca Raton in Fort Worth, Tarrant County, Texas 75112 for a total sum of $46,000.00. A true copy of the written contract of the parties is attached to my affidavit and is designated as Exhibit 1.

3. Under the terms and conditions of the written contract 50% of the total contract price in the sum of $23,000.00 was due and payable upon delivery of the materials and commencement of work at the apartment building located at 6000 White Dove Drive in Fort Worth, Texas for which Plaintiff, **PANINA** submitted its invoice No. 1115201202 on November 15, 2012, a true copy of which invoice is attached to my affidavit and is designated as Exhibit 2. Furthermore under the terms and conditions of the written contract the remaining 50% of the total contract price in the sum of $23,000.00 was due and payable upon completion of the renovation work at the apartment building located at 6000 White Dove Drive in Fort Worth, Texas for which Plaintiff, **PANINA** submitted its invoice No. 1115201203 on November 15, 2012, a true copy of which invoice is attached to my affidavit and is designated as Exhibit 3.

4. After performing the renovation work requested, Defendant **HEATHER VILLAGE** agreed to a change order, requesting Plaintiff to further provide additional labor and materials in repairs to the apartment building located at 6000 White Dove Drive in Fort Worth, Texas, which were provided by the Plaintiff, **PANINA** at Defendant **HEATHER VILLAGE**'s special instance and request in the additional sum of $5,200.00 as specified in its invoice No. 1122201201 on November 22, 2012, a true copy of the invoice for the additional labor and materials is attached to my affidavit and designated as Exhibit 4.

5. The total reasonable value of all of the services, labor, and materials furnished by the Plaintiff, **PANINA** at the request of Defendant **HEATHER VILLAGE** is the sum of $51,200.00, which services were specified in the written contract and in the additional change order, also itemized in the invoices attached to my affidavit, as Exhibits 1, 2, 3, and 4. Defendant **HEATHER VILLAGE** has made no payments toward for the labor and materials ordered by it, and there is a balance due and owing of the full amount of $51,200.00.

6. Although Plaintiff, **PANINA** has on numerous occasions made demand for payment by Defendant **HEATHER VILLAGE** for the balance due, Defendant **HEATHER VILLAGE** has failed and refused to pay Plaintiff,

**PANINA** the past due balance for the additional services ordered or any part of it, to Plaintiff's damage in the total sum of $51,200.00.

7. A written demand letter requesting payment of the full amount of $51,200.00 was sent by Plaintiff, **PANINA**'s Director of Operations, Ofer Abramov and myself to Defendant **HEATHER VILLAGE**'s agent, Sungate Management, Inc. on January 18, 2013, which is attached to my affidavit as Exhibit "5".

8. Plaintiff, **PANINA** performed the services rendered to Defendant **HEATHER VILLAGE** at its request. In addition, Defendant **HEATHER VILLAGE** accepted, and has used and enjoyed the services provided by Plaintiff, **PANINA**, and has kept and is using the improvements to its property made by Plaintiff, which Defendant **HEATHER VILLAGE** acknowledges and for which it has offered only to pay the costs of materials. Under these circumstances, Defendant **HEATHER VILLAGE** had, or should have had, reasonable notice that Plaintiff, **PANINA** expected that Defendant **HEATHER VILLAGE** would pay it for the services which Plaintiff, **PANINA** performed for Defendant. Defendant **HEATHER VILLAGE** has been unjustly and unfairly enriched, in that Defendant **HEATHER VILLAGE** has benefitted by the services performed on its behalf by Plaintiff, **PANINA**, but has failed and refused and still fails and refuses to pay Plaintiff, **PANINA** for the reasonable value of those services and materials provided, which Plaintiff, **PANINA** alleges to be in the sum of $51,200.00 and for which Plaintiff, **PANINA** seeks judgment against Defendant **HEATHER VILLAGE**.

9. On February 5, 2013, Plaintiff, **PANINA** sent a notice of its claim to Defendant, **HEATHER VILLAGE** by certified mail, return receipt requested, advising Defendant that a lien would be filed and making a demand for payment of balance due and owing in the sum of $51,200.00 for the repairs, painting and other services performed at the request of Defendant, **HEATHER VILLAGE**, prior to the filing an Affidavit for a Mechanic's Lien, a true copy of which notice is attached to my affidavit as Exhibit "6".

10. After no payment was made by the Defendant, **HEATHER VILLAGE** on February 21, 2013, Plaintiff, **PANINA** timely filed an Affidavit for a Mechanic's Lien for the labor performed and materials furnished on the behalf of Defendant, **HEATHER VILLAGE** for wood replacement, repairs, painting, labor and materials furnished to its property, known as the

HEATHER VILLAGE APARTMENTS, for the total amount of $51,200.00, a true copy of which Affidavit for Mechanic's Lien is attached to my affidavit as Exhibit "7". Foreclosure of the Mechanic's Lien is sought by Plaintiff, **PANINA.**

11. As stated, the charge of $51,200.00, to perform wood replacement and exterior paint repairs to Defendant's property was agreed and was also the usual, customary and reasonable charges to perform the wood replacement and exterior paint repairs done to Defendant's property in Tarrant County, Texas. The labor and materials furnished would not have been furnished but for the written agreement of the parties and the specific authorization and request of Defendant **HEATHER VILLAGE.** No written or oral warranties were ever made by any agent representative of Plaintiff, **PANINA** as to work performed. No warranties have been paid for by Defendant **HEATHER VILLAGE.**

12. Pursuant to the terms of the written contract and the change order, Plaintiff, **PANINA.** has fully performed all obligations and conditions precedent. Despite demand for payment being made, have refused and continue to fail or refuse to perform according to the terms of the agreement and has caused actual damages to Plaintiff, **PANINA.** Plaintiff, **PANINA**'s claim is for liquidated money damages based upon an agreement founded upon business dealings between the parties of which a systematic record has been kept.

13. I am the custodian of the records for Plaintiff, **PANINA, INC.** Attached to my affidavit is a true and correct copy of the written contract between Plaintiff, **PANINA, INC.** and, which is designated as Exhibit "1". Also attached to my affidavit are true and correct copies of invoices of Plaintiff, **PANINA, INC.** submitted to Defendant **HEATHER VILLAGE,** designated as Exhibits 2, 3,and 4. Also attached to my affidavit is a true and correct copy of a demand letter for payment sent to Defendant **HEATHER VILLAGE,** dated on January 18, 2013, which is designated as Exhibit "5". Also attached to my affidavit is a true and correct copy of a notice that was sent by certified mail to Defendant **HEATHER VILLAGE** on February 5, 2013, prior to filing an affidavit for mechanics lien, which is designated as Exhibit "6". I have also attached to my affidavit a copy of the Affidavit for Mechanic's Lien filed on February 21, 2013, which is designated as Exhibit "7". Each of such records were kept by Plaintiff, **PANINA, INC.** in the regular course of business. It was the regular course of the business of Plaintiff, **PANINA, INC.** for it or an officer, director, employee or representative of Plaintiff, **PANINA, INC.**

with personal knowledge of the act, event or condition recorded to make the records and to transmit or receive information thereof to be included in such records. Each of such records attached hereto, were made or received at or near the time of the act, event or condition recorded or reasonably soon thereafter. Each copy attached hereto as Exhibits "1 through 7" are exact duplicated of the original record and each copy was made or received under my personal supervision."

14. Defendant **HEATHER VILLAGE** defaulted by not making payment on the account. The principal balance due to Plaintiff, **PANINA** of the account is $51,200.00, after all just and lawful offsets, credits, and payments have been allowed. Plaintiff, **PANINA** Plaintiff, **PANINA** sent a written demand for payment to the Defendant **HEATHER VILLAGE** on January 18, 2013, attached hereto as Exhibit "6", but the Defendant **HEATHER VILLAGE** has failed to pay the account in whole or in part."

15. Plaintiff, **PANINA** has retained the services of John P. Knouse, Attorney at Law, to enforce the rights between the parties and is entitled to recover reasonable and necessary attorney's fees. Plaintiff, **PANINA** also presented a written demand more than thirty (30) days prior to filing suit as required by Chapter 38 of the Texas Civil Practice and Remedies Code. Prior to filing this Motion for Traditional summary judgment, Plaintiff, **PANINA** has paid reasonable and necessary attorney's fees of $6,860.00, which fees do not include the additional attorney's fees incurred in filing a "No Evidence" Motion For Summary Judgment in regard to the counterclaim filed by Defendant, **HEATHER VILLAGE,** nor the attorney's fees involved in preparing and filing the Traditional Motion For Summary Judgment for the hearing thereon. Plaintiff, **PANINA** requests that a judgment for all of the reasonable and necessary attorney's fees it has incurred for preparation and trial of this case in the amount and additional attorney's fees in the event of an appeal or other proceedings before the Court of Appeals or the Supreme Court of Texas."

SUSAN BRIGGEMAN

**SWORN TO AND SUBSCRIBED TO BEFORE ME**, this the ___ day of September, 2014.



Rachel Panina Abramov

RACHEL PANINA ABRAMOV
Notary Public, State of Texas
My Commission Expires
January 13, 2015

**NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS**

**EXHIBIT "1"**





Renovation Specialties          Commercial          Multi-Family & Industrial

October 11, 2012

Attn: Jody Blankenbaker
Walter Fingleman
Sungate Property Management
9550 Skillman St.
Ste. 210
Dallas TX 75243

Re:    Exterior Renovations on 6000, 6009 and 6013 White Dove
       Heather Village Apts.
       6000 Boca Raton Blvd.
       Fort Worth TX  76112

**J.A. CONSTRUCTION SERVICES WILL FURNISH ALL LABOR, MATERIAL AND INSURANCE NECESSARY TO PERFORM THE FOLLOWING ON THE ABOVE REFERENCED PROJECT.**

**Bldg. at 6000 White Dove**

- Remove and replace 10,000 lf of damaged siding with Hardie Cemplank
  $28,400.00

- Install 3,000 lf of 1 x 8 lap and gap cedar
  $10,500.00

- Perform all necessary framing and close off 6 exterior closets
  $1,200.00

- Remove and replace 7 sheets of 4 x 8 soffit
  $525.00

- Remove and replace 1,782 lf of misc. trim – 1 x 2, 1 x 6, 1 x 4, 1 x 8, etc.
  $5,375.00

- Paint exterior to match buildings newly painted

  *Cost for Building 6000: $46,000.00*

**Bldg. at 6009 White Dove**

- Remove and replace 8,000 lf of damaged siding with Hardie Cemplank
  $21,680.00

- Install 2,000 lf of 1 x 8 lap and gap cedar
  $7,000.00



Renovation Specialties          Commercial          Multi-Family & Industrial

- Perform all necessary framing and close off 4 exterior closets
  $800.00

- Remove and replace 6 sheets of 4 x 8 soffit
  $450.00

- Remove and replace 4,000 lf of misc. trim – 1 x 2, 1 x 6, 1 x 4, 1 x 8,etc.
  $12,070.00

- Paint exterior to match buildings newly painted

*Cost for Building 6009: $42,000.00*

### Bldg. 6013 White Dove

- Remove and replace 12,000 lf of damaged siding with Hardie Cemplank
  $32,475.00

- Remove and replace 3,000 lf of 1 x 8 lap and gap cedar
  $10,500.00

- Perform framing needed to close off 12 exterior closets
  $2,400.00

- Remove and replace 3,000 lf of misc. trim – 1 x 2, 1 x 6, 1 x 4, 1 x 8,etc.
  $7,500.00

- Remove and replace 15 sheets of 4 x 8 soffit material
  $1,125.00

- Paint exterior to match buildings newly painted

*Cost for Bldg. 6013: $34,000.00*

*Total Investment: $142,000.00*

**Protection:**

All precautions will be taken to protect property and landscaping. All areas will be cleaned upon completion of work each day. We will provide a storage container on property to secure our materials. All employees on the job-site will be uniformed and supervised.

5421 Aloha Road * Suite 100 * Dallas, TX 75240 * (972)-392-1669 * Fax: (972)-392-1909



Renovation Specialties        Commercial        Multi-Family & Industrial

**Terms:**

Progress and material draws to be arranged upon Owner acceptance of proposal. Wood replacement shall carry a one year labor warranty and the Manufacturer's warranty. The warranty on painting will be three years on labor and five on the products. The warranty shall commence upon completion of work and is non-transferable upon changes in Ownership or Management. The warranty covers against material failure. The warranty does not cover surface abuse, neglect, sprinkler damage, moisture or Acts of God.

**Payments:**

JA requires that a down payment of 50% be made upon delivery of materials and commencement of work and the balance paid at completion.

Thank you for considering us, as we look forward to establishing a good business relationship with you and your company in the future.

If you have any questions, please do not hesitate to contact us.

**Respectfully,**

_____

Susan L. Briggeman, President
Panisa, Inc. dba
J.A. Construction Services

## ACCEPTANCE of HEATHER VILLAGE BUILDINGS 6000, 6009 and 6013 WHITE DOVE RENOVATIONS

The Price, Specifications and Conditions mentioned are satisfactory and are hereby accepted. You are authorized to begin working as stated.

ACCEPTED _____✓_____          SIGNATURE _Jody Blankenship_

DATE __11/14/2012__                TITLE _Vice President Operations_
                                          _Agent for Owner_



EXHIBIT "2"

**Panina, Inc. dba J.A. Construction Services**

5421 Alpha Road
Suite 100
Dallas, TX 75240
PHONE (972) 392-1669

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 11/15/2012 | 1115201202 |

| BILL TO |
|---------|
| Heather Village Apts<br>Attn: Jody Blankenbarker<br>6000 Boca Raton Boulevard<br>Fort Worth TX 76112 |

| DUE DATE | PROJECT NAME |
|----------|--------------|
| 11/15/2012 | Heather Village |

| DESCRIPTION | | | AMOUNT |
|-------------|---|---|--------|
| First Draw: 50% down for delivery of materials and commencement of work at bldg 6000 White Dove Dr. | | | 23,000.00 |

Thank you for your business.

| Total | $23,000.00 |
|-------|-----------|
| Payments/Credits | $0.00 |
| **Balance Due** | $23,000.00 |



EXHIBIT "3"

**Panina, Inc. dba J.A. Construction Services**

5421 Alpha Road
Suite 100
Dallas, TX 75240
PHONE (972) 392-1669

# INVOICE

| DATE | INVOICE # |
|---|---|
| 11/15/2012 | 1115201203 |

| BILL TO |
|---|
| Heather Village Apts<br>Attn: Jody Blankenbarker<br>6000 Boca Raton Boulevard<br>Fort Worth TX 76112 |

| DUE DATE | PROJECT NAME |
|---|---|
| 11/15/2012 | Heather Village |

| DESCRIPTION | | | AMOUNT |
|---|---|---|---|
| Completion of renovations at Bldgs. 6000 White Dove Dr Final 50% | | | 23,000.00 |

Thank you for your business.

| | |
|---|---|
| **Total** | $23,000.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $23,000.00 |



EXHIBIT "4"

**Panina, Inc. dba J.A. Construction Services**

5421 Alpha Road
Suite 100
Dallas, TX 75240
PHONE (972) 392-1669

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 11/22/2012 | 1122201201 |

| BILL TO |
|---------|
| Heather Village Apts<br>Attn: Jody Blankenbarker<br>6000 Boca Raton Boulevard<br>Fort Worth TX 76112 |

| DUE DATE | PROJECT NAME |
|----------|--------------|
| 11/22/2012 | Heather Village |

| DESCRIPTION | | | AMOUNT |
|-------------|---|---|--------|
| Change Order 6000 White Dove Dr:<br>Remove and replace 40 lf of 2 x 4 building studs<br>Remove and install new house wrap for moisture barrier where reframing<br>Install 1200 sf of felt for insulation<br>Remove and replace 45 sheets of OSB<br>Remove and replace 200 lf of 2 x 4 building plates<br>Install new metal brackets for headers per inspector<br>Remove and replace 45 sheets of 4 x 8 plywood decking<br>Remove and Replace 100 lf of 2 x 8 joists<br>Haul off all debris and clean worksite daily and upon completion | | | 5,200.00 |

Thank you for your business.

| | |
|---|---|
| **Total** | $5,200.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $5,200.00 |

EXHIBIT "5"



Renovation Specialties          Commercial          Multi-Family & Industrial

January 18, 2013

Attn: Jody Blankenbaker
Sungate Management, Inc.
9550 Skillman St., Ste. 210
Dallas TX 75243

Re:   Heather Village Apts.
      6012 Woodthrush
      For Worth TX 76112

**Dear Jody,**

We are aware that the Owner of Heather Village has contracted with another company to complete the renovations of the property. We have removed all of our materials from the job site and have asked the City of Fort Worth to provide us with a credit on the two additional permits that we had open. I am sorry that we were unable to continue working on this project with the Owner and Sungate Management but I understand that they wanted to work with another contractor. It is very disappointing to us that we had to learn of these developments on our own and no one took the time to inform us that we had lost the job or thank us for bidding on it.

Our concern is that the Owner has not paid us the down payment, balance or change order on the last building that we completed which is 6012 Wood Thrush Dr. The amounts of those invoices are $23,000.00, $23,000.00 and $5,200.00 collectively which comes to a total of $51,200.00. We have not made any legal attempts to collect these funds because of our relationship with your company and our previous history with the Owner and his staff but we are extremely frustrated by the fact that you cannot tell us when to expect payment. That is unacceptable. The first invoice was sent to you on November 15, 2012 and it has come to the point where we must protect our lien rights. This situation has become further egregious due to the fact that now someone else is working on the property and their demands for payment will come first. To date, we have received no phone calls, letters, emails or faxes which state that there is anything defective in the work we performed and the City issued a final green tag on this building quite awhile ago. The Owner has no reason not to pay for work performed. If there is a financial difficulty on his side and he needed to pay this over time then we should have been informed long ago to make arrangements with him.

Also, the contract that we each signed stated that the payment terms were to be a draw upon commencement of work for 50% of the project, a final draw of 50% and payment of any change orders at completion. If we do not receive the full sum due to us by the close of business on Friday, January 25th then we will contact our attorney and begin the lien process on this property. We will take any and all legal action necessary to close that lien and file suit against all parties for breach of contract and fraud as this contract was falsely represented to us. We hope to hear something from you to avert this process. Please make the Owner aware of our intentions. Thank you.

**Very Truly Yours,**

_____
**Ofer Abramov, Director of Operation**
**Susan Briggeman, President**
**Panina Inc. dba JA Construction Services**



**EXHIBIT "6"**

# FINAL NOTICE BEFORE CLAIM OF LIEN

Date: 2/5/13

To:    **Heather Village, LLC.**
        **12815 SE Rivercrest Dr.**
        **Vancouver WA 98683-6623**

CC:    Sungate Management, Inc.
        9550 Skilman St., Ste. 210
        Dallas TX 75243

**Sent Via Email** and **Certified Mail: 7009-3410-0000-3813-7048**

Demand is hereby made for payment of the sum of, **Fifty one thousand and two hundred dollars and no cents ($51,200.00)**

due to the undersigned and in arrears since **November 15, 2012.**

Failure to remit payment within (**7**) days of date of this notice will result in immediate claim of lien on the above mentioned property, litigation to perfect the lien and collection of all damages and legal fees.

## THERE WILL BE NO FURTHER NOTICE

Panina Inc. dba JA Construction
Creditor

5421 Alpha Road Suite 100
Address
Dallas, Texas 75240

(972) 392-1669
Telephone

**From:** jessica@jaconstructionservices.net (jessica@jaconstructionservices.net)
**To:** knouselaw@yahoo.com;
**Date:** Thu, May 23, 2013 12:22:04 PM
**Cc:**
**Subject:** Fw: U.S. Postal Service Track &amp; Confirm email Restoration - 70093410000038137048

John,

This is the notice before claim of lien proof of delivery that you requested.

Thanks


> -------Original Message-------
> From: US_Postal_Service@usps.com
> To: jessica@jaconstructionservices.com
> Subject: U.S. Postal Service Track & Confirm email Restoration - 70093410000038137048
> Sent: May 22 '13 2:06pm
>
> This is a post-only message. Please do not respond.
>
> Susan Briggeman has requested that you receive this restoration information
> for Track & Confirm as listed below.
>
> Current Track & Confirm e-mail information provided by the U.S. Postal
> Service.
>
> Label Number: 70093410000038137048
>
> Service Type: Certified Mail^™
>
> Shipment Activity    Location    Date & Time
> --------------------------------------------------------------------------------------------------
>
> Delivered    DALLAS TX 75243    February 6, 2013 3:07 pm
> Depart USPS Sort Facility    DALLAS TX 75260    February 6, 2013
> Processed at USPS Origin Sort Facility    DALLAS TX 75260    February 6, 2013
> 2:11 am
> Dispatched to Sort Facility    DALLAS TX 75240    February 5, 2013 7:26 pm
> Acceptance    DALLAS TX 75240    February 5, 2013 4:09 pm
>
> USPS has not verified the validity of any email addresses submitted via its
> online Track & Confirm tool.
>
> For more information, or if you have additional questions on Track &
> Confirm services and features, please visit the Frequently Asked Questions
> (FAQs) section of our Track & Confirm tool at
> http://www.usps.com/shipping/trackandconfirmfaqs.htm.

EXHIBIT "7"

MARY LOUISE GARCIA

COUNTY CLERK



100 West Weatherford    Fort Worth, TX  76196-0401

PHONE (817) 884-1195

PANINA INC DBA/JA CONSTRUCTION SERVICES
5421 ALPHA RD STE 100
DALLAS, TX 75240

Submitter:    PANINA INC DBA/JA
              CONSTRUCTION SERVICES

## *DO NOT DESTROY*
## *WARNING - THIS IS PART OF THE OFFICIAL RECORD.*

Filed For Registration:    2/21/2013 1:37 PM

Instrument #:    D213044664

AFF            3        PGS            $20.00

By: _____

D213044664

ANY PROVISION WHICH RESTRICTS THE SALE, RENTAL OR USE OF THE DESCRIBED REAL PROPERTY
BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

Prepared by:  MGSALAZAR

# AFFIDAVIT FOR MECHANICS' AND MATERIALMEN'S LIEN

Before me, the undersigned authority, personally appeared Susan L. Briggeman, who upon her oath deposed and stated:

"My name is Susan L. Briggeman, and I am the President and Registered Agent of **Panina Inc. dba JA Construction Services (Claimant)** which has a physical and mailing address of **5421 Alpha Rd., Ste. 100, Dallas TX 75240**. I am competent and authorized to make this affidavit. I have personal knowledge of the facts set forth below, and they are true and correct.

"Pursuant to contracts by and between Claimant and Heather Village LLC which has a last known mailing address of 12815 SE Rivercrest Dr. Vancouver, WA 98683-6623 and Sungate Management, Inc. 9550 Skillman St., Ste. 210, Dallas TX 75243. Claimant performed labor and furnished materials for improvements to the following described real property (the **Property**):

**Boca Raton East Blk 1 Lot 1**

**And being commonly known as Heather Village Apartments
located at 6000 Boca Raton, Fort Worth TX 76112**

"The labor performed and materials furnished may be generally described as wood replacement and painting commencing in October, 2012.

**The owner or reputed owner of the Property is:
Heather Village, LLC located at 12815 SE Rivercrest Dr. Vancouver, WA 98683-6623**

"To date, Claimant has fully performed all work required under its contracts with Heather Village, LLC. After allowing all just credits and offsets, the amount of **$51,200.00** remains unpaid and is due and owing to Claimant under said contract and Claimant claims a statutory lien on the Property and the improvements located on the Property to secure the payment of the above amount.

"Claimant sent notice of its claim to Owner by United States certified mail, return receipt requested, on February 5, 2013 after numerous telephone calls, emails, letters and faxes." Certified Mail No. 7009-3410-0000-3813-7048

-1-

## AFFIDAVIT FOR MECHANICS' AND MATERIALMEN'S LIEN



Susan L. Briggeman, President
And Registered Agent

STATE OF TEXAS

COUNTY OF DALLAS

SUSCRIBED AND SWORN TO BEFORE ME on this 19th day of February, 2013 by Susan L. Briggeman.

RACHEL PANINA ABRAMOV
Notary Public, State of Texas
My Commission Expires
January 13, 2015

Notary Public in and for the
State of Texas

**After recording, return to:**

**Panina Inc. dba JA Construction Services**
**5421 Alpha Rd.**
**Ste. 100**
**Dallas TX 75240**

# EXHIBIT "B"

**Affidavit of John P. Knouse, Attorney at Law**

| | | |
|---|---|---|
| PANINA, INC d/b/a | § | IN THE 17th JUDICIAL |
| JA CONSTRUCTION SERVICES | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| HEATHER VILLAGE, LLC. , D/B/A | § | |
| THE HEATHER VILLAGE | § | |
| APARTMENTS | § | |
|     Defendant | § | TARRANT COUNTY, TEXAS |

### AFFIDAVIT OF JOHN P. KNOUSE, ATTORNEY AT LAW
### IN SUPPORT OF PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES
### IN PLAINTIFF'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF DALLAS | § |

BEFORE ME, the undersigned authority, on this day personally appeared JOHN P. KNOUSE and testified under oath that the statements contained herein are within his personal knowledge and are true and correct, as follows:

1. "My name is **JOHN P. KNOUSE.** I am over the age of 21, have never been convicted of a felony, and I have personal knowledge of each and every statement contained herein. I am the lead Attorney of Record for Plaintiff, **PANINA, INC d/b/a JA CONSTRUCTION SERVICES,** in this case and have personal knowledge as to the litigation in this matter."

2. "I have been practicing in Tarrant, Dallas, Denton, and Collin Counties, in both civil and criminal cases for over 46 years. I was licensed to practice in the State of Texas on September 16, 1968, after graduating from SMU undergraduate

school with a BA in 1966 and from SMU School of Law with a JD in 1968. I am Board Certified in Criminal Law have been board certified since 1978. I am admitted to practice as a member of the Bar of the United State Supreme Court, the United States Court of Appeals for the Fifth Circuit, the United States District Courts for Northern and Eastern Districts of Texas, and all courts in the State of Texas. I have handled and argued appeals before Texas Courts of Appeals for the Second, Fifth, and Sixth Districts, the Texas Court of Criminal Appeals, and I have appeared and presented oral argument before the Supreme Court of Texas. By reason of the experience, I am personally familiar with reasonableness and necessity of attorney's fees in Denton County, Texas, on both a trial level and as to fees on appellate levels though the Supreme Court of Texas. I have testified and been qualified as a legal expert as to attorney's fees in numerous cases."

3. "Commencing in May 8, 2013, at the request of the Plaintiff, **PANINA, INC d/b/a JA CONSTRUCTION SERVICES**, I rendered professional legal services to the Plaintiff, **PANINA, INC d/b/a JA CONSTRUCTION SERVICES**, by representing it in the preparation, presentment and prosecution of the instant suit based upon a sworn account, breach of contract, unjust enrichment and quantum meruit and for foreclosure of a Mechanic's Lien and in the defense of the counterclaims filed by Defendant, **HEATHER VILLAGE, LLC. , D/B/A THE HEATHER VILLAGE**. Through May 18, 2014, spent 27.44 hours in prosecuting the lawsuit, including preparation of an original petition against Defendant, **HEATHER VILLAGE** , responding to Defendant,

**HEATHER VILLAGE**'s counterclaim, responding to discovery submitted by defendants in the form of request for admissions, requests for production, interrogatories and request for disclosure and in preparing request for discovery to the Defendant, **HEATHER VILLAGE**, including request for admissions, requests for production, a first set of written interrogatories, and a request for disclosure for which I charged my client a reasonable fee of $250.00 per hour, being a total through that May 18, 2014 of $6,860.00. Since that time I've expended and additional hours of time in preparation of a "No Evidence" Motion For Summary Judgment, as well as a Traditional Motion For Summary Judgment, with supporting affidavits and summary judgment evidence, which at my office rate of $250.00 per hour is an additional total of $4,850.00, being total attorney's fees to the present date of $11,710.00. Based on my 46 years of law practice and experience rating, a fee of $250.00 per hour is very low and quite reasonable in Tarrant County Texas for the legal work performed, A written demand for payment of the account was made by Plaintiff, **PANINA**'s Director of Operations, Ofer Abramov and Susan Briggeman, the President of Plaintiff to Defendant **HEATHER VILLAGE**'s agent, Sungate Management, Inc. on January 18, 2013, more than thirty (30) days prior to suit being filed as required by Section 38.001 et seq. of the Texas Civil Practice and Remedies Code"

4. "In my opinion, the charges I have made for representation of Plaintiff, **PANINA, INC d/b/a JA CONSTRUCTION SERVICES**, are reasonable charges in Tarrant County, Texas and were necessary charges for the

representation of Plaintiff, **PANINA, INC d/b/a JA CONSTRUCTION SERVICES**, which total the sum of $11,710.00 through the present date and for which attorney's fees Plaintiff is entitled to judgment against the Defendant, **HEATHER VILLAGE, LLC, D/B/A THE HEATHER VILLAGE**, plus any additional attorney's fees incurred after this date through the date of trial or a hearing on our motion for summary judgment for which I will charge $350 an hour in court, which is a reasonable hourly rate for court appearances in my opinion. Based upon my experience in handling appeals, it is my opinion that in the event of an appeal by any party to the Second Court of Appeals sitting in Fort Worth, Texas, minimum reasonable attorney's fees would be the sum of $10,000.00 and in the event the Petition for Review is filed by any party to the Texas Supreme Court, that a reasonable attorney's fee for filing or responding to a Petition for Review would be the sum of $10,000.00."

5. "In my expert opinion, as a matter of law, Plaintiff, **PANINA, INC d/b/a JA CONSTRUCTION SERVICES** is entitled to attorney's fees incurred in regard to its claim based upon a sworn account and upon alternative claims for breach of contract and quantum meruit, based a proper presentment of its sworn account claim and breach of contract claim, since Plaintiff gave the Defendants at least a thirty (30) day written demand prior to filing suit, as mandated under Tex. Civ. Prac. & Rem. Code §38.001, as well as for foreclosure of their timely filed Affidavit for Mechanic's Lien on the property of Defendant, **HEATHER VILLAGE, LLC. , D/B/A THE HEATHER VILLAGE. .**"

Affidavit for Mechanic's Lien on the property of Defendant, **HEATHER VILLAGE, LLC. , D/B/A THE HEATHER VILLAGE. ."**

_____
JOHN P. KNOUSE, Affiant

SWORN AND SUBSCRIBED TO BEFORE ME, this 25 day of September, 2014.



ANN MARIE GADBERRY
MY COMMISSION EXPIRES
OCTOBER 2, 2014

NOTARY PUBLIC IN AND FOR THE
STATE OF TEXAS

My commission expires: 10 - 2 - 14

# EXHIBIT "C"

Defendant's Unsworn Original Answer and Counterclaim

## NO. 17-266141-13

| | | |
|---|---|---|
| PANINA, INC. d/b/a JA CONSTRUCTION SERVICES, Plaintiff, | § § § § | IN THE DISTRICT COURT |
| V. | § § | |
| HEATHER VILLAGE, LLC d/b/a THE HEATHER VILLAGE APARTMENTS, Defendant, Counter-Plaintiff, | § § § § | 17TH JUDICIAL DISTRICT |
| V. | § § | |
| PANINA, INC. d/b/a JA CONSTRUCTION SERVICES, Counter-Defendant | § § § | TARRANT COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM

NOW COMES HEATHER VILLAGE LLC d/b/a THE HEATHER VILLAGE APARTMENTS, named Defendant and Counter-Plaintiff in the above-entitled and numbered cause, and brings this Original Answer and Counterclaim, and shows the Court:

### GENERAL DENIAL

1. Defendant/Counter-Plaintiff each and every allegation of Plaintiff's Original Petition, and demands strict proof thereof as required by the Texas Rules of Civil Procedure.

### DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM

### FACTS

2. On or about March 19, 2012, Counter-Defendant agreed to perform work on Counter-Plaintiff's property located at 6000 Boca Raton in Fort Worth, Texas ("Property"). Said Property is a series of multifamily residential dwelling units.

3. The work was to include, among other things, the removal and replacement of

---

exterior wood.

4.     Counter-Defendant charged Counter-Plaintiff an unreasonably excessive fee to perform this labor.

5.     Counter-Defendant damaged the Property by failing to properly install the exterior wood, and Counter-Plaintiff has been forced to seek other contractors to not only perform the work Counter-Defendant was to have performed, but also repair the damage Counter-Defendant caused to the Property.

## CAUSE OF ACTION: BREACH OF WARRANTY

6.     The residential construction was not completed in a good and workmanlike manner, which was a breach of the implied warranty of good and workmanlike services for residential construction.

7.     Counter-Defendant's breach of warranty directly and proximately caused injury to Counter-Plaintiff.

## CAUSE OF ACTION: BREACH OF CONTRACT

8.     All conditions precedent have been met.

9.     Counter-Plaintiff and Counter-Defendant had a valid, enforceable contract for the renovation of the Property.

10.     Counter-Plaintiff performed, substantially performed, tendered performance or was excused from performing.

11.     Counter-Defendant breached the contract, causing injury to Counter-Plaintiff.

## DAMAGES FOR COUNTER-PLAINTIFF

12.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Counter-Plaintiff has incurred substantial expenses to fix the problems caused by Counter-

DEFENDANT'S ANSWER AND COUNTERCLAIM.                                                PAGE 2

Defendant's substandard work.

13.    Counter-Plaintiff also seeks recovery of their attorney's fees, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code.

## PRAYER

Defendant/Counter-Plaintiff prays the Court enters judgment in favor of Defendant/Counter-Plaintiff, awards Defendant/Counter-Plaintiff the costs of court, attorney's fees, and such other and further relief as Defendant/Counter-Plaintiff may be entitled to in law or in equity.

Respectfully submitted,

**HENLEY & HENLEY, P.C.**

R. Lane Addison
Texas Bar No. 00798253
rladdison@henleylawpc.com
Geoff J. Henley
Texas Bar No. 00798253
ghenley@henleylawpc.com
David F. Gonzales
Texas Bar No. 24073258
dgonzales@henleylawpc.com
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
214/821-0222 (Telephone)
214/821-0124 (Facsimile)

ATTORNEYS FOR COUNTER-PLAINTIFF

## CERTIFICATE OF SERVICE

On this the 12th day of August 2013, I hereby certify that a true and correct copy of the foregoing has been sent to Counter-Defendant, PANINA INC. d/b/a JA CONSTRUCTION SERVICES, by and through the following:

John P. Knouse
16970 Dallas Parkway, Bdg. 300
Dallas, Texas 75248
214.380.1188-tel.
214.367.5982-fax

| | | |
|---|---|---|
| _____ **HAND-DELIVERY** | **XXX** **FACSIMILE** | |
| _____ **ELECTRONIC MAIL** | _____ **REGULAR MAIL** | |
| _____ **CERTIFIED MAIL** | | |

R. Lane Addison

EXHIBIT "B"

PLAINTIFF'S "NO EVIDENCE" MOTION FOR SUMMARY
JUDGMENT

FILED
TARRANT COUNTY
9/19/2014 7:10:53 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 17-266141-13

| | | |
|---|---|---|
| PANINA, INC d/b/a | § | IN THE 17ᵗʰ JUDICIAL |
| JA CONSTRUCTION SERVICES | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| HEATHER VILLAGE, LLC. , D/B/A | § | |
| THE HEATHER VILLAGE | § | |
| APARTMENTS | § | |
|     Defendant | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF AND COUTER-DEFENDANT'S "NO-EVIDENCE" MOTION FOR SUMMARY JUDGMENT

NOW COMES, Plaintiff and Counter-Defendant **PANINA, INC d/b/a JA CONSTRUCTION SERVICES** ("Panina") and files its "No-Evidence" Motion for Summary judgment against Defendant and Counter-Plaintiff, **HEATHER VILLAGE, LLC. , D/B/A THE HEATHER VILLAGE. APARTMENTS** ("Heather Village"), and would show unto the Court the following:

### I.
### PROCEDURAL BACKGROUND

Plaintiff and Counter-Defendant, **PANINA** filed suit against Defendant and Counter-Plaintiff, **HEATHER VILLAGE,** based upon a sworn account, and alternatively, for breach of contract, implied contract/ quantum meruit, and for foreclosure of its mechanics lien, for which a separate Traditional Motion For Summary Judgment is being filed. Defendant and Counter-Plaintiff, **HEATHER VILLAGE,** filed an inadequate, unsworn general denial, completely failing to deny the

sworn account under oath as required by TRCP Rule 93 (10), precluding it to deny the claim or any item thereof under the TRCP Rule 185. Despite the fact that Defendant and Counter-Plaintiff, **HEATHER VILLAGE** has paid nothing for the labor and materials provided to it by Plaintiff and Counter-Defendant, **PANINA**, it filed counterclaim, claiming that **PANINA** charged an unreasonably excessive fee for labor and improperly installed exterior wood suing **PANINA** under an alleged breach of warranty for which it paid no consideration and for breach of contract, which it breached itself by failing to pay for the work done and materials furnished, and suing for damages allegedly caused by Plaintiff and Counter-Defendant **PANINA**, without specifying any cause of action whatsoever.

## II.
## SUMMARY OF RELEVANT FACTS

A.    On October 11, 2012, the Defendant and Counter-Plaintiff, **HEATHER VILLAGE,** by and through its agents and representatives, Sungate Management, Inc., signed and accepted on November 14, 2012, entered into a written contract with Plaintiff and Counter-Defendant, **PANINA,** requesting Plaintiff to perform wood replacement and exterior paint repairs to Defendant and Counter-Plaintiff's property, known as **THE HEATHER VILLAGE APARTMENTS**, located at 6000 Boca Raton in Fort Worth, Tarrant County, Texas 75112 for a total sum of $46,000.00.

B.    Under the terms and conditions of the written contract 50% of the total contract price in the sum of $23,000.00 was due and payable upon delivery of the

materials and commencement of work at the apartment building located at 6000 White Dove Drive in Fort Worth, Texas for which Plaintiff submitted its invoice No. 1115201202 on November 15, 2012. Furthermore under the terms and conditions of the written contract the remaining 50% of the total contract price in the sum of $23,000.00 was due and payable upon completion of the renovation work at the apartment building located at 6000 White Dove Drive in Fort Worth, Texas for which Plaintiff submitted its invoice No. 1115201203 on November 15, 2012.

C.	After performing the renovation work requested, Defendant and Counter-Plaintiff, **HEATHER VILLAGE** agreed to a change order requesting Plaintiff and Counter-Defendant, **PANINA** to further provide additional labor and materials in repairs to the apartment building located at 6000 White Dove Drive in Fort Worth, Texas, which were provided by the Plaintiff at Defendant and Counter-Plaintiff, **HEATHER VILLAGE**'s special instance and request in the additional sum of $5,200.00 as specified in the Plaintiff invoice No. 1122201201 on November 22, 2012.

D.	The total reasonable value of all of the services, labor, and materials furnished by the Plaintiff and Counter-Defendant, **PANINA** at the request of Defendant and Counter-Plaintiff, **HEATHER VILLAGE** t is the sum of $51,200.00, which services were specified in the written contract and is also itemized in the invoices. Defendant and Counter-Plaintiff, **HEATHER VILLAGE** has made no payments toward for the labor and materials ordered by it, and there is a balance due and owing of the full amount of $51,200.00

E.     Although Plaintiff and Counter-Defendant, **PANINA** has on numerous occasions made demand for payment by Defendant and Counter-Plaintiff, **HEATHER VILLAGE** for the balance due, ,it has failed and refused to pay Plaintiff the past due balance for the additional services ordered or any part of it, to Plaintiff's damage in the total sum of $51,200.00.

F.     A written demand letter requesting payment of the full amount of $51,200.00 was sent by Plaintiff's Director of Operations, Ofer Abramov and Susan Briggeman, Plaintiff's President to Defendant's agent, Sungate Management, Inc. on January 18, 2013.

G.     Though Plaintiff and Counter-Defendant, **PANINA** has sent Defendant and Counter-Plaintiff, **HEATHER VILLAGE** discovery in the form of Requests For Admissions, a First Set of Interrogatories, a First Set of Request for Production and A Request For Disclosures, Defendant and Counter-Plaintiff, **HEATHER VILLAGE** has completely failed to produce any documentary evidence supporting its claims, stating that it will use an "expert report" for an expert that has never been designated in response to requests for disclosures. See Response of Defendant and Counter-Plaintiff, **HEATHER VILLAGE**

## III.
## ARGUMENTS AND AUTHORITIES

A.     **"NO EVIDENCE" SUMMARY JUDGMENT STANDARDS.**

Under the "no evidence" summary judgment rule, the Movant may move for summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which the non-movant would have had the burden of proof at trial." *Galveston Newspapers, Inc. v. Norris*, 981 S.W.2d 797, 799 (Tex. App.-Houston [1st Dist] 1998, pet. denied). "Once properly raised, Rule 166a(i) . . . places the burden on the non-movant to produce evidence on each and every challenged element of his claim." *Heiser v. Echerd Corp.*, 983 S.W.2d 313, 316 (Tex. App.-Fort Worth 1998, no pet.); see *Esco Oil & Gas, Inc. v. Sooner Pipe & Supply Corp.*, 962 S.W.2d 193,197 n.3 (Tex. App.-Houston [1st Dist.] 1998, pet. denied). "Under the no evidence summary judgment standard, the party with the burden of proof at trial will have the same burden of proof in a summary judgment proceeding." *Norris*, 981 S.W.2d at 799-800 (internal quotations omitted); also see *Marsaglia v. Univ. Of Texas at El Paso*, 22 S.W. 3d 1,3 (Tex. App.-El Paso 1999, pet. denied). "The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." Tex. R. Civ. P. 166a(i); *In re MohawhRubber Co.*, 982 S.W.2d 494,498 (Tex. App.-Texarkana 1998, no pet.). A no-evidence summary judgment is properly granted if the non-movant fails to bring forth more than a scintilla of probative evidence to raise a - genuine issue of material fact as to an essential element of the non-movant's claim. See *Rodriguez v. NBC Bank*, 5 S.W.3d 756, 760 (Tex. App.-San Antonio 1999). Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a

mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *Rodriguez*, 5 S.W.3d at 760

## B.     Adequate Time For Discovery.

An adequate time for discovery has passed. This case is set for trial for the week of October 20, 2014. The time for discovery under the scheduling order has passed.

## C.     Heather Village Has No Evidence to Support Its Claim for Breach of Warranty.

As previously stated, despite the fact that Defendant and Counter-Plaintiff, **HEATHER VILLAGE** has paid nothing for the labor and materials provided to it by Plaintiff and Counter-Defendant, **PANINA**, it filed counterclaim claiming that **PANINA** improperly installed exterior wood claiming that **PANINA** breached an "implied warranty of good and workmanlike services for residential construction".

In general, an express warranty is the result of a negotiated exchange, *see, e.g., U.S. Pipe & Foundry Co. v. City of Waco,* 130 Tex. 126, 108 S.W.2d 432, 434 (Tex.1937), and is a "creature of contract," 18 WILLISTON ON CONTRACTS § 52:45. *Accord Cipollone v. Liggett Group, Inc.* 505 U.S. 504, 524 n. 23, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992) (plurality opinion) (noting that "express warranty claims are said to sound in contract rather than in tort" and comparing legal definitions of tort and contract). To ascertain the parties' intentions in a warranty, the Court must look to well-established rules for interpretation and construction of contracts. *See Rodriguez v. W.O.W. Life Ins. Soc.,* 136 Tex. 43, 145 S.W.2d 1077, 1080 (Tex. 1941). A breach of express warranty

claim, like one for breach of contract, involves a party seeking damages based on an opponent's failure to uphold its end of the bargain. *See City of Waco,* 108 S.W.2d at 434.

Plaintiff and Counter-Defendant, **PANINA** contends there is no evidence to support the claim of Defendant and Counter-Plaintiff, **HEATHER VILLAGE** that there was a breach of either an express or and implied warranty by Plaintiff and Counter-Defendant, **PANINA** and hereby challenges Defendant and Counter-Plaintiff, **HEATHER VILLAGE** to produce competent summary judgment evidence of all of the essential elements supporting its claim for an alleged breach of either an express or implied warranty of good and workmanlike services for residential construction, including but not limited to.

(1) Proof of the amount of consideration actually paid to Plaintiff and Counter-Defendant, **PANINA** by Defendant and Counter-Plaintiff, **HEATHER VILLAGE** for any warranty express or implied;

(2) Proof of any negotiated warranty between Defendant and Counter-Plaintiff, **HEATHER VILLAGE** and Plaintiff and Counter-Defendant, **PANINA;**

(3) Proof of any breach of any express or implied warranty by Plaintiff and Counter-Defendant, **PANINA;**

(4) Proof of any damage caused to Defendant and Counter-Plaintiff, **HEATHER VILLAGE** by any such breach of any express or implied warranty by Plaintiff and Counter-Defendant, **PANINA.**

Unless Defendant and Counter-Plaintiff, **HEATHER VILLAGE** can produce competent summary judgment evidence establishing each of the above elements against the Plaintiff and Counter-Defendant, **PANINA,** Plaintiff and Counter-Defendant, **PANINA** is entitled to summary judgment on Defendant and Counter-Plaintiff, **HEATHER VILLAGE's** breach of warranty claim as a matter of law. TRCP 166a(i); *Dolcefino v. Randolph,* 19 S.W.3d 906,917(Tex. App.-Houston [14th Dist.] 2000, pet. denied) (granting no-evidence motion mandatory give non-movant fails to produce summary judgment evidence sufficient to raise genuine issue of material fact.)

**D.** **Heather Village Has No Evidence to Support Its Claim for Breach of Contract.**

Although Defendant and Counter-Plaintiff, **HEATHER VILLAGE** has paid nothing for the labor and materials provided to it by Plaintiff and Counter-Defendant, **PANINA,** filed counterclaim claiming that **PANINA** charged an unreasonably excessive fee for labor and improperly installed exterior wood claiming that **PANINA** breached a contract for which it also paid no consideration.

In order to maintain a claim for a breach of contract, Defendant and Counter-Plaintiff, **HEATHER VILLAGE** must establish the following elements : (1) a valid contract; (2) the counter-plaintiff performed or tendered performance; (3) the counter-defendant breached the contract; and (4) the counter-plaintiff was damaged as a result of that breach. *See* Hussong v. Schwan's Sales Enterprises, Inc., 896 S.W.2d 320, 326 (Tex.App.-Houston [1st Dist.] 1995, no writ) .

Plaintiff and Counter-Defendant, **PANINA** contends there is no evidence to support the claim of Defendant and Counter-Plaintiff, **HEATHER VILLAGE** that there was a breach of contract warranty by Plaintiff and Counter-Defendant, **PANINA** and hereby challenges Defendant and Counter-Plaintiff, **HEATHER VILLAGE** to produce competent summary judgment evidence of all of the essential elements supporting its claim for an alleged breach of either an express or implied warranty of good and workmanlike services for residential construction, including but not limited to:

(1) Proof of a valid contract between Defendant and Counter-Plaintiff, **HEATHER VILLAGE** and Plaintiff and Counter-Defendant, **PANINA**;

(2) Proof that Defendant and Counter-Plaintiff, **HEATHER VILLAGE** performed under the contract by paying Plaintiff and Counter-Defendant, **PANINA** the contractual amount agreed to by the parties for labor and materials;

(3) Proof that Plaintiff and Counter-Defendant, **PANINA** breached the contract; and

(4) Proof that Defendant and Counter-Plaintiff, **HEATHER VILLAGE** was damaged by the alleged breach of contract.

Unless Defendant and Counter-Plaintiff, **HEATHER VILLAGE** can produce competent summary judgment evidence establishing each of the above elements against the Plaintiff and Counter-Defendant, **PANINA,** Plaintiff and Counter-Defendant,

**PANINA** is entitled to summary judgment on Defendant and Counter-Plaintiff, **HEATHER VILLAGE's** breach of warranty claim as a matter of law. TRCP 166a(i); *Dolcefino v. Randolph,* 19 S.W.3d 906,917(Tex. App.-Houston[14th Dist.] 2000, pet. denied) (granting no-evidence motion mandatory give non-movant fails to produce summary judgment evidence sufficient to raise genuine issue of material fact.)

**D. Heather Village Has No Evidence to Support Its Claim for Damages**

No evidence has been produced by of Defendant and Counter-Plaintiff, **HEATHER VILLAGE** of any damage caused to it by the actions of Plaintiff and Counter-Defendant, **PANINA,** although request for production of documents showing actual damage have been sent with no documents ever having been produced. No evidence has been produced by Defendant and Counter-Plaintiff, **HEATHER VILLAGE** by way of an expert witness which has never been designated nor a report produced show any damage caused to it. It is not clear from the pleadings of Defendant and Counter-Plaintiff, **HEATHER VILLAGE** whether or not it is seeking damages solely based upon its contentions of breach of implied warranty and breach of contract,. To the extent that Defendant and Counter-Plaintiff, **HEATHER VILLAGE,** may attempt to argue some theory that is not pled it should be precluded from doing so as a matter of law since Plaintiff and Counter-Defendant, **PANINA** and their counsel have never been apprised of any other causes of action other than the alleged breach of implied warranty and breach of contract.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff and Counter-Defendant, **PANINA,** respectfully requests the court to enter an order granting this no evidence motion for summary judgment and for any and all other relief to which it may be justly entitled.

Respectfully submitted,
LAW OFFICE OF JOHN P. KNOUSE

_____

JOHN P. KNOUSE
State Bar Number: 11624000
16970 N. Dallas Parkway
Bldg 300
Dallas, Texas 75248
(972) 380-1188 (Telephone)
(214) 367-5982 (Telecopier)
E-mail: knouselaw@yahoo.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on this _19__ day of September, 2014, a true and correct copy of the foregoing was served upon Defendant by facsimile to (214) 812– 0124 sent to Mr. R. Lane Addison Esq., of Henley and Henley PC, Attorneys At Law, 3300 Oak Lawn Ave., Suite 700, Dallas, Texas 75219, Attorneys of Record for Defendant as required by T.R.C.P. Rule 21a.

_____
JOHN P. KNOUSE

PLAINTIFF AND COUNTER-DEFENDANT'S MOTION
FOR "NO EVIDENCE "SUMMARY JUDGMENT

# FIAT

Notice is given that the above and foregoing Plaintiff and Counter-Defendant's Motion for "No Evidence Summary Judgment is hereby set for the __ day of October, 2014 at _____ o'clock __m.

_____

EXHIBIT "C"

**DEFENDANT'S RESPONSE TO PLAINTIFF'S TRADITIONAL
MOTION FOR SUMMARY JUDGMENT**

FILED
TARRANT COUNTY
11/7/2014 11:29:26 AM
THOMAS A. WILDER
DISTRICT CLERK

NO. <u>17-266141-13</u>

| | | |
|---|---|---|
| PANINA, INC. D/B/A JA CONSTRUCTION SERVICES Plaintiff, | § § § § | IN THE DISTRICT COURT |
| V. | § § | 17TH JUDICIAL DISTRICT |
| HEATHER VILLAGE, LLC D/B/A THE HEATHER VILLAGE APT Defendant. | § § § § | OF TARRANT COUNTY, TEXAS |

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Defendant, Heather Village, LLC d/b/a The Heather Village Apt, Defendant herein, and requests this Honorable Court to DENY Plaintiff's Traditional Motion for Summary Judgment.

## INTRODUCTION

When a Plaintiff files a motion for summary judgment based on summary judgment evidence, the court can grant the motion only when the Plaintiff's evidence proves, as a matter of law, all the elements of the Plaintiff's cause of action or defense, or disproves the facts of at least one element in the Defendant's cause or defense.

When evaluating a motion for summary judgment, the court must:

1. Assume all the Defendant's proof is true;

2. Indulge every reasonable inference in favor of the Defendant; and

3. Resolve all doubts about the existence of a genuine issue of material fact against the Plaintiff.

## SUIT ON SWORN ACCOUNT

Plaintiff filed a claim against Defendant seeking affirmative relief for a suit on a sworn

account. "The essential elements to prove a sworn account are: (1) that there was a sale and delivery of merchandise or performance of services; (2) that the amount of the account is just, that is, that the prices were charged in accordance with an agreement or were customary and reasonable prices; and (3) that the amount is unpaid." *Day Cruises Mar., L.L.C v. Christus Spohn Health Sys.,* 267 S.W.3d 42, 53 (Tex. App. 2008).

This case is, at most, a breach of contract case, not a suit on a sworn account. Even so, a judgment on the sworn account is improper because the Defendant has filed a verified denial as evidenced by Exhibit C. Moreover, as evidenced by Exhibits A & B, there is a legitimate dispute as to whether the materials charged for were ever delivered or the amounts charged by the Plaintiff was customary and reasonable. Thus, there is a genuine issue of material fact exists as to Plaintiff's claim of a suit on a sworn account.

## FORECLOSURE OF MECHANICS LIEN

Plaintiff filed a claim against Defendant seeking to foreclose it mechanics lien filed against Defendant. The foreclosure claim is dependent, entirely, on whether the Plaintiff is entitled to a summary judgment on its frivolous suit on a sworn account or some breach of contract.

Because Plaintiff is not entitled to a summary judgment on its sworn account claim, and there are clearly contested issues regarding the value of the work Plaintiff performed, Plaintiff is not legally entitled to foreclose its mechanics lien unless, and until, it has a valid judgment against Defendant.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that this Court will deny Plaintiff's Traditional Motion for Summary Judgment, or order such other relief as may be appropriate.

Respectfully submitted,

**HENLEY & HENLEY, P.C.**

By:  /s/ R. Lane Addison
R. Lane Addison
Texas Bar No. 24059355
Email:  rladdison@henleylawpc.com
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
Tel. (214) 821-0222
Fax. (214) 821-0124
Attorney for Defendant
Heather Village, LLC d/b/a The Heather Village Apt

## CERTIFICATE OF SERVICE

I certify that on November 7, 2014 a true and correct copy of Defendant's Response to Plaintiff's Traditional Motion for Summary Judgment was served on John P. Knouse electronically at knouselaw@yahoo.com.

/s/ R. Lane Addison
R. Lane Addison
E-mail: rladdison@henleylawpc.com

## NO. <u>17-266141-13</u>

| | | |
|---|---|---|
| PANINA, INC. D/B/A JA CONSTRUCTION SERVICES **Plaintiff,** | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| **V.** | §<br>§ | 17TH JUDICIAL DISTRICT |
| HEATHER VILLAGE, LLC D/B/A THE HEATHER VILLAGE APT **Defendant.** | §<br>§<br>§<br>§ | OF TARRANT COUNTY, TEXAS |

### APPENDIX TO
### DEFENDANT'S RESPONSE TO
### <u>PLAINTIFF'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT</u>

### TABLE OF CONTENTS

All summary judgment evidence in this appendix is incorporated by reference into Defendant's Response to Plaintiff's Traditional Motion for Summary Judgment.

Affidavit of David Christensen.................................................... Exhibit A

Affidavit of Ken Tola, an expert witness.......................................... Exhibit B

Defendant's Amended Answer and Counter-Claim.................................. Exhibit C

## NO. <u>17-266141-13</u>

| | | |
|---|---|---|
| PANINA, INC. D/B/A JA | § | IN THE DISTRICT COURT |
| CONSTRUCTION SERVICES | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 17TH JUDICIAL DISTRICT |
| | § | |
| HEATHER VILLAGE, LLC D/B/A THE | § | |
| HEATHER VILLAGE APT | § | |
| Defendant. | § | OF TARRANT COUNTY, TEXAS |

## <u>AFFIDAVIT</u>

BEFORE ME, the undersigned authority, personally appeared David Christensen, who being duly sworn, deposed as follows:

"My name is David Christensen. I am the manager of the Real Estate Team Heather Village, LLC d/b/a The Heather Village Apt hired to get the construction under control at the apartment complex. I am at least 18 years of age and of sound mind. I have personal knowledge of the facts alleged in Defendant's Response to Plaintiff's Motion for No Evidence Summary Judgment. I hereby swear that the following statements in support of Defendant's Response to Plaintiff's Motion for No Evidence Summary Judgment are true and correct.

"The owners of Heather Village apartment complex had grown suspicious that construction at the complex was not progressing as planned. Having approximately 8 years in construction, and with my immediate family having approximately 75 years in the field of construction, I was asked by the Heather Village complex owners to become a member of their 'Real Estate Team' to help resolve any concerns and move the project forward.

"Around December of 2012 I was sent to Heather Village to inspect the work of JA Construction, who had claimed they had completed, and to either approve, or not approve, using them to side the remaining buildings.

"Within minutes of arriving at the complex, JA's siding work seemed to be nothing more than simple painting of the previous old wood siding. Closer inspection seemed to reveal that JA replaced a few pieces 'here' and 'there' yet were charging an astronomical amount for the work performed. If JA thought the structures needed 'full replacement' he should have insisted it be done. The complex owners were relying on JA's professional expertise.

"I spoke with JA of JA Construction about the work and expressed concerns that the work was substandard and deficient. In fact, we had a meeting in late November or early December 2012 to discuss the work JA Construction had performed up to that point. At that meeting, I asked JA Construction to provide receipts for all materials purchased and for a detailed list of the work they performed. None of that information was ever given to me or Heather Village.

"Also, JA apparently was intermixing wood siding with cement fiber siding (aka Hardie Board or James Hardie Board). This intermixing method is typically never done by reputable contractors. It's major 'building 101' mistake. The work also lacked backer board which provides protection against moisture damage and mold growth. (We unfortunately, discovered the no moisture barrier aspect when we had attempted to fix some of JA's work).

"JA did full replacement siding on a couple of buildings. They claimed to a have used official James Hardie board for their material.

"A short time later, I was shown a pallet of the so-called 'Hardie Board' JA had been implementing. The look and 'feel' of these boards did not seem correct. The entire vibe of JA construction left me with a gut instinct that 'things didn't smell right'. Given the sub-standard work of JA, an official James Hardie Board specialist was located ('Super Siding'). Ken Tola (owner of Super Siding) was called and he agreed to come out the following morning to meet with the Heather Village owners, the top officials with Sun Gate Management (the Property

Management Company for Heather Village at that time), and all the other members of the real estate team.

"During the following day's meeting it became fairly heated at times for both JA Construction and Sun Gate Management could not locate receipts for materials used in the 'partial replacement' buildings they had worked on. We had been asking for weeks prior to this meeting and we were promised the receipts would be shown to us at this meeting. The official for JA Construction kept repeating something to the effect of: "Typical materials and stuff, you know."

"Furthermore, JA Construction failed to provide a detailed assessment (neither orally nor in writing) of the work he performed. In addition, Ken Tola informed all of us, including the official from JA, that JA's work was shoddy. The so-called Hardie Board JA was using was, in fact, generic/fake Hardie Board made in Mexico. That fake board does not come with a 20 year guarantee, other than JA saying, 'if there's a problem, hey, I'll come out and fix it."

"Needless to say, we accepted Ken Tola / Super Siding's bid to complete the remaining buildings using the official James Hardie board.

"In closing, to add insult to injury, when the raining reason began, many additional pieces of JA's siding work were falling off the structures. Drains were also not placed back properly which caused us thousands of dollars in repairs. Flashing was either not installed properly or not installed, causing interior flooding to apartments. This in turn, caused us to be written up by the city. We had to pay additional thousands of dollars of interior wall/cabinet/insulation/mold repair."

017-266141-13

_____
David Christensen, as Representative of Heather Village,
LLC d/b/a The Heather Village Apt

**SUBSCRIBED AND SWORN TO BEFORE ME** on November ____, 2014, by David
Christensen.


_____
Notary Public, State of California

SCOTT BETTENCOURT
Commission # 2003133
Notary Public - California
Los Angeles County
My Comm. Expires Jan 30, 2017

## NO. 17-266141-13

| | | |
|---|---|---|
| PANINA, INC. D/B/A JA | § | IN THE DISTRICT COURT |
| CONSTRUCTION SERVICES | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 17TH JUDICIAL DISTRICT |
| | § | |
| HEATHER VILLAGE, LLC D/B/A THE | § | |
| HEATHER VILLAGE APT | § | |
| Defendant. | § | OF TARRANT COUNTY, TEXAS |

### AFFIDAVIT OF KEN TOLA

BEFORE ME, the undersigned authority, personally appeared Ken Tola, who being duly sworn, deposed as follows:

"My name is Ken Tola. I am at least 18 years of age and of sound mind. I have personal knowledge of the facts alleged herein, which are true and correct.

"I am the owner and operator of Super Siding. I have over 30 years of experience as a general contractor and have done countless siding jobs on residential and commercial properties. I have personally inspected all the work performed by JA Construction Services in this case, as well as the invoices JA Construction sent to Heather Village. The work previously done was to Units 6012, 6008, 6004, 6000, 6001, 6005, 6000 and 6004.

"My company Super Siding and Remodeling is a certified James Hardie Contractor. We have services hundreds of commercial and residential customers, installing James Hardie certified siding. In that time, we have not had one complaint logged by James Hardie.

"After reviewing the invoices and work performed by JA Construction in this case, we have identified the following deficient and substandard workmanship:

1. JA Construction did not utilize authentic James Hardie siding, commonly referred to as Hardie Board, despite charging Heather Village for that product.
2. The siding installed by JA Construction was an inferior Maxitile product that was almost certainly less expensive and does not hold up well as James Hardie siding.
3. JA Construction utilized wood for trim. Wood used as trim has an extremely short shelf-life.

4. The repairs JA Construction made were merely cosmetic, and did not address or fix the root cause of the problems.

5. JA Construction was not removing the rot underneath the siding they were replacing.

"On start of work on unit 6008 we encountered an enormous amount of structural damage. Working with the city of Fort Worth inspectors, we had to replace most of the support headers (2x12s, 2x10s, and 2x8s). We also replaced hundreds of 2 x 4 framing, rebuilt all chimneys and most of the insulation. This remedial work was needed on all of the 18 buildings we worked on.

"When we removed the inferior Maxitile siding, we discovered the following deficient and substandard workmanship:

1. JA Construction did not install weather-barriers. We went back and installed Moisture wrap.

2. JA Construction did not install window flashing. Window flashing is necessary to stretch and seal window and doors.

3. JA Construction did not use metal fishing or seam sealers.

4. We inspected many of the pressure-treated bottom plates on the previous contractors units and they were rotted. JA Construction did not address these problems.

5. JA Construction did not rebuild any of the falling-in electrical panel boxes. As such, we had to go back and rebuild those just to pass the City of Fort Worth inspection (City code required this).

"Based on all this evidence, there is no surprise that the units JA Construction "repaired" were in such deplorable conditions. The worked performed by JA Construction for Heather Village was substandard. Most of the "repairs" does by JA Construction will need significant remedial work. In my opinion, JA Construction knew what to do but did everything as cheap as possible and that they could get away with.

"Based on my extensive experience, inspecting the property, and completing some of the remedial work, the cost to properly fix the problems JA Construction ignored or created will cost approximately $166,500.00."

Ken Tola, Affiant

**SUBSCRIBED AND SWORN TO BEFORE ME** on November ___7___, 2014, by Ken Tola.

Notary Public, State of Texas

DEVONNA WALKER HOLLAND
Notary Public
STATE OF TEXAS
My Comm. Exp. August 21, 2015

FILED
TARRANT COUNTY
11/5/2014 1:22:29 PM
THOMAS A. WILDER
DISTRICT CLERK

NO. <u>17-266141-13</u>

| | | |
|---|---|---|
| **PANINA, INC. d/b/a JA** | § | **IN THE DISTRICT COURT** |
| **CONSTRUCTION SERVICES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **HEATHER VILLAGE, LLC d/b/a THE** | § | **17TH JUDICIAL DISTRICT** |
| **HEATHER VILLAGE APARTMENTS,** | § | |
| **Defendant, Counter-Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **PANINA, INC. d/b/a JA** | § | |
| **CONSTRUCTION SERVICES,** | § | |
| **Counter-Defendant** | § | **TARRANT COUNTY, TEXAS** |

## <u>DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER AND COUNTERCLAIM</u>

**NOW COMES** Heather Village, LLC d/b/a The Heather Village Apartments, named Defendant and Counter-Plaintiff in the above-entitled and numbered cause, and brings this Original Answer and Counterclaim, and shows the Court:

### SPECIAL EXCEPTIONS

1.      Defendant/Counter-Plaintiff specially excepts Plaintiff's claim for relief on a sworn account. A sworn account is improper and not available in this breach of contract matter.

### GENERAL DENIAL

2.      Defendant/Counter-Plaintiff each and every allegation of Plaintiff's Original Petition, and demands strict proof thereof as required by the Texas Rules of Civil Procedure.

### DENIAL OF SWORN ACCOUNT

3.      Defendant/Counter-Plaintiff specifically denies the allegations of the sworn account. Defendant/Counter-Plaintiff specifically denies that the amount of the account is due to

Plaintiff as alleged and further denies that all just and lawful offsets, payments, and credits have been allowed.

## DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM

## FACTS

4.     On or about March 19, 2012, Counter-Defendant agreed to perform work on Counter-Plaintiff's property located at 6000 Boca Raton in Fort Worth, Texas ("Property"). Said Property is a series of multifamily residential dwelling units.

5.     The work was to include, among other things, the removal and replacement of exterior wood.

6.     Counter-Defendant charged Counter-Plaintiff an unreasonably excessive fee to perform this labor.

7.     Counter-Defendant damaged the Property by failing to properly install the exterior wood, and Counter-Plaintiff has been forced to seek other contractors to not only perform the work Counter-Defendant was to have performed, but also repair the damage Counter-Defendant caused to the Property.

## CAUSE OF ACTION: BREACH OF WARRANTY

8.     The residential construction was not completed in a good and workmanlike manner, which was a breach of the implied warranty of good and workmanlike services for residential construction.

9.     Counter-Defendant's breach of warranty directly and proximately caused injury to Counter-Plaintiff.

## CAUSE OF ACTION: BREACH OF CONTRACT

10.     All conditions precedent have been met.

11. Counter-Plaintiff and Counter-Defendant had a valid, enforceable contract for the renovation of the Property.

12. Counter-Plaintiff performed, substantially performed, tendered performance or was excused from performing.

13. Counter-Defendant breached the contract, causing injury to Counter-Plaintiff.

## NEGLIGENCE

14. In the course of the transactions between Counter-Plaintiff and Plaintiff, Plaintiff owed Counter-Plaintiff a duty to ensure the work was completed in a professional, workman like manner.

15. Counter-Plaintiff would show that Plaintiff failed to exercise ordinary care in performing such duty. The acts and/omissions of Plaintiff as described hereinabove by which Plaintiff breached such duty constitute a proximate cause of the damages of Counter-Plaintiff described more fully hereinbelow, for which Plaintiff is liable to Counter-Plaintiff.

## DAMAGES FOR COUNTER-PLAINTIFF

16. As a direct and proximate result of the occurrence made the basis of this lawsuit, Counter-Plaintiff has incurred substantial expenses to fix the problems caused by Counter-Defendant's substandard work.

17. Counter-Plaintiff also seeks recovery of their attorney's fees, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code.

## PRAYER

Defendant/Counter-Plaintiff prays the Court enters judgment in favor of Defendant/Counter-Plaintiff, awards Defendant/Counter-Plaintiff the costs of court, attorney's fees, and such other and further relief as Defendant/Counter-Plaintiff may be entitled to in law or

in equity.

Respectfully submitted,

**HENLEY & HENLEY, P.C.**


/s/ R. Lane Addison
R. Lane Addison
Texas Bar No. 24059355
rladdison@henleylawpc.com
Geoff J. Henley
Texas Bar No. 00798253
ghenley@henleylawpc.com
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
214/821-0222 (Telephone)
214/821-0124 (Facsimile)

ATTORNEYS FOR COUNTER-PLAINTIFF


**CERTIFICATE OF SERVICE**

On this the ____ day of November, 2014 I hereby certify that a true and correct copy of the foregoing has been sent to Plaintiff/Counter-Defendant, PANINA INC. d/b/a JA CONSTRUCTION SERVICES, by and through the following:

John P. Knouse
16970 Dallas Parkway, Bdg. 300
Dallas, Texas 75248
214.380.1188-tel.
214.367.5982-fax

| | **HAND-DELIVERY** | **XXX FACSIMILE** |
| | **ELECTRONIC MAIL** | **REGULAR MAIL** |
| | **CERTIFIED MAIL** | |


/s/ R. Lane Addison
R. Lane Addison

## VERIFICATION

BEFORE ME, the undersigned authority, personally appeared David Christensen, who after being by me duly sworn, deposed as follows:

"My name is David Christensen. I have been granted to speak on behalf of the shareholder(s) / owner(s) of Heather Village, L.L.C. regarding the foregoing lawsuit. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged in the foregoing answer regarding the denial of the sworn account, which is true and correct."

_____
David Christensen, representative for Heather Village, LLC

**SUBSRIBED AND SWORN TO BEFORE ME** on November 5th, 2014 by David Christensen.

_____
Notary Public, State of California

SCOTT BETTENCOURT
Commission # 2003133
Notary Public - California
Los Angeles County
My Comm. Expires Jan 30, 2017

EXHIBIT "D"

**DEFENDANT'S RESPONSE TO PLAINTIFF'S "NO EVIDENCE"
MOTION FOR SUMMARY JUDGMENT**

FILED
TARRANT COUNTY
11/7/2014 11:27:56 AM
THOMAS A. WILDER
DISTRICT CLERK

NO. <u>17-266141-13</u>

| | | |
|---|---|---|
| PANINA, INC. D/B/A JA CONSTRUCTION SERVICES<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| | § | |
| V. | §<br>§ | 17TH JUDICIAL DISTRICT |
| HEATHER VILLAGE, LLC D/B/A THE HEATHER VILLAGE APT<br>Defendant. | §<br>§<br>§ | OF TARRANT COUNTY, TEXAS |

## DEFENDANT'S RESPONSE TO
## <u>PLAINTIFF'S NO EVIDENCE MOTION FOR SUMMARY JUDGMENT</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Defendant, Heather Village, LLC d/b/a The Heather Village Apt, Defendant herein, and requests this Honorable Court to DENY Plaintiff's No Evidence Motion for Summary Judgment.

### OBJECTION TO MOTION

Defendant objects to Plaintiff's motion for no-evidence summary judgment on the grounds that it is insufficient as a matter of law. The motion does nothing but state the elements of Defendants causes of action and states that there is no evidence to support any of the elements. In effect the Plaintiff is asking that the Defendant marshal evidence in support of all its claims, instead of identifying what specific element Defendant cannot meet their evidentiary burden. This is an improper use of a no-evidence motion for summary judgment that does nothing but raise the cost of litigation for all the parties.

For example, Plaintiff's motion states that there is no evidence that the parties had a valid contract. *See* Plaintiff and Counter-Defendant's "No-Evidence" Motion for Summary Judgment, Pg. 9. At the same time, Plaintiff has sued Defendant for breach of a written contract. Clearly the Plaintiff is not advancing any legitimate claims in their motion and, as such, the motion should be

denied or refiled to conform with the Texas Rules of Civil Procedure.

## INTRODUCTION

When a party files for a no-evidence summary judgment, the Plaintiff must allege that the Defendant has no evidence to support at least one element of Defendant's claim or defense.

The burden is on the Defendant to produce summary judgment evidence raising a genuine issue of material fact as to the challenged element.

The Court must view the evidence so produced in a light most favorable to the Defendant, indulging every reasonable inference and resolving any doubts in Defendant's favor.

## BREACH OF WARRANTY

Plaintiff asserts there is no evidence to support at least one of the essential elements of Defendant's counterclaim of Breach of Warranty. Plaintiff does not identify which specific element Defendant cannot prove, only that there is no evidence that Plaintiff breached any warranty with the Defendant.

Attached hereto and incorporated herein by reference, is an appendix containing affidavits and live pleadings that set forth summary judgment proof of the existence of a material fact concerning the existence of a valid warranty and the failure of Plaintiff to honor that warranty. In fact, the terms of the un-honored warranty are spelled out in the Plaintiff's original petition.

## BREACH OF CONTRACT

Plaintiff asserts there is no evidence to support at least one of the essential elements of Defendant's counterclaim of Breach of Contract. Plaintiff does not identify which specific element Defendant cannot prove, only that there is no evidence that Plaintiff breached any of the elements for breach of contract.

Attached hereto and incorporated herein by reference, is an appendix containing affidavits

and live pleadings that set forth summary judgment proof of the existence of a material fact concerning the existence of a valid warranty and the failure of Plaintiff to honor that warranty. Again, the actual contract is part of the Plaintiff's live pleadings. As specified in the attached affidavits, the work Plaintiff performed pursuant to that contract was substandard, shoddy, incompetent and deficient. Thus there is more than sufficient evidence to survive this motion.

## DAMAGES

Plaintiff asserts there is no evidence to support at least one of the essential elements of Defendant's counterclaim of Breach of Contract. As evidenced by the attached affidavit of Ken Tola, Defendant has been damaged by Plaintiff's conduct.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that this Court will deny Plaintiff's Motion for No Evidence Summary Judgment, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

**HENLEY & HENLEY, P.C.**

By: /s/ R. Lane Addison
R. Lane Addison
Texas Bar No. 24059355
Email: rladdison@henleylawpc.com
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
Tel. (214) 821-0222
Fax. (214) 821-0124
Attorney for Defendant
Heather Village, LLC d/b/a The Heather Village Apt

## **CERTIFICATE OF SERVICE**

I certify that on November 7, 2014 a true and correct copy of Defendant's Response to Plaintiff's Motion for No Evidence Summary Judgment was served on John P. Knouse electronically at knouselaw@yahoo.com.

/s R. Lane Addison
R. Lane Addison
E-mail: rladdison@henleylawpc.com

## NO. 17-266141-13

| | | |
|---|---|---|
| PANINA, INC. D/B/A JA CONSTRUCTION SERVICES Plaintiff, | § § § § | IN THE DISTRICT COURT |
| V. | § § | 17TH JUDICIAL DISTRICT |
| HEATHER VILLAGE, LLC D/B/A THE HEATHER VILLAGE APT Defendant. | § § § § | OF TARRANT COUNTY, TEXAS |

## APPENDIX TO
## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S NO EVIDENCE MOTION FOR SUMMARY JUDGMENT

### TABLE OF CONTENTS

All summary judgment evidence in this appendix is incorporated by reference into Defendant's Response to Plaintiff's Motion for No Evidence Summary Judgment.

Affidavit of David Christensen.................................................... Exhibit A

Affidavit of Ken Tola, an expert witness............................................ Exhibit B

Plaintiff's Original Petition........................................................ Exhibit C

NO. <u>17-266141-13</u>

| | | |
|---|---|---|
| PANINA, INC. D/B/A JA<br>CONSTRUCTION SERVICES<br>Plaintiff, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 17TH JUDICIAL DISTRICT |
| HEATHER VILLAGE, LLC D/B/A THE<br>HEATHER VILLAGE APT<br>Defendant. | §<br>§<br>§<br>§ | OF TARRANT COUNTY, TEXAS |

<u>AFFIDAVIT</u>

BEFORE ME, the undersigned authority, personally appeared David Christensen, who being duly sworn, deposed as follows:

"My name is David Christensen. I am the manager of the Real Estate Team Heather Village, LLC d/b/a The Heather Village Apt hired to get the construction under control at the apartment complex. I am at least 18 years of age and of sound mind. I have personal knowledge of the facts alleged in Defendant's Response to Plaintiff's Motion for No Evidence Summary Judgment. I hereby swear that the following statements in support of Defendant's Response to Plaintiff's Motion for No Evidence Summary Judgment are true and correct.

"The owners of Heather Village apartment complex had grown suspicious that construction at the complex was not progressing as planned. Having approximately 8 years in construction, and with my immediate family having approximately 75 years in the field of construction, I was asked by the Heather Village complex owners to become a member of their 'Real Estate Team' to help resolve any concerns and move the project forward.

"Around December of 2012 I was sent to Heather Village to inspect the work of JA Construction, who had claimed they had completed, and to either approve, or not approve, using them to side the remaining buildings.

"Within minutes of arriving at the complex, JA's siding work seemed to be nothing more than simple painting of the previous old wood siding. Closer inspection seemed to reveal that JA replaced a few pieces 'here' and 'there' yet were charging an astronomical amount for the work performed. If JA thought the structures needed 'full replacement' he should have insisted it be done. The complex owners were relying on JA's professional expertise.

"I spoke with JA of JA Construction about the work and expressed concerns that the work was substandard and deficient. In fact, we had a meeting in late November or early December 2012 to discuss the work JA Construction had performed up to that point. At that meeting, I asked JA Construction to provide receipts for all materials purchased and for a detailed list of the work they performed. None of that information was ever given to me or Heather Village.

"Also, JA apparently was intermixing wood siding with cement fiber siding (aka Hardie Board or James Hardie Board). This intermixing method is typically never done by reputable contractors. It's major 'building 101' mistake. The work also lacked backer board which provides protection against moisture damage and mold growth. (We unfortunately, discovered the no moisture barrier aspect when we had attempted to fix some of JA's work).

"JA did full replacement siding on a couple of buildings. They claimed to a have used official James Hardie board for their material.

"A short time later, I was shown a pallet of the so-called 'Hardie Board' JA had been implementing. The look and 'feel' of these boards did not seem correct. The entire vibe of JA construction left me with a gut instinct that 'things didn't smell right'. Given the sub-standard work of JA, an official James Hardie Board specialist was located ('Super Siding'). Ken Tola (owner of Super Siding) was called and he agreed to come out the following morning to meet with the Heather Village owners, the top officials with Sun Gate Management (the Property

Management Company for Heather Village at that time), and all the other members of the real estate team.

"During the following day's meeting it became fairly heated at times for both JA Construction and Sun Gate Management could not locate receipts for materials used in the 'partial replacement' buildings they had worked on. We had been asking for weeks prior to this meeting and we were promised the receipts would be shown to us at this meeting. The official for JA Construction kept repeating something to the effect of: "Typical materials and stuff, you know."

"Furthermore, JA Construction failed to provide a detailed assessment (neither orally nor in writing) of the work he performed. In addition, Ken Tola informed all of us, including the official from JA, that JA's work was shoddy. The so-called Hardie Board JA was using was, in fact, generic/fake Hardie Board made in Mexico. That fake board does not come with a 20 year guarantee, other than JA saying, 'if there's a problem, hey, I'll come out and fix it."

"Needless to say, we accepted Ken Tola / Super Siding's bid to complete the remaining buildings using the official James Hardie board.

"In closing, to add insult to injury, when the raining reason began, many additional pieces of JA's siding work were falling off the structures. Drains were also not placed back properly which caused us thousands of dollars in repairs. Flashing was either not installed properly or not installed, causing interior flooding to apartments. This in turn, caused us to be written up by the city. We had to pay additional thousands of dollars of interior wall/cabinet/insulation/mold repair."

017-266141-13

David Christensen, as Representative of Heather Village. LLC d/b/a The Heather Village Apt

**SUBSCRIBED AND SWORN TO BEFORE ME** on November 6th, 2014. by David Christensen.

Notary Public. State of California

SCOTT BETTENCOURT
Commission # 2003133
Notary Public - California
Los Angeles County
My Comm Expires Jan 30, 2017

NO. <u>17-266141-13</u>

| | | |
|---|---|---|
| PANINA, INC. D/B/A JA CONSTRUCTION SERVICES Plaintiff, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | 17TH JUDICIAL DISTRICT |
| HEATHER VILLAGE, LLC D/B/A THE HEATHER VILLAGE APT Defendant. | §<br>§<br>§ | OF TARRANT COUNTY, TEXAS |

### AFFIDAVIT OF KEN TOLA

BEFORE ME, the undersigned authority, personally appeared Ken Tola, who being duly sworn, deposed as follows:

"My name is Ken Tola. I am at least 18 years of age and of sound mind. I have personal knowledge of the facts alleged herein, which are true and correct.

"I am the owner and operator of Super Siding. I have over 30 years of experience as a general contractor and have done countless siding jobs on residential and commercial properties. I have personally inspected all the work performed by JA Construction Services in this case, as well as the invoices JA Construction sent to Heather Village. The work previously done was to Units 6012, 6008, 6004, 6000, 6001, 6005, 6000 and 6004.

"My company Super Siding and Remodeling is a certified James Hardie Contractor. We have services hundreds of commercial and residential customers, installing James Hardie certified siding. In that time, we have not had one complaint logged by James Hardie.

"After reviewing the invoices and work performed by JA Construction in this case, we have identified the following deficient and substandard workmanship:

1. JA Construction did not utilize authentic James Hardie siding, commonly referred to as Hardie Board, despite charging Heather Village for that product.
2. The siding installed by JA Construction was an inferior Maxitile product that was almost certainly less expensive and does not hold up well as James Hardie siding.
3. JA Construction utilized wood for trim. Wood used as trim has an extremely short shelf-life.

4. The repairs JA Construction made were merely cosmetic, and did not address or fix the root cause of the problems.

5. JA Construction was not removing the rot underneath the siding they were replacing.

"On start of work on unit 6008 we encountered an enormous amount of structural damage. Working with the city of Fort Worth inspectors, we had to replace most of the support headers (2x12s, 2x10s, and 2x8s). We also replaced hundreds of 2 x 4 framing, rebuilt all chimneys and most of the insulation. This remedial work was needed on all of the 18 buildings we worked on.

"When we removed the inferior Maxitile siding, we discovered the following deficient and substandard workmanship:

1. JA Construction did not install weather-barriers. We went back and installed Moisture wrap.

2. JA Construction did not install window flashing. Window flashing is necessary to stretch and seal window and doors.

3. JA Construction did not use metal fishing or seam sealers.

4. We inspected many of the pressure-treated bottom plates on the previous contractors units and they were rotted. JA Construction did not address these problems.

5. JA Construction did not rebuild any of the falling-in electrical panel boxes. As such, we had to go back and rebuild those just to pass the City of Fort Worth inspection (City code required this).

"Based on all this evidence, there is no surprise that the units JA Construction "repaired" were in such deplorable conditions. The worked performed by JA Construction for Heather Village was substandard. Most of the "repairs" does by JA Construction will need significant remedial work. In my opinion, JA Construction knew what to do but did everything as cheap as possible and that they could get away with.

"Based on my extensive experience, inspecting the property, and completing some of the remedial work, the cost to properly fix the problems JA Construction ignored or created will cost approximately $166,500.00."

Ken Tola/Affiant

017-266141-13

**SUBSCRIBED AND SWORN TO BEFORE ME** on November ___7___, 2014, by Ken Tola.

Notary Public, State of Texas

DEVONNA WALKER HOLLAND
Notary Public
STATE OF TEXAS
My Comm. Exp. August 21, 2015

CAUSE NO. __017 266141 13__

| | | |
|---|---|---|
| PANINA, INC d/b/a | § | IN THE [ ] JUDICIAL |
| JA CONSTRUCTION SERVICES | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| HEATHER VILLAGE, LLC. , D/B/A | § | |
| THE HEATHER VILLAGE | § | |
| APARTMENTS | § | |
| Defendant | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, PANINA, INC d/b/a JA CONSTRUCTION SERVICES, referred to herein as "Plaintiff" or "PANINA", and files this, its Original Petition, complaining of HEATHER VILLAGE, LLC., D/B/A THE HEATHER VILLAGE APARTMENTS, hereinafter referred to herein as "Defendant" or "HEATHER VILLAGE" and for cause of action, Plaintiff would respectfully show the Court the following:

### I.
### PLAN OF DISCOVERY LEVEL 3

Pursuant to T.R.C.P. Rule 190.3, discovery will be conducted under Level 3.

### II.
### PARTIES

Plaintiff, PANINA, INC d/b/a JA CONSTRUCTION SERVCES. is a Texas Corporation, having its principal place of business in the City of Dallas, Dallas County, Texas.

Defendant, HEATHER VILLAGE, LLC. is a Texas Limited Liability Corporation, with its principal place of business located at 12815 SE Rivercrest

Dr4. Vancouver, WA 98683-6623. . Defendant owns operates, and does business as the **THE HEATHER VILLAGE APARTMENTS**, located at 6000 Boca Raton in Fort Worth, Tarrant County, Texas 75112. Defendant may be served with process by serving its Registered Agent for Service, Charles Gillis, at its registered address for service at 8 East Greenway Parkway, Ste. 818, Houston, Texas 77046.

### III.
### FACTUAL BACKGROUND

A.      On October 11, 2012, the Defendant, **HEATHER VILLAGE, LLC**, by and through its agents and representatives, Sungate Management, Inc. , located at 9550 Skillman Street, Ste. 210, Dallas, Texas,  signed and accepted on November 14, 2012, entered into a written contract with Plaintiff, **PANINA, INC. d/b/a JA CONSTRUCTION SERVICES**, requesting Plaintiff to perform wood replacement and exterior paint repairs to Defendant's property, known as **THE HEATHER VILLAGE APARTMENTS**, located at 6000 Boca Raton in Fort Worth, Tarrant County, Texas 75112 for a total sum of $46,000.00. A copy of the written contract is attached hereto as Exhibit 1 and is incorporated herein by reference for all purposes.

B.      Under the terms and conditions of the written contract 50% of the total contract price in the sum of $23,000.00 was due and payable upon delivery of the materials and commencement of work at the apartment building located at 6000 White Dove Drive in Fort Worth, Texas for which Plaintiff submitted its invoice No. 1115201202 on November 15, 2012, which is attached hereto as Exhibit 2 and is

incorporated herein by reference for all purposes. Furthermore under the terms and conditions of the written contract the remaining 50% of the total contract price in the sum of $23,000.00 was due and payable upon completion of the renovation work at the apartment building located at 6000 White Dove Drive in Fort Worth, Texas for which Plaintiff submitted its invoice No. 1115201203 on November 15, 2012, which is attached hereto as Exhibit 3 and is incorporated herein by reference for all purposes.

C.   After performing the renovation work requested, Defendant agreed to a change order requesting Plaintiff to further provide additional labor and materials in repairs to the apartment building located at 6000 White Dove Drive in Fort Worth, Texas , which were provided by the Plaintiff at Defendant's special instance and request in the additional sum of $5,200.00 as specified in the Plaintiff invoice No. 1122201201 on November 22, 2012, which is attached hereto as Exhibit 4 and is incorporated herein by reference for all purposes.

D.   The total reasonable value of all of the services, labor, and materials furnished by the Plaintiff at the request of Defendant is the sum of $51,200.00. which services were specified in the written contract and are also itemized in the invoices attached hereto as Exhibits 1, 2, 3, and 4. Defendant has made no payments toward for the labor and materials ordered by it, and there is a balance due and owing of the full amount of $51,200.00

E.   Although Plaintiff has on numerous occasions made demand for payment by Defendant for the balance due, Defendant has failed and refused to

pay Plaintiff the past due balance for the additional services ordered or any part of it, to Plaintiff's damage in the total sum of $51,200.00.

F.  A written demand letter requesting payment of the full amount of $51,200.00 was sent by Plaintiff's Director of Operations, Ofer Abramov and Susan Briggeman, Plaintiff's President to Defendant's agent, Sungate Management, Inc. on January 18, 2013, which is attached hereto as Exhibit "5" and which is incorporated herein by reference for all purposes.

## IV.
## FIRST CAUSE OF ACTION- SWORN ACCOUNT

A.  Plaintiff incorporates the "Factual Background", set forth in Paragraph III, A-F, by reference.

B.  Plaintiff would show the Court that Defendant is indebted to Plaintiff in the sum of $51,200.00 on a mutual, open and current account. The sum is the balance due and owing by the Defendant to the Plaintiff to provide exterior repairs and painting for Defendant, HEATHER VILLAGE, LLC, on its property known as the "THE HEATHER VILLAGE APARTMENTS", located at 6000 Boca Raton and 6000 White Dove Drive, in Fort Worth, Tarrant County, Texas 75112, as described in invoices submitted therefor, dated November 15 2012, and November 22, 2012, which are attached hereto as Exhibits 2, 3, and 4, which labor and materials were provided to the Defendant by Plaintiff at Defendant's request. In consideration therefore, the Defendant agreed to pay Plaintiff the reasonable prices charges for such labor and materials. An itemized,

verified statement of account for the transactions contained in the said three invoices, which are attached, and marked as Exhibit "2, 3, and 4", which are incorporated herein by reference for all purposes as fully as if the same were copied verbatim herein.

C.    The aggregate value of all of the labor and services performed, specified in the itemized, verified statement of account, attached as Exhibits 2,3,and 4 is the sum of $51,200.00 of which no payments have been paid by the Defendant to Plaintiff, leaving a total balance due, owing and unpaid of $51,200.00.   Although Plaintiff has on numerous occasions made demand for payment by Defendant for the balance due, Defendant has failed and refused to pay Plaintiff the past due balance or any part of it to Plaintiff's damage in the sum of $51,200.00.

D.    Prior to the commencement of this action, Plaintiff presented its claim to the Defendant, more than thirty (30) days preceding the filing of this lawsuit as shown by the account and invoices, dated November 15, 2012 and November 22, 2012, attached as Exhibits "2, 3, and 4", as well as in the demand letter from Plaintiff to Defendant's agent, Sungate Management, Inc. on January 18, 2013, which is attached hereto as Exhibit "5", all of which are incorporated herein by reference for all purposes as fully as if the same were copied verbatim herein.

E.    It has been necessary for Plaintiff to employ John P. Knouse, Attorney at Law, whose address is 16970 Dallas Parkway, Building 300, Dallas,

Texas, 75248, to represent it in collection of this claim. Plaintiff would show the Court that because more than thirty (30) days has elapsed since Plaintiff presented this claim to Defendant; Plaintiff is entitled to recover said attorney's fees as provided by Section 38.001 et seq. of the Texas Civil Practices and Remedies Code, as pled for herein. Plaintiff is entitled to recover from Defendant reasonable attorney's fees, which Plaintiff represents will be in the minimum sum of $10,000.00 for collection of the account but the amount of the attorney's fees may increase depending upon the difficulty and work involved in obtaining the judgment. In the event a judgment shall be entered in this case and the case shall be appealed to the Court of Appeals for the Fifth District of Texas, Plaintiff will also be entitled to recover reasonable attorney's fees on appeal which Plaintiff allege will be in a minimum sum of $10,000.00. In the event that either party shall file a Petition for Review to the Supreme Court for the State of Texas, Plaintiff will further be entitled reasonable attorney's fees in a minimum sum of an additional $10,000.00.

## V.
## SECOND CAUSE OF ACTION-BREACH OF CONTRACT

A. Pleading further and in the alternative, if necessary, Plaintiff incorporates the "Factual Background", set forth in Paragraph III, A-F, by reference.

B. As previously stated, Plaintiff, PANINA, INC. d/b/a JA CONSTRUCTION SERVICES, is a Texas Corporation, having its principal

office and place of business at 5421 Alpha Road, Suite 100, in Dallas, Dallas County, Texas. Plaintiff would show the Court that at all times relevant hereto, the Defendant, **HEATHER VILLAGE, LLC,** owned and operated the **HEATHER VILLAGE APARTMENTS.**

C.     On October 11, 2012, the Defendant, Defendant, **HEATHER VILLAGE, LLC,** by and through its agents and representatives, Sungate Management, Inc., located at 9550 Skillman Street, Ste. 210, Dallas, Texas, signed and accepted on November 14, 2012, entered into a contract with Plaintiff, **PANINA, INC. d/b/a JA CONSTRUCTION SERVICES,** to perform repairs and painting to the exterior of Defendant's property, known as the **HEATHER VILLAGE APARTMENTS,** located at 6000 Boca Raton and 6000 White Dove Drive in Fort Worth, Tarrant County, Texas 75112 for a total sum of $46,000.00. A copy of the written contract is attached hereto as Exhibit 1 and is incorporated herein for all purposes. As stated previously under the terms and conditions of the written contract 50% of the total contract price in the sum of $23,000.00 was due and payable upon delivery of the materials and commencement of work at the apartment building located at 6000 White Dove Drive in Fort Worth, Texas for which Plaintiff submitted its invoice No. 1115201202 on November 15, 2012, which is attached hereto as Exhibit 2 and is incorporated herein by reference for all purposes. Furthermore under the terms and conditions of the written contract the remaining 50% of the total contract price in the sum of $23,000.00 was due and payable upon completion of the renovation work at the apartment building

located at 6000 White Dove Drive in Fort Worth, Texas for which Plaintiff submitted its invoice No. 1115201203 on November 15, 2012, which is attached hereto as Exhibit 3 and is incorporated herein by reference for all purposes.

D. In addition, Defendant's agents and representatives by a change order further requested Plaintiff to perform additional repairs to the apartment building located at 6000 White Dove Drive in Fort Worth Texas which are specified the invoice therefor attached to this Original Petition, as Exhibits 4, which is incorporated herein by reference for all purposes and for which Defendant contracted to pay Plaintiff the additional sum of $5,200.00.

E. Plaintiff would show the Court that it fully performed its contract for additional services, performing all of the exterior repair services and providing labor and materials, obligating Defendant to pay the total contract price of $51,200.00.

F. Plaintiff would show the Court that no payments were ever made by the Defendant, HEATHER VILLAGE, LLC D/B/A THE HEATHER VILLAGE APARTMENTS for the labor and materials requested by it through its agents and representatives, and performed by Plaintiff.

G. Plaintiff would show the Court that although Plaintiff has demanded payment, contract balance of $51,200,00, the Defendant, HEATHER VILLAGE, LLC D/B/A THE HEATHER VILLAGE APARTMENTS, has failed and refused and still fails and refuses to make any payment on the past due balance of $51,200.00 in breach of its contract(s) to pay the Plaintiff for its services and for

the labor and materials provided as fore-described. By reason of the Defendant's breach of its contract, Defendant is obligated to pay the balance due under the contract(s) for the labor and materials provided by Plaintiff under the contract in the total sum of $51,200.00, for which Plaintiff seeks judgment against the Defendant, **HEATHER VILLAGE, LLC D/B/A THE HEATHER VILLAGE APARTMENTS.**

G    Prior to the commencement of this action, Plaintiff presented its claim to the Defendant, more than thirty (30) days preceding the filing of this lawsuit, as shown by the invoices attached hereto as Exhibit "2, 3, and 4", and in the demand letter by Plaintiff sent to Defendant's agent and representative Sungate Management, Inc. , attached hereto as Exhibit "5", which are incorporated herein by reference for all purposes. As a result of Defendant's breach of contract and refusal to pay the balance due under the contract, it has been necessary for Plaintiff to employ John P. Knouse, Attorney At Law, whose address is 16970 Dallas Pkwy., Bldg 300, Dallas, Texas to represent it in the prosecution of this breach of contract claim. Plaintiff would show the court that because more than thirty (30) days has elapsed since Plaintiff presented this claim to Defendant, that Plaintiff is entitled to recover said attorney's fees pled for herein as provided by Section 38.001, *et seq* of the Texas Civil Practice and Remedies Code. Plaintiff is entitled to recover from Defendant reasonable attorney's fees, which Plaintiff represents to be the minimum sum of $10,000.00 for the breach of contract, which attorney's fees may increase depending upon the difficulty and work involved in

obtaining the judgment. In the event a judgment shall be entered in this case and if the case shall be appealed to the Court of Appeals for the Fifth District of Texas, Plaintiff will also be entitled to recover reasonable attorney's fees on appeal, which Plaintiff alleges to be the minimum sum of $10,000.00. In the event that either party shall file a Petition for Review to the Supreme Court of the State of Texas, Plaintiff will further be entitled to reasonable attorney's fees in the minimum sum of $10,000.00.

## VI.
## THIRD CAUSE OF ACTION- IMPLIED CONTRACT/QUANTUM MERUIT

A.    Pleading further and in the alternative, if necessary, Plaintiff incorporates the "Factual Background", set forth in Paragraph III, A-F, by reference.

B.    Plaintiff would show the Court that Plaintiff has rendered valuable services to Defendant for the specific improvement of Defendant's property known as the "THE HEATHER VILLAGE APARTMENTS" located at 6000 Boca Raton and 6000 White Dove Drive in Fort Worth, Tarrant County, Texas 76112, as described in the Factual Background and as described in the invoices attached as Exhibits 2, 3, and 4, incorporated herein by reference.

C.    Plaintiff performed the services rendered to Defendant at Defendant's request. In addition, Defendant accepted, and has used and enjoyed the services provided by Plaintiff, in that Defendant has kept and is using the

improvements to its property made by Plaintiff, which Defendant acknowledges and for which it has offered only to pay the costs of materials.

D.     Under these circumstances, Defendant had, or should have had, reasonable notice that Plaintiff expected that Defendant would pay Plaintiff for the services Plaintiff performed for Defendant.

E.     Defendant has been unjustly and unfairly enriched, in that Defendant has benefitted by the services performed on its behalf by Plaintiff, but fails and refuses to pay Plaintiff for the reasonable value of those services and materials provided, which Plaintiff alleges to be in the sum of $51,200.00

F.     Requiring that Defendant make restitution for the services performed by Plaintiff at Defendant's request and on Defendant's behalf will not result in a material change in the Defendant's position.

## VII.
## FOURTH CAUSE OF ACTION-FORECLOSURE OF MECHANIC'S LIEN

A.     Plaintiff incorporates the "Factual Background "set forth in Paragraph III, A-F, by reference .

B.     Plaintiff would show the Court that on February 5, 2013, Plaintiff sent a notice of its claim to Defendant, HEATHER VILLAGE, LLC, by certified mail, return receipt requested, advising  Defendant that a lien would be filed and making a demand for payment of balance due and owing in the sum of $51,200.00 for the repairs, painting and other services performed at the request of Defendant, HEATHER VILLAGE, LLC , prior to the  filing an Affidavit for a

Mechanic's Lien. A copy of Plaintiff's written Final Demand Before Claim of Lien, dated February 5, 2013, is attached as Exhibit "6", and is incorporated herein by reference for all purposes as fully as if the same were copied verbatim herein.

C.   After no payment was made by the Defendant, HEATHER VILLAGE, LLC, on February 21, 2013, Plaintiff filed an Affidavit for a Mechanic's Lien for the labor performed and materials furnished on the behalf of Defendant, HEATHER VILLAGE, LLC, for wood replacement, repairs, painting, labor and materials furnished to its property known as the HEATHER VILLAGE APARTMENTS commencing in October, 2012 for the total amount of $51,200.00, a copy of which is attached hereto as Exhibit "7" and incorporated herein for all purposes.

D.   Plaintiff prays that after a final hearing herein, and upon a judgment being entered by the Court based either the Plaintiff's claim for breach of contract or Plaintiff's claim for sworn account for the labor and materials provided to the Cross-Defendant, that the Court include in its final order and judgment, a foreclosure of the Mechanic's Lien on the HEATHER VILLAGE APARTMENTS owned and operated by Cross-Defendant, HEATHER VILLAGE, LLC .

WHEREFORE, PREMISES CONSIDERED, Plaintiff, PANINA, INC. d/b/a JA CONSTRUCTION SERVICES, prays that Defendant, HEATHER VILLAGE, LLC. d/b/a HEATHER VILLAGE APARTMENTS, be cited to appear and answer Plaintiff's Original Petition , as required by law, and that upon

final hearing hereof, Plaintiff have judgment against Defendant for the total sum of $51,200.00, with post judgment interest thereon at the rate of 10% per annum from the date of judgment until paid in full, as provided by law, together with reasonable attorney's fees, and all costs of court; for foreclosure of it Mechanic's Lien on Plaintiff's property known as the **HEATHER VILLAGE APARTMENTS** and that Plaintiff be granted such other and further relief, both general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICE OF JOHN P. KNOUSE

JOHN P. KNOUSE
State Bar Number: 11624000
16970 North Dallas Parkway
Bldg 300
Dallas, Texas 75248
(972) 380-1188 (Telephone)
(214) 367-5982 (Telecopier)

**ATTORNEY FOR PLAINTIFF,**
PANINA, INC. d/b/a JA
CONSTRUCTION SERVICES

THE STATE OF TEXAS §
§
COUNTY OF DALLAS §

BEFORE ME, the undersigned authority, on this day personally appeared SUSAN BRIGGEMAN, who, being by me duly sworn, upon her oath states that she is the President of Plaintiff, PANINA, INC., a corporation incorporated and existing under the laws of the State of Texas, having its principal office and place of business in Dallas, Dallas County, Texas, doing business as JA CONSTRUCTION SERVICES and that she has authority as the President of PANINA, INC. to make this affidavit on its behalf; that she has read the foregoing Plaintiff's Original Petition and the matters alleged in the Plaintiff's Original Petition are true and correct of her own personal knowledge; that the itemized account of Plaintiff PANINA, INC. d/b/a JA CONSTRUCTION SERVICES and the suit thereon against HEATHER VILLAGE, LLC., D/B/A THE HEATHER VILLAGE APARTMENTS, for the sum of $51,200.00, as specified in the contract attached as Exhibit "1" and in the invoices attached at Exhibits "2, 3, and 4" to Plaintiff's Original Petition, is within her personal knowledge, just and true; and that the account is due; and that all just and lawful assets, payments and credits have been allowed.

_____
SUSAN BRIGGEMAN, President of
Panina, Inc.

SWORN TO AND SUBSCRIBED before me by the said SUSAN BRIGGEMAN, on this $\mathbb{X}$ day of May, 2013, to which witness my hand and seal of office.



Rachel Abramov

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

**EXHIBIT "1"**



Renovation Specialties        Commercial        Multi-Family & Industrial

October 11, 2012

Attn: Jody Blankenbaker
Walter Fingleman
Sungate Property Management
9550 Skillman St.
Ste. 210
Dallas TX 75243

Re:    Exterior Renovations on 6000, 6009 and 6013 White Dove
       Heather Village Apts.
       6000 Boca Raton Blvd.
       Fort Worth TX 76112

**J.A. CONSTRUCTION SERVICES WILL FURNISH ALL LABOR, MATERIAL AND
INSURANCE NECESSARY TO PERFORM THE FOLLOWING ON THE ABOVE
REFERENCED PROJECT.**

<u>Bldg. at 6000 White Dove</u>

- Remove and replace 10,000 lf of damaged siding with Hardie Complank
  $28,400.00

- Install 3,000 lf of 1 x 8 lap and gap cedar
  $10,500.00

- Perform all necessary framing and close off 6 exterior closets
  $1,200.00

- Remove and replace 7 sheets of 4 x 8 soffit
  $525.00

- Remove and replace 1,782 lf of misc. trim – 1 x 2, 1 x 6, 1 x 4, 1 x 8, etc.
  $5,375.00

- Paint exterior to match buildings newly painted

  *Cost for Building 6000: $46,000.00*

<u>Bldg. at 6009 White Dove</u>

- Remove and replace 8,000 lf of damaged siding with Hardie Complank
  $21,680.00

- Install 2,000 lf of 1 x 8 lap and gap cedar
  $7,000.00

<u>5421 Alpha Road ° Suite 100 ° Dallas, TX 75240 ° (972)-392-1669 ° Fax: (972)-392-1902</u>



Renovation Specialties          Commercial          Multi-Family & Industrial

- Perform all necessary framing and close off 4 exterior closets
  $800.00

- Remove and replace 6 sheets of 4 x 8 soffit
  $450.00

- Remove and replace 4,000 lf of misc. trim – 1 x 2, 1 x 6, 1 x 4, 1 x 8,etc.
  $12,070.00

- Paint exterior to match buildings newly painted

*Cost for Building 6009: $42,800.00*

## Bldg. 6013 White Dove

- Remove and replace 12,000 lf of damaged siding with Hardie Cemplank
  $32,475.00

- Remove and replace 3,000 lf of 1 x 8 lap and gap cedar
  $10,500.00

- Perform framing needed to close off 12 exterior closets
  $2,400.00

- Remove and replace 3,000 lf of misc. trim – 1 x 2, 1 x 6, 1 x 4, 1 x 8,etc.
  $7,500.00

- Remove and replace 15 sheets of 4 x 8 soffit material
  $1,125.00

- Paint exterior to match buildings newly painted

*Cost for Bldg. 6013:  $54,000.00*

*Total Investment:  $142,800.00*

## Protection:

All precautions will be taken to protect property and landscaping. All areas will be cleaned upon completion of work each day. We will provide a storage container on property to secure our materials. All employees on the job-site will be uniformed and supervised.



Renovation Specialties        Commercial        Multi-Family & Industrial

**Terms:**

Progress and material draws to be arranged upon Owner acceptance of proposal. Wood replacement shall carry a one year labor warranty and the Manufacturer's warranty. The warranty on painting will be three years on labor and five on the products. The warranty shall commence upon completion of work and is non-transferable upon changes in Ownership or Management. The warranty covers against material failure. The warranty does not cover surface abuse, neglect, sprinkler damage, moisture or Acts of God.

**Payments:**

JA requires that a down payment of 50% be made upon delivery of materials and commencement of work and the balance paid at completion.

Thank you for considering us, as we look forward to establishing a good business relationship with you and your company in the future.
If you have any questions, please do not hesitate to contact us.

**Respectfully,**

_____
Susan L. Briggeman, President
Panina, Inc. dba
J.A. Construction Services

## ACCEPTANCE of HEATHER VILLAGE BUILDINGS 6000, 6009 and 6013 WHITE DOVE RENOVATIONS

The Price, Specifications and Conditions mentioned are satisfactory and are hereby accepted. You are authorized to begin working as stated.

ACCEPTED ___✓_____        SIGNATURE _Jody Blankenship_

DATE _11/14/2012_        TITLE _Vice President Operations_
                                 _Agent for Owner_

5421 Alpha Road • Suite 100 • Dallas, TX 75240 • (972)-392-1669 • Fax: (972)-392-1909

EXHIBIT "2"

**Panina, Inc. dba J.A. Construction Services**

5421 Alpha Road
Suite 100
Dallas, TX 75240
PHONE (972) 392-1669

# INVOICE

| DATE | INVOICE # |
|------|-----------|
| 11/15/2012 | 1115201202 |

**BILL TO**

Heather Village Apts
Attn: Jody Blankenbarker
6000 Boca Raton Boulevard
Fort Worth TX 76112

| DUE DATE | PROJECT NAME |
|----------|--------------|
| 11/15/2012 | Heather Village |

| DESCRIPTION | | | AMOUNT |
|-------------|--|--|--------|
| First Draw: 50% down for delivery of materials and commencement of work at bldg 6000 White Dove Dr. | | | 23,000.00 |

Thank you for your business.

| | |
|--|--|
| **Total** | $23,000.00 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $23,000.00 |

EXHIBIT "3"

**Panino, Inc. dba J.A. Construction Services**

# INVOICE

5421 Alpha Road
Suite 100 .
Dallas, TX 75240
PHONE (972) 392-1669

| DATE | INVOICE # |
|------|-----------|
| 11/15/2012 | 1115201203 |

| BILL TO |
|---------|
| Heather Village Apts<br>Attn:  Jody Blankenbarker<br>6000 Boca Raton Boulevard<br>Fort Worth TX 76112 |

| DUE DATE | PROJECT NAME |
|----------|--------------|
| 11/15/2012 | Heather Village |

| DESCRIPTION | | | AMOUNT |
|-------------|--|--|--------|
| Completion of renovations at Bldgs. 6000 White Dove Dr Final 50% | | | 23,000.00 |

Thank you for your business.

| | |
|--|--|
| Total | $23,000.00 |
| Payments/Credits | $0.00 |
| **Balance Due** | $23,000.00 |

**EXHIBIT "4"**

**Pasina, Inc. dba J.A. Construction Services**

# INVOICE

5421 Alpha Road
Suite 100
Dallas, TX 75240
PHONE (972) 392-1669

| DATE | INVOICE # |
|------|-----------|
| 11/22/2012 | 1122201201 |

| BILL TO : |
|-----------|
| Heather Village Apts<br>Attn: Jody Blankenbarker<br>6000 Boca Raton Boulevard<br>Fort Worth TX 76112 |

| DUE DATE | PROJECT NAME |
|----------|--------------|
| 11/22/2012 | Heather Village |

| DESCRIPTION | | | AMOUNT |
|-------------|--|--|--------|
| Change Order 6000 White Dove Dr:<br>Remove and replace 40 lf of 2 x 4 building studs<br>Remove and install new house wrap for moisture barrier where reframing<br>Install 1200 sf of felt for insulation<br>Remove and replace 45 sheets of OSB<br>Remove and replace 200 lf of 2 x 4 building plates<br>Install new metal brackets for headers per inspector<br>Remove and replace 45 sheets of 4 x 8 plywood decking<br>Remove and Replace 100 lf of 2 x 8 joists<br>Haul off all debris and clean worksite daily and upon completion | | | 5,200.00 |

Thank you for your business.

| Total | $5,200.00 |
|-------|-----------|
| Payments/Credits | $0.00 |
| **Balance Due** | $5,200.00 |

**EXHIBIT "5"**



Renovation Specialties        Commercial        Multi-Family & Industrial

January 18, 2013

Attn: Jody Blankenbaker
Sungate Management, Inc.
9550 Skillman St., Ste. 210
Dallas TX 75243

Re:    Heather Village Apts.
       6012 Woodthrush
       For Worth TX 76112

Dear Jody,

We are aware that the Owner of Heather Village has contracted with another company to complete the renovations of the property. We have removed all of our materials from the job site and have asked the City of Fort Worth to provide us with a credit on the two additional permits that we had open. I am sorry that we were unable to continue working on this project with the Owner and Sungate Management but I understand that they wanted to work with another contractor. It is very disappointing to us that we had to learn of these developments on our own and no one took the time to inform us that we had lost the job or thank us for bidding on it.

Our concern is that the Owner has not paid us the down payment, balance or change order on the last building that we completed which is 6012 Wood Thrush Dr. The amounts of those invoices are $23,000.00, $23,000.00 and $5,200.00 collectively which comes to a total of $51,200.00. We have not made any legal attempts to collect these funds because of our relationship with your company and our previous history with the Owner and his staff but we are extremely frustrated by the fact that you cannot tell us when to expect payment. That is unacceptable. The first invoice was sent to you on November 15, 2012 and it has come to the point where we must protect our lien rights. This situation has become further egregious due to the fact that now someone else is working on the property and their demands for payment will come first. To date, we have received no phone calls, letters, emails or faxes which state that there is anything defective in the work we performed and the City issued a final green tag on this building quite awhile ago. The Owner has no reason not to pay for work performed. If there is a financial difficulty on his side and he needed to pay this over time then we should have been informed long ago to make arrangements with him.

Also, the contract that we each signed stated that the payment terms were to be a draw upon commencement of work for 50% of the project, a final draw of 50% and payment of any change orders at completion. If we do not receive the full sum due to us by the close of business on Friday, January 25th then we will contact our attorney and begin the lien process on this property. We will take any and all legal action necessary to close that lien and file suit against all parties for breach of contract and fraud as this contract was falsely represented to us. We hope to hear something from you to avert this process. Please make the Owner aware of our intentions. Thank you.

Very Truly Yours,

Ofer Abramov, Director of Operation
Susan Briggeman, President
Paalna Inc. dba JA Construction Services

EXHIBIT "6"

# FINAL NOTICE BEFORE CLAIM OF LIEN

Date: 2/5/13

To: Heather Village, LLC.
12815 SE Rivercrest Dr.
Vancouver WA 98683-6623

CC: Sungate Management, Inc.
9550 Skilman St., Ste. 210
Dallas TX 75243

Sent Via Email and Certified Mail: 7009-3410-0000-3813-7048

Demand is hereby made for payment of the sum of, **Fifty one thousand and two hundred dollars and no cents ($51,200.00)**

due to the undersigned and in arrears since November 15, 2012.

Failure to remit payment within (7) days of date of this notice will result in immediate claim of lien on the above mentioned property, litigation to perfect the lien and collection of all damages and legal fees.

## THERE WILL BE NO FURTHER NOTICE

Panina Inc, dba JA Construction
Creditor

5421 Alpha Road Suite 100
Address
Dallas, Texas 75240

(972) 392-1669
Telephone

**From:** jessica@jaconstructionservices.net (jessica@jaconstructionservices.net)
**To:** knouselaw@yahoo.com;
**Date:** Thu, May 23, 2013 12:22:04 PM
**Cc:**
**Subject:** Fw: U.S. Postal Service Track &amp; Confirm email Restoration - 70093410000038137048

John,

This is the notice before claim of lien proof of delivery that you requested.

Thanks


> ------Original Message------
> From: US_Postal_Service@usps.com
> To: jessica@jaconstructionservices.com
> Subject: U.S. Postal Service Track & Confirm email Restoration - 70093410000038137048
> Sent: May 22 '13 2:06pm
>
> This is a post-only message. Please do not respond.
>
> Susan Briggeman has requested that you receive this restoration information
> for Track & Confirm as listed below.
>
> Current Track & Confirm e-mail information provided by the U.S. Postal
> Service.
>
> Label Number: 70093410000038137048
>
> Service Type: Certified Mail^TM
>
> Shipment Activity   Location   Date & Time
> --------------------------------------------------------------------------
>
> Delivered   DALLAS TX 75243   February 6, 2013 3:07 pm
> Depart USPS Sort Facility   DALLAS TX 75260   February 6, 2013
> Processed at USPS Origin Sort Facility   DALLAS TX 75260   February 6, 2013
> 2:11 am
> Dispatched to Sort Facility   DALLAS TX 75240   February 5, 2013 7:26 pm
> Acceptance   DALLAS TX 75240   February 5, 2013 4:09 pm
>
> USPS has not verified the validity of any email addresses submitted via its
> online Track & Confirm tool.
>
> For more information, or if you have additional questions on Track &
> Confirm services and features, please visit the Frequently Asked Questions
> (FAQs) section of our Track & Confirm tool at
> http://www.usps.com/shipping/trackandconfirmfaqs.htm.

EXHIBIT "7"

**MARY LOUISE GARCIA**

COUNTY CLERK



100 West Weatherford   Fort Worth, TX 76196-0401

PHONE (817) 884-1195

PANINA INC DBA/JA CONSTRUCTION SERVICES
5421 ALPHA RD STE 100
DALLAS, TX 75240

Submitter:   PANINA INC DBA/JA
CONSTRUCTION SERVICES

## DO NOT DESTROY
## WARNING - THIS IS PART OF THE OFFICIAL RECORD.

Filed For Registration:   2/21/2013 1:37 PM

Instrument #:   D213044664

| | | | |
|---|---|---|---|
| AFF | 3 | PGS | $20.00 |

By: _Mary Louise Garcia_

D213044664

ANY PROVISION WHICH RESTRICTS THE SALE, RENTAL OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.

Prepared by:  MGSALAZAR



## AFFIDAVIT FOR MECHANICS' AND MATERIALMEN'S LIEN

Before me, the undersigned authority, personally appeared Susan L. Briggeman, who upon her oath deposed and stated:

"My name is Susan L. Briggeman, and I am the President and Registered Agent of Panina Inc. dba JA Construction Services (Claimant) which has a physical and mailing address of 5421 Alpha Rd., Ste. 100, Dallas TX 75240. I am competent and authorized to make this affidavit. I have personal knowledge of the facts set forth below, and they are true and correct.

"Pursuant to contracts by and between Claimant and Heather Village LLC which has a last known mailing address of 12815 SE Rivercrest Dr. Vancouver, WA 98683-6623 and Sungate Management, Inc. 9550 Skillman St., Ste. 210, Dallas TX 75243. Claimant performed labor and furnished materials for improvements to the following described real property (the Property):

**Boca Raton East Blk 1 Lot 1**

**And being commonly known as Heather Village Apartments
located at 6000 Boca Raton, Fort Worth TX 76112**

"The labor performed and materials furnished may be generally described as wood replacement and painting commencing in October, 2012.

The owner or reputed owner of the Property is:
Heather Village, LLC located at 12815 SE Rivercrest Dr. Vancouver, WA 98683-6623

"To date, Claimant has fully performed all work required under its contracts with Heather Village, LLC. After allowing all just credits and offsets, the amount of $51,200.00 remains unpaid and is due and owing to Claimant under said contract and Claimant claims a statutory lien on the Property and the improvements located on the Property to secure the payment of the above amount.

"Claimant sent notice of its claim to Owner by United States certified mail, return receipt requested, on February 5, 2013 after numerous telephone calls, emails, letters and faxes." Certified Mail No. 7009-3410-0000-3813-7048

-1-

## AFFIDAVIT FOR MECHANICS' AND MATERIALMEN'S LIEN

Susan L. Briggeman, President
And Registered Agent

STATE OF TEXAS

COUNTY OF DALLAS

SUSCRIBED AND SWORN TO BEFORE ME on this 19th day of February, 2013 by Susan L. Briggeman.


RACHEL PANINA ABRAMOV
Notary Public, State of Texas
My Commission Expires
January 13, 2015

Notary Public in and for the
State of Texas

After recording, return to:

Panina Inc. dba JA Construction Services
5421 Alpha Rd.
Ste. 100
Dallas TX 75240

-2-

# Law Offices
## of
# John P. Knouse

ATTORNEYS AND COUNSELORS AT LAW

16970 NORTH DALLAS PARKWAY

SUITE 110

DALLAS, TEXAS 75248

JOHN P. KNOUSE
BOARD CERTIFIED
CRIMINAL LAW

972-380-1188 (Telephone)
214-367-5982 (Telecopier)

May 24, 2013

**017 266141 13**

Tarrant County District Clerk
Tarrant County Justice Center
401 W. Belknap St.
Fort Worth, Texas 76196-0225

Re: *Panina, Inc. d/b/a JA Construction Services v. Heather Village, LLC, d/b/a The Heather Apartments*

Dear Clerk:

Enclosed herewith please find an original and four copies of the Plaintiff's Original Petition, which I would appreciate your filing. Also enclosed herewith you will find my check in the sum of $257.00 in payment of the $249.00 filing fee, plus an additional $8.00 for issuance of citation. Please stamp "filed" the additional copies and return them to me in the enclosed, stamped, self-addressed envelope. Also please issue citation and return it to me with an attached pleading in the enclosed stamped, self-addressed envelope, so that I may have it served upon Charles Gillis, the registered agent for Defendant whose registered address for service is 8 Greenway Parkway, Ste 818 in Houston, Texas.

Thank you for your kind cooperation in this matter.

Yours very truly,

John P. Knouse

cc: Ms. Susan Briggeman, President of Panina, Inc.
Mr. Ofer Abramov, Director of Operations of Panaina, Inc.

FILED
TARRANT COUNTY
2013 MAY 29 A 10: 13
THOMAS A. WILDER
DISTRICT CLERK

# EXHIBIT "E"
## PLAINTIFF'S REQUESTS FOR DISCLOSURE

## CAUSE NO. 17-266141-13

| | | |
|---|---|---|
| PANINA, INC d/b/a | § | IN THE 17th JUDICIAL |
| JA CONSTRUCTION SERVICES | § | |
|     Plaintiff | § | |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| HEATHER VILLAGE, LLC. , D/B/A | § | |
| THE HEATHER VILLAGE | § | |
| APARTMENTS | § | |
|     Defendant | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF/COUNTER-DEFENDANT'S REQUEST FOR DISCLOSURES TO DEFENDANT/COUNTER-PLAINTIFF

**TO:** **HEATHER VILLAGE, LLC. , D/B/A, THE HEATHER VILLAGE APARTMENTS. by and through its Attorney of Record, Mr. R. Lane Addison Esq., of Henley & Henley, PC, Attorneys At Law, 3300 Oak Lawn Avenue, Suite 700, Dallas, Texas 75219.**

NOW COMES, **PANINA, INC d/b/a JA CONSTRUCTION SERVICES,** Plaintiff/Counter-Defendant in the above-numbered and styled cause, and pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2 as follows:

**REQUEST (a):** The correct names of the parties to the lawsuit of Plaintiff/Counter-Defendant and the counterclaim of Defendant/Counter-Plaintiff;

**RESPONSE:**

**REQUEST (b):** The name, address, and telephone number of any potential parties to the lawsuit of Plaintiff/Counter-Defendant and to the counterclaim of Defendant/Counter-Plaintiff;

**RESPONSE:**

---

**REQUEST (c):** The legal theories and, in general, the factual bases of Defendant/Counter-Plaintiff's defenses to Plaintiff/Counter-Defendant's lawsuit and the legal theories and, in general, the factual bases of Defendant/Counter-Plaintiff's counterclaims:

**RESPONSE:**

**REQUEST (d):** The amount and any method of calculating economic damages alleged by Defendant/Counter-Plaintiff in its counterclaim;

**RESPONSE:**

**REQUEST (e):** The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

**REQUEST (f):** For any testifying expert:

(1)    the expert's name, address, and telephone number;

(2)    the subject matter on which the expert will testify;

(3)    the general substance of the expert's mental impressions and opinions and a brief summary ;

(4)    if the expert is retained by, employed by, or otherwise subject to your control:

    (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (B)    the expert's current resume and bibliography;

**RESPONSE:**

**REQUEST (g):**   Any indemnity and insuring agreements described in Rule 192.3(f);

**RESPONSE:**


**REQUEST (h):**   Any and all discoverable settlement agreements described in Rule 192.3(g);

**RESPONSE:**


**REQUEST (i):**   Any and all discoverable witness statements described in Rule 192.3(h);

**RESPONSE:**

**REQUEST (j):**   In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

**RESPONSE:**


**REQUEST (k):**   In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

**RESPONSE:**


                                        Respectfully submitted,
                                        LAW OFFICE OF JOHN P. KNOUSE


                                        _____
                                        JOHN P. KNOUSE
                                        State Bar Number: 11624000
                                        16770 N. Dallas Parkway
                                        Bldg 300
                                        Dallas, Texas 75248
                                        (972) 380-1188 (Telephone)
                                        (214) 367-5982 (Telecopier)
                                        e-mail:knouselaw@yahoo.com
                                        **ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on this ___8th___ day of May 2014, a true and correct copy of the foregoing was served upon Defendant by e-mail , by facsimile to (214) 812– 0124 sent to Mr. R. Lane Addison Esq., of Henley and Henley PC, Attorneys At Law, 3300 Oak Lawn Ave., Suite 700, Dallas, Texas 75219, Attorneys of Record for Defendant, and by certified mail, return receipt requested, as required by T.R.C.P. Rule 21a.

JOHN P. KNOUSE

EXHIBIT "F"

DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUESTS FOR
DISCLOSURE

| | | |
|---|---|---|
| **PANINA, INC. d/b/a JA** | § | **IN THE DISTRICT COURT** |
| **CONSTRUCTION SERVICES,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **HEATHER VILLAGE, LLC d/b/a** | § | **17TH JUDICIAL DISTRICT** |
| **THE HEATHER VILLAGE** | § | |
| **APARTMENTS,** | | |
| | § | |
| | § | |
| **V.** | § | |
| | § | |
| **PANINA, INC. d/b/a JA** | § | |
| **CONSTRUCTION SERVICES,** | § | |
| **Counter-Defendant** | § | **TARRANT COUNTY, TEXAS** |

<u>RESPONSE TO PLAINTIFF'S FIRST SET OF DISCLOSURES TO PLAINTIFF</u>

TO:  Plaintiff, Panina Inc, through their attorney of record, John Knouse, 16970 North Dallas Parkway, Building 300, Dallas, Texas, 75248.

Defendant, Heather Village, LLC, by and through her attorney of record, R. Lane Addison, serves the Plaintiff's First Set of Interrogatories to Defendant, as allowed by Texas Rule of Civil Procedure 197.

Respectfully submitted,

**HENLEY & HENLEY, P.C.**

By: /s/Patrick Murphy
R. Lane Addison
State Bar No.24059355
Geoff J. Henley
State Bar No. 00798253
David Gonzales
State Bar No. 24073258
Patrick Murphy
State Bar No. 24085488
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219

(214) 821-0222 (Telephone)
(214) 821-0124 (Facsimile)
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

On this the _7_ day of ____June_____, 2014, I hereby certify that a true and correct copy of the foregoing has been sent to Counter-Defendant, PANINA INC. d/b/a JA CONSTRUCTION SERVICES, by and through the following:

John P. Knouse
16970 Dallas Parkway, Bdg. 300
Dallas, Texas 75248
214.380.1188-tel.
214.367.5982-fax

| | HAND-DELIVERY | **XXX** FACSIMILE |
|---|---|---|
| **x** | **ELECTRONIC MAIL** | **REGULAR MAIL** |
| | **CERTIFIED MAIL** | |

/s/Patrick Murphy
Patrick Murphy

REQUEST (a):     The correct names of the parties to the lawsuit;

RESPONSE:

    1.     PANINA, INC d/b/a JA CONSTRUCTION SERVICES, Plaintiff

    2.     HEATHER VILLAGE, LLC., d/b/a, THE HEATHER VILLAGE APARTMENTS, Defendant

REQUEST (b):     The name, address, and telephone number of any potential parties;

RESPONSE:     There are none

REQUEST (c):     The legal theories and, m general, the factual bases of

Plaintiffs claims.

RESPONSE: The factual basis for Plaintiffs Heather Village's claims as stated in Heather Village's Original Answer and counterclaim Petition are as follows:

On or about March 19, 2012, Counter-Defendant agreed to perform work on Counter-Plaintiff's property located at 6000 Boca Raton in Fort Worth, Texas ("Property"). Said Property is a series of multifamily residential dwelling units. The work was to include, among other things, the removal and replacement of exterior wood.

Counter-Defendant used low grade wood, only partially replaced the siding and did a substandard job in replacing the siding they actually replaced. The siding was so cheap that it began falling off prior to the completion of the project. Counter-Defendant charged an unreasonably excessive fee to perform this labor. Counter-Defendant never completed the project to workmanlike quality. Counter-plaintiff entered into a second contract with Counter-Defendant to allow them to correct their mistake.

Counter-Plaintiff has been forced to seek other contractors to not only perform the work Counter-Defendant was to have performed, but also repair the damage Counter-Defendant caused to the Property.

Counter-Plaintiff alleged breach of the implied warranty of good and workmanlike services for residential construction. Additionally, Counter-Plaintiff alleged the breach of contract against the Counter-Defendants.

REQUEST (d):     The amount and any method of calculating economic damages;

RESPONSE: Counter-plaintiff are currently seeking an Expert Report regarding the

amount of damages cause by the faulty workmanship and breach of contract. The best quote to date for the cost of repairing all the buildings is $962,876.00.

REQUEST (e):    The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

RESPONSE:

> Shyrah Butcher
> 7852 Sorrel Lane
> Corona, California 92880

Shyrah Butcher is a representative of Heather Villages, LLC, D/B/A the Heather Villages. She is aware of all the facts surrounding the property.

> Mr. Roy Jackson
>
> Mr. Jody Blankenship
>
> Mr. Walter Fingelman
> Sungate Management
>
> 9550 Skillman St, Dallas, TX 75243
> (214) 660-0909

Mr. Jackson, Mr. Blankenship, and Mr. Fingelman, were all with Sundgate Management Inc. a company that managed the Heather Village Apartments in 2012.

REQUEST (t):    For any testifying expert:

 (1) the expert's name, address, and telephone number;

 (2) the subject matter on which the expert will testify;

 (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control.

 (4) if the expert is retained by, employed by, or otherwise subject to your control:

  (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's

testimony; and

(B)    the expert's current resume and bibliography;

RESPONSE:

This response is deemed further to be a designation of experts as required by the Scheduling Orders of the 429th District Court in both Cause No. 429-02728-2013 and in Cause No. 429-55011-2011 and as required by the Texas Rules of Civil Procedure.

Names of Experts

Lane Addison
Attorney At Law
3300 Oak Lawn Ave. Suite 700
Dallas, TX 75219
214.821.0222
Fx 214.821.0124

David Gonzales
Attorney At Law
3300 Oak Lawn Ave. Suite 700
Dallas, TX 75219
214.821.0222
Fx 214.821.0124

(2)    Lane Addison and David Gonzales can testify to their attorney's fees relating to damages sought in this lawsuit. Lane Addison and David Gonzales can testify to the amount of the reasonable and necessary attorney's fees charged by their firm in regard to and may refute the necessity and reasonableness of any claims for attorney's fees made by Plaintiff in either case.

(A) There are no documents to attach the present time, however it is expected that Defendant will rely upon itemized statements as to the work done and spent by him at the time of trial, which will be produced a reasonable period of time prior to trial.

(B) Plaintiff also anticipate naming an expert from Super Siding and Remolding, LLC to discuss the reasonableness of the repairs. That information will be supplemented as it is received.

Super Sliding and Remolding LLC

4620 Colleyville Blvd,
Colleyville, TX 76034
(972) 900-0122

REQUEST (g):
Any indemnity and insuring agreements described in Rule 192.3(t);

There are none.

REQUEST (h):

Any and all discoverable settlement agreements described in Rule 192.3(g);

There are none.
REQUEST (i):

Any and all discoverable witness statements described in Rule 192.3(h);

There are none.

REQUEST (j): In a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

RESPONSE: There are no medical records ..

REQUEST (k): All medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party.

RESPONSE: There are no medical records.

EXHIBIT "G"

DEFENDANT'S ORIGINAL (UNSWORN) ORIGINAL ANSWER
AND COUNTERCLAIM

| | | |
|---|---|---|
| PANINA, INC. d/b/a JA<br>CONSTRUCTION SERVICES,<br>Plaintiff, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | |
| HEATHER VILLAGE, LLC d/b/a THE<br>HEATHER VILLAGE APARTMENTS,<br>Defendant, Counter-Plaintiff, | §<br>§<br>§<br>§ | 17TH JUDICIAL DISTRICT |
| V. | §<br>§ | |
| PANINA, INC. d/b/a JA<br>CONSTRUCTION SERVICES,<br>Counter-Defendant | §<br>§<br>§<br>§ | TARRANT COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM

NOW COMES HEATHER VILLAGE LLC d/b/a THE HEATHER VILLAGE APARTMENTS, named Defendant and Counter-Plaintiff in the above-entitled and numbered cause, and brings this Original Answer and Counterclaim, and shows the Court:

### GENERAL DENIAL

1. Defendant/Counter-Plaintiff each and every allegation of Plaintiff's Original Petition, and demands strict proof thereof as required by the Texas Rules of Civil Procedure.

### DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM

### FACTS

2. On or about March 19, 2012, Counter-Defendant agreed to perform work on Counter-Plaintiff's property located at 6000 Boca Raton in Fort Worth, Texas ("Property"). Said Property is a series of multifamily residential dwelling units.

3. The work was to include, among other things, the removal and replacement of

exterior wood.

4. Counter-Defendant charged Counter-Plaintiff an unreasonably excessive fee to perform this labor.

5. Counter-Defendant damaged the Property by failing to properly install the exterior wood, and Counter-Plaintiff has been forced to seek other contractors to not only perform the work Counter-Defendant was to have performed, but also repair the damage Counter-Defendant caused to the Property.

## CAUSE OF ACTION: BREACH OF WARRANTY

6. The residential construction was not completed in a good and workmanlike manner, which was a breach of the implied warranty of good and workmanlike services for residential construction.

7. Counter-Defendant's breach of warranty directly and proximately caused injury to Counter-Plaintiff.

## CAUSE OF ACTION: BREACH OF CONTRACT

8. All conditions precedent have been met.

9. Counter-Plaintiff and Counter-Defendant had a valid, enforceable contract for the renovation of the Property.

10. Counter-Plaintiff performed, substantially performed, tendered performance or was excused from performing.

11. Counter-Defendant breached the contract, causing injury to Counter-Plaintiff.

## DAMAGES FOR COUNTER-PLAINTIFF

12. As a direct and proximate result of the occurrence made the basis of this lawsuit, Counter-Plaintiff has incurred substantial expenses to fix the problems caused by Counter-

Defendant's substandard work.

13.  Counter-Plaintiff also seeks recovery of their attorney's fees, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code.

**PRAYER**

Defendant/Counter-Plaintiff prays the Court enters judgment in favor of Defendant/Counter-Plaintiff, awards Defendant/Counter-Plaintiff the costs of court, attorney's fees, and such other and further relief as Defendant/Counter-Plaintiff may be entitled to in law or in equity.

Respectfully submitted,

**HENLEY & HENLEY, P.C.**

R. Lane Addison
Texas Bar No. 00798253
rladdison@henleylawpc.com
Geoff J. Henley
Texas Bar No. 00798253
ghenley@henleylawpc.com
David F. Gonzales
Texas Bar No. 24073258
dgonzales@henleylawpc.com
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
214/821-0222 (Telephone)
214/821-0124 (Facsimile)

ATTORNEYS FOR COUNTER-PLAINTIFF

## CERTIFICATE OF SERVICE

On this the 12th day of August 2013, I hereby certify that a true and correct copy of the foregoing has been sent to Counter-Defendant, PANINA INC. d/b/a JA CONSTRUCTION SERVICES, by and through the following:

John P. Knouse
16970 Dallas Parkway, Bdg. 300
Dallas, Texas 75248
214.380.1188-tel.
214.367.5982-fax

_____ HAND-DELIVERY  __XXX__ FACSIMILE
_____ ELECTRONIC MAIL  _____ REGULAR MAIL
_____ CERTIFIED MAIL

R. Lane Addison

EXHIBIT "H"

**DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER AND COUNTERCLAIM**

| | | |
|---|---|---|
| PANINA, INC. d/b/a JA<br>CONSTRUCTION SERVICES,<br>Plaintiff, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | |
| HEATHER VILLAGE, LLC d/b/a THE<br>HEATHER VILLAGE APARTMENTS,<br>Defendant, Counter-Plaintiff, | §<br>§<br>§ | 17TH JUDICIAL DISTRICT |
| V. | §<br>§ | |
| PANINA, INC. d/b/a JA<br>CONSTRUCTION SERVICES,<br>Counter-Defendant | §<br>§<br>§ | TARRANT COUNTY, TEXAS |

## DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER AND COUNTERCLAIM

NOW COMES Heather Village, LLC d/b/a The Heather Village Apartments, named Defendant and Counter-Plaintiff in the above-entitled and numbered cause, and brings this Original Answer and Counterclaim, and shows the Court:

### SPECIAL EXCEPTIONS

1. Defendant/Counter-Plaintiff specially excepts Plaintiff's claim for relief on a sworn account. A sworn account is improper and not available in this breach of contract matter.

### GENERAL DENIAL

2. Defendant/Counter-Plaintiff each and every allegation of Plaintiff's Original Petition, and demands strict proof thereof as required by the Texas Rules of Civil Procedure.

### DENIAL OF SWORN ACCOUNT

3. Defendant/Counter-Plaintiff specifically denies the allegations of the sworn account. Defendant/Counter-Plaintiff specifically denies that the amount of the account is due to

Plaintiff as alleged and further denies that all just and lawful offsets, payments, and credits have been allowed.

## DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM

## FACTS

4.     On or about March 19, 2012, Counter-Defendant agreed to perform work on Counter-Plaintiff's property located at 6000 Boca Raton in Fort Worth, Texas ("Property"). Said Property is a series of multifamily residential dwelling units.

5.     The work was to include, among other things, the removal and replacement of exterior wood.

6.     Counter-Defendant charged Counter-Plaintiff an unreasonably excessive fee to perform this labor.

7.     Counter-Defendant damaged the Property by failing to properly install the exterior wood, and Counter-Plaintiff has been forced to seek other contractors to not only perform the work Counter-Defendant was to have performed, but also repair the damage Counter-Defendant caused to the Property.

## CAUSE OF ACTION: BREACH OF WARRANTY

8.     The residential construction was not completed in a good and workmanlike manner, which was a breach of the implied warranty of good and workmanlike services for residential construction.

9.     Counter-Defendant's breach of warranty directly and proximately caused injury to Counter-Plaintiff.

## CAUSE OF ACTION: BREACH OF CONTRACT

10.     All conditions precedent have been met.

11. Counter-Plaintiff and Counter-Defendant had a valid, enforceable contract for the renovation of the Property.

12. Counter-Plaintiff performed, substantially performed, tendered performance or was excused from performing.

13. Counter-Defendant breached the contract, causing injury to Counter-Plaintiff.

## NEGLIGENCE

14. In the course of the transactions between Counter-Plaintiff and Plaintiff, Plaintiff owed Counter-Plaintiff a duty to ensure the work was completed in a professional, workman like manner.

15. Counter-Plaintiff would show that Plaintiff failed to exercise ordinary care in performing such duty. The acts and/omissions of Plaintiff as described hereinabove by which Plaintiff breached such duty constitute a proximate cause of the damages of Counter-Plaintiff described more fully hereinbelow, for which Plaintiff is liable to Counter-Plaintiff.

## DAMAGES FOR COUNTER-PLAINTIFF

16. As a direct and proximate result of the occurrence made the basis of this lawsuit, Counter-Plaintiff has incurred substantial expenses to fix the problems caused by Counter-Defendant's substandard work.

17. Counter-Plaintiff also seeks recovery of their attorney's fees, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code.

## PRAYER

Defendant/Counter-Plaintiff prays the Court enters judgment in favor of Defendant/Counter-Plaintiff, awards Defendant/Counter-Plaintiff the costs of court, attorney's fees, and such other and further relief as Defendant/Counter-Plaintiff may be entitled to in law or

in equity.

Respectfully submitted,

HENLEY & HENLEY, P.C.

/s/ R. Lane Addison
R. Lane Addison
Texas Bar No. 24059355
rladdison@henleylawpc.com
Geoff J. Henley
Texas Bar No. 00798253
ghenley@henleylawpc.com
3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
214/821-0222 (Telephone)
214/821-0124 (Facsimile)

ATTORNEYS FOR COUNTER-PLAINTIFF

## CERTIFICATE OF SERVICE

On this the 5th day of November, 2014 I hereby certify that a true and correct copy of the foregoing has been sent to Plaintiff/Counter-Defendant, PANINA INC. d/b/a JA CONSTRUCTION SERVICES, by and through the following:

John P. Knouse
16970 Dallas Parkway, Bdg. 300
Dallas, Texas 75248
214.380.1188-tel.
214.367.5982-fax

| | HAND-DELIVERY | XXX FACSIMILE |
| | ELECTRONIC MAIL | REGULAR MAIL |
| | CERTIFIED MAIL | |

/s/ R. Lane Addison
R. Lane Addison

## VERIFICATION

BEFORE ME, the undersigned authority, personally appeared David Christensen, who after being by me duly sworn, deposed as follows:

"My name is David Christensen. I have been granted to speak on behalf of the shareholder(s) / owner(s) of Heather Village, L.L.C. regarding the foregoing lawsuit. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged in the foregoing answer regarding the denial of the sworn account, which is true and correct."

David Christensen, representative for Heather Village, LLC

**SUBSRIBED AND SWORN TO BEFORE ME** on November 5th, 2014 by David Christensen.

Notary Public, State of California

SCOTT BETTENCOURT
Commission # 2003133
Notary Public - California
Los Angeles County
My Comm Expires Jan 30. 2017

**EXHIBIT "I"**

**PLAINTIFF'S OBJECTIONS AND REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT**

CAUSE NO. 17-266141-13

| | | |
|---|---|---|
| PANINA, INC d/b/a | § | IN THE 17th JUDICIAL |
| JA CONSTRUCTION SERVICES | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| HEATHER VILLAGE, LLC. , D/B/A | § | |
| THE HEATHER VILLAGE | § | |
| APARTMENTS | § | |
| Defendant | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S OBJECTIONS AND REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT

NOW COMES, Plaintiff **PANINA, INC d/b/a JA CONSTRUCTION SERVICES** ("Panina") and files its objections and reply to Defendant's Response To Plaintiff's Traditional Motion for Summary Judgment against Defendant **HEATHER VILLAGE, LLC. d/b/a THE HEATHER VILLAGE. APARTMENTS** ("Heather Village"), and would show unto the Court the following:

### I.
### OBJECTIONS TO DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER AND COUNTERCLAIM AND REPLY TO DEFENDANT'S RESPONSE RELYING THEREON

Concurrently with the filing today of Plaintiff's formal Exceptions to Defendant/Counter-Plaintiff's First Amended Original Answer and Counterclaim, Plaintiff further objects to Defendant/Counter-Plaintiff's First Amended Original Answer and Counterclaim, which is not a properly sworn to and does not comply with Rules 93 (10) and 185 of the Texas Rules of Civil Procedure. The Texas Supreme Court has

repeatedly stated held that an affidavit is insufficient where it is not based upon personal knowledge. *Rizk v. Financial Guardian Ins. Agency, Inc.*, 584 SW2d 860, 862 (Tex. 1979) *Vance v. Holloway*, 689 SW2d 403, 404 (Tex. 1985) and *Humphreys v. Caldwell*, 888 SW2d 469, 470 (Tex. 1994). A showing of personal knowledge in the affidavit being denying the account is required. *Cantu v. Holiday Inns, Inc.*, 910 SW2d 113, 116 (Tex. Civ. App.-Corpus Christi, 1995, no writ) It is also been held that a company officer who does not have personal knowledge of certain matters cannot deny them under oath since the matters would be hearsay to him. *Gorrell v. Tide Prods, Inc.*, 532 SW2d 390, 395 (Tex. Civ. App-Amarillo, 1975, no writ) In the instant case, Defendant/Counter-Plaintiff's First Amended Original Answer and Counterclaim is sworn to by David Christiensen, who signed his affidavit as a representative for Heather Village LLC, and is not officer nor a person that purports to have personal knowledge as to whether the sworn account is true or not, but simply says:

> "I have been granted to speak on the behalf of the shareholder(s)/owner(s) of Heather Village, LLC regarding the foregoing lawsuit. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged in the foregoing answer regarding the denial of the foregoing account, which is true and correct."

Mr. Christensen's statement in his affidavit that he "is acquainted with the facts" does not demonstrate any basis for personal knowledge, but merely confirms that he is **"acquainted with the facts alleged in the foregoing answer regarding the denial of the foregoing account."** The Texas Supreme Court has repeatedly held that an affidavit that does not positively and unqualifiedly represent the facts as disclosed in the affidavit

to be true with in the affiant's personal knowledge is legally insufficient as a matter of law. *Brownlee v. Brownlee* , 665 SW 2d 111, 112 currencies Tex. 1984); *Burke v. Satterfield*, 525 SW.2d 950, 955(Tex. 1975)

In another case involving a denial of a sworn account, where the affiant was actually an officer of the defendant company, the court held that the representation that he had personal knowledge did not mean that he had sufficient personal knowledge of specific items and services alleged to have been provided in this account and he could not properly denied them under oath since they would be hearsay to him. *Gorrell v. Tide Prods, Inc.*, supra at p. 395. Even where an attorney for a party in an affidavit denying a sworn account stated that "I have personal knowledge of the facts stated herein", was held the insufficient where nothing in the verification demonstrated a basis of the attorney's personal knowledge. *Hinojosa Auto v. Finishmaster,* ___SW2d___, (03-08-00361-CV (Tex. Civ. App-Austin, 12-12-2008).

There is no statement in the affidavit to Defendant/Counter-Plaintiff's First Amended Original Answer and Counterclaim that Mr. Christensen even has "personal knowledge" of anything to do with the account sued upon by Panina. There is absolutely nothing in the affidavit of Mr. Christensen, indicate that he has personal knowledge of specific items and services alleged to have been provided in the account sued upon by Panina Inc. against Heather Village LLC. Mr. Christensen is not even an officer of defendant corporation, nor is he a custodian of the records of Heather Village LLC, nor has he stated anything in his affidavit attached to Defendant/Counter-Plaintiff's First

Amended Original Answer and Counterclaim to show that he personally had anything to do with the account involved to prove that he had personal knowledge of specific items and services alleged to have been provided in the account sued upon by Panina, but simply that he is a" representative of the owner", and generally that he is "acquainted with the facts", without stating the facts with which is acquainted. As a matter of law Mr. Christensen cannot deny the account of Panina, Inc. under oath, since he has no personal knowledge other than hearsay information.

In addition, even though Plaintiff sent Requests For Disclosure to Defendant on May 8, 2014, Mr. Christensen has never been designated as a "person with knowledge" at any time by Defendant. Under the Texas Rules of Civil Procedure, Defendant was under obligation to reveal Mr. Christensen as a person with knowledge and answering the Requests For Disclosure, which he was not, nor were the Requests For Disclosure supplemented more than 30 days prior to trial, being the hearing on the Plaintiff's Motions for Summary Judgment, as required by the Texas Rules of Civil Procedure. Further, Defendant completely failed to list Mr. Christensen as a witness and provide that to the court as required by the scheduling order of the court which was due at the last pretrial in October, 2014.

Because the Defendant's sworn written denial does not comply with Rules 93(10) and 185 of the Texas Rules of Civil Procedure, as a matter of law, Defendant Heather Village LLC is not permitted to deny the receipt of services or the correctness of charges of the sworn account filed by Plaintiff, Panina, Inc. See *Rizk v. Financial Guardian Ins.*

*Agency, Inc.*, supra at 862 (Tex. 1979) *Vance v. Holloway*, supra at 404 (Tex. 1985) and

*Humphreys v. Caldwell*, supra at 470 (Tex. 1994). Plaintiff is entitled to granting of

Plaintiff's Traditional Motion For Summary Judgment, as a matter of law.

## II.
## PLAINTIFF'S OBJECTION AND MOTION TO STRIKE THE AFFIDAVITS OF DAVID CHRISTENSEN AND KEN TOLA, WHO HAVE NEVER BEEN DESIGNATED BY DEFENDANT AS PERSONS WITH KNOWLEDGE AS POTENTIAL WITNESSES OR AS EXPERT WITNESSES IN RESPONSE TO PROPERLY SERVED REQUEST FOR DISCLOSURE

As previously stated Plaintiff served Defendant's counsel with Requests For

Disclosure to Defendant on May 8, 2014, neither David Christensen nor Ken Tola have

ever been designated as "persons with knowledge" at any time by Defendant, with any

indication as to what facts they might have knowledge of regarding the sworn account or

any aspect of the lawsuit, whether as to the claims of Plaintiff for the defenses of

Defendant Heather Village, LLC. Attached is a copy of Plaintiff's Request For

Disclosures as well as Defendants Responses To Disclosres, as Exhibibits "A" and B",

which are incorporated herein for all purposes. Under the Texas Rules of Civil Procedure,

by Furthermore, Defendant was under obligation to designate David Christensen nor Ken

Tola as an expert witness and to answer fully all of the Requests For Disclosure. No

expert witnesses were designated other than defendant's attorneys for attorney's fees. In

addition defendant failed to supplement the Requests For Disclosure to add and reveal

either David Christensen nor Ken Tola as witnesses and persons with knowledge of facts

involving the lawsuit, or as expert witnesses, more than 30 days prior to trial, being the

date for the hearing on the Plaintiff's Motions for Summary Judgment, as required by the

Texas Rules of Civil Procedure. Furthermore, Defendant completely failed to list David Christensen nor Ken Tola as a witnesses or as expert witnesses and to provide that to the court and to counsel as required by the scheduling order of the court which was due at the last pretrial set in early October, 2014.

Where the foregoing reasons and the complete failure of Defendant, Heather Village LLC to designate David Christensen nor Ken Tola as witnesses are expert witnesses in response properly served Requests For Disclosure and discovery, the affidavits of both David Christensen nor Ken Tola should be stricken and should in no way be considered by the Court as any type of summary judgment evidence responding to either Plaintiff's Traditional Motion For Summary Judgment or to Plaintiff's "No Evidence" Motion For Summary Judgment.

## III.
## DEFENDANT HAS ADMITTED THAT THE ELEMENTS TO SHOW A BREACH OF CONTRACT AS A MATTER OF LAW IN RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

On May 8, 2014, Plaintiff served Defendant's counsel with Requests For Admissions, to which Defendant responded on June 7, 2014. A copy of Plaintiff's Request for Admissions and Defendant's Response thereto are attached hereto as Exhibits "C" and "D" and incorporated herein for all purposes. In addition to suing upon a sworn account, Plaintiff also sued Defendant for breach of contract, which has been admitted to by the Defendant in response to the following Request for Admissions:

## Request for Admission No. 1.

Admit that Defendant, **HEATHER VILLAGE, LLC., d/b/a THE HEATHER VILLAGE APARTMENTS,** by and through its agent and representative Sungate Management, Inc. entered into a contract with Plaintiff, **PANINA, INC., d/b/a JA CONSTUCTION SERVICES,** dated October 11, 2012, to perform repairs and painting the exterior Defendant's property known as the Heather Village Apartments, alleged as the basis for the above entitled and numbered lawsuit.

**Admit or Deny: Admit**

## Request for Admission No. 2.

Admit that Exhibit 1 to Plaintiff's Original Petition is a true and correct copy of the written contract between Defendant, **HEATHER VILLAGE, LLC, d/b/a THE HEATHER VILLAGE APARTMENTS** and Plaintiff, **PANINA, INC., d/b/a JA CONSTUCTION SERVICES.**

**Admit or Deny: Admit**

## Request for Admission No. 3.

Admit that Exhibit Number 2 to Plaintiff's Original Petition, is a true and correct copy of Invoice Number 1115201202, submitted to Defendant, **HEATHER VILLAGE, LLC, d/b/a THE HEATHER VILLAGE APARTMENTS** by Plaintiff, **PANINA, INC., d/b/a JA CONSTUCTION SERVICES,** on November 15, 2012.

**Admit or Deny: Admit**

## Request for Admission No. 5.

Admit that the failure of Defendant, **HEATHER VILLAGE, LLC, d/b/a THE HEATHER VILLAGE APRTMENTS,** to pay Invoice Number 1115201202 for 50% of the total contract price of $46,000 in the sum of $23,000 upon delivery of the materials commencement of work at the Heather Village Apartments to Plaintiff, **PANINA, INC., d/b/a JA CONSTUCTION SERVICES,** was a breach of the contract between the parties.

**Admit or Deny: Admit**

While Defendant did deny Request for Admission number four

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **PANINA** requests that this matter be set for a hearing on the same date as trial, to wit: October 20, 2014, and that upon completion of the hearing, the Court grant in all things the Motion for Traditional Summary Judgment filed by Plaintiff **PANINA, INC d/b/a JA CONSTRUCTION SERVICES** in that Court enter a summary judgment in favor of Plaintiff **PANINA, INC d/b/a JA CONSTRUCTION SERVICES** against Defendant **HEATHER VILLAGE, LLC, d/b/a THE HEATHER VILLAGE. APARTMENTS,** in the sum of $51,200.00, plus all reasonable attorney's fees attorney's fees incurred by Plaintiff in prosecuting in defending the lawsuit, as well as for attorney's fees in the event of an appeal to the Court of Appeals and in the event of a petition for review to the Supreme Court of Texas, plus all costs court incurred, as well as for a judgment foreclosing its Mechanic's Lien on the Heather Village Apartments property belonging to Defendant, **HEATHER VILLAGE, LLC** for payment of the full amount of the judgment attorney's fees and costs court and that the Court grant Plaintiff, **PANINA** such other and further relief, to which Plaintiff, **PANINA** may be justly entitled.

Respectfully submitted,
LAW OFFICE OF JOHN P. KNOUSE

_____
JOHN P. KNOUSE
State Bar Number: 11624000
16970 N. Dallas Parkway
Bldg/300
Dallas, Texas 75248
(972) 380-1188 (Telephone)
(214) 367-5982 (Telecopier)
E-mail: knouselaw@yahoo.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on this _12th_ day of September, 2014, a true and correct copy of

the foregoing was served upon Defendant by facsimile to (214) 812– 0124 sent to Mr. R. Lane

Addison Esq., of Henley and Henley PC, Attorneys At Law, 3300 Oak Lawn Ave., Suite 700,

Dallas, Texas 75219, Attorneys of Record for Defendant as required by T.R.C.P. Rule 21a.

_____
JOHN P. KNOUSE

## FIAT

**IT IS ORDERED** that the hearing on Plaintiff's Traditional Motion For Summary Judgment be in the same, are hereby set for hearing on the ___day of _____ 2014, at __ o'clock __.m., in the courtroom of the _____ District Court of Tarrant County, Texas

**SIGNED** this ___ day of _____, 2014.


_____
**JUDGE PRESIDING**

**EXHIBIT "J"**

**PLAINTIFF'S EXCEPTIONS TO DEFENDANT'S FIRST
AMENDED ORIGINAL ANSWER AND COUNTERCLAIM**

## CAUSE NO. 17-266141-13

| | | |
|---|---|---|
| PANINA, INC d/b/a | § | IN THE 17th JUDICIAL |
| JA CONSTRUCTION SERVICES | § | |
| Plaintiff | § | |
| | § | |
| vs. | § | DISTRICT COURT OF |
| | § | |
| HEATHER VILLAGE, LLC. , D/B/A | § | |
| THE HEATHER VILLAGE | § | |
| APARTMENTS | § | |
| Defendant | § | TARRANT COUNTY, TEXAS |

### PLAINTIFF'S EXCEPTIONES TO DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER AND COUNTERCLAIM

NOW COMES, Plaintiff **PANINA, INC d/b/a JA CONSTRUCTION SERVICES** and files its Exceptions to Defendant **HEATHER VILLAGE, LLC. d/b/a THE HEATHER VILLAGE. APARTMENTS'** First Amended Original Answer and Counterclaim and as grounds therefor would show unto the Court the following:

### I.
### EXCEPTIONS TO DEFENDANT'S FIRST AMENDED ORIGINAL ANSWER AND COUNTERCLAIM

Plaintiff excepts to Defendant/Counter-Plaintiff's First Amended Original Answer and Counterclaim which is not a properly sworn to and does not comply with Rules 93 (10) and 185 of the Texas Rules of Civil Procedure. The Texas Supreme Court has repeatedly stated held that an affidavit is insufficient where it is not based upon personal knowledge. *Rizk v. Financial Guardian Ins. Agency, Inc.*, 584 SW2d 860, 862 (Tex. 1979) *Vance v. Holloway*, 689 SW2d 403, 404 (Tex. 1985) and *Humphreys v. Caldwell*, 888 SW2d 469, 470 (Tex. 1994). A showing of personal knowledge in the affidavit being

denying the account is required. *Cantu v. Holiday Inns, Inc.*, 910 SW2d 113, 116 (Tex. Civ. App.-Corpus Christi, 1995, no writ) It is also been held that a company officer who does not have personal knowledge of certain matters cannot deny them under oath since the matters would be hearsay to him. *Gorrell v. Tide Prods, Inc.*, 532 SW2d 390, 395 (Tex. Civ. App-Amarillo, 1975, no writ) In the instant case, Defendant/Counter-Plaintiff's First Amended Original Answer and Counterclaim is sworn to by David Christiensen, who signed his affidavit as a representative for Heather Village LLC, is not officer nor a person that purports to have personal knowledge as to whether the sworn account is true or not, but simply says:

> "I have been granted to speak on the behalf of the shareholder(s)/owner(s) of Heather Village, LLC regarding the foregoing lawsuit. I am at least 18 years of age and of sound mind. I am personally acquainted with the facts alleged in the foregoing answer regarding the denial of the foregoing account, which is true and correct."

Mr. Christensen's statement in his affidavit does not demonstrate any basis for personal knowledge but merely confirms that he is "**acquainted with the facts alleged in the foregoing answer regarding the denial of the foregoing account.**" The Texas Supreme Court has repeatedly held that an affidavit that does not positively and unqualifiedly represent the facts as disclosed in the affidavit to be true with in the affiant's personal knowledge is legally insufficient as a matter of law. *Brownlee v. Brownlee*, 665 SW 2d 111, 112 currencies Tex. 1984); *Burke v. Satterfield*, 525 SW.2d 950, 955(Tex. 1975) In a similar case, a stronger statement by an attorney for a party in a sworn account denial that "I have personal knowledge of the facts stated herein", where nothing in the

verification demonstrated a basis of the attorney's personal knowledge was held the insufficient. *Hinojosa Auto v. Finishmaster,* \_\_\_SW2d\_\_\_, (03-08-00361-CV (Tex. Civ. App-Austin, 12-12-2008). Another denial of a sworn account case, where the affiant was an officer of the defendant company, the court said the representation did not mean that he had sufficient personal knowledge of specific items and services alleged to have been provided in this account and he could not properly denied them under oath since they would be hearsay to him. *Gorrell v. Tide Prods, Inc.,* supra at p. 395. Mr. Christensen cannot deny the account of Panina, Inc. under oath, since he has no personal knowledge other than hearsay information.

For the foregoing reasons and established case law, Plaintiffs Exceptions to Defendant/Counter-Plaintiff's First Amended Original Answer and Counterclaim as not a properly sworn denial of the sworn account as not complying with Rules 93 (10) and 185 of the Texas Rules of Civil Procedure, should be in all things granted and declared to be insufficient as a matter of law.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **PANINA** requests that Plaintiffs Exceptions to Defendant/Counter-Plaintiff's First Amended Original Answer and Counterclaim be set for a hearing on the same date as the hearing on Plaintiff's Motions For Summary Judgment, to wit: October 14, 2014, and that upon completion of the hearing, the Court grant in all things to Defendant/Counter-Plaintiff's First Amended Original Answer and Counterclaim which is not a properly sworn to

and does not comply with Rules 93 (10) and 185 of the Texas Rules of Civil Procedure and that the Court grant Plaintiff, **PANINA** such other and further relief, to which Plaintiff may be justly entitled.

Respectfully submitted,
**LAW OFFICE OF JOHN P. KNOUSE**

_____
**JOHN P. KNOUSE**
State Bar Number: 11624000
16970 N. Dallas Parkway
Bldg 300
Dallas, Texas 75248
(972) 380-1188 (Telephone)
(214) 367-5982 (Telecopier)
E-mail: knouselaw@yahoo.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of October, 2014, a true and correct copy of the foregoing was served upon Defendant by facsimile to (214) 812–0124 sent to Mr. R. Lane Addison Esq., of Henley and Henley PC, Attorneys At Law, 3300 Oak Lawn Ave., Suite 700, Dallas, Texas 75219, Attorneys of Record for Defendant as required by T.R.C.P. Rule 21a.

_____
**JOHN P. KNOUSE**

## FIAT

**IT IS ORDERED** that the hearing on Plaintiffs Exceptions to Defendant/Counter-Plaintiff's First Amended Original Answer and Counterclaim be in the same, are hereby set for hearing on the 14th day of October 2014, at 9:15 o'clock a.m., in the courtroom of the 17th District Court of Tarrant County, Texas

**SIGNED** this ___ day of _____, 2014.

_____

EXHIBIT "K"

PLAINTIFF'S SUPPLEMENTAL BRIEF ON TRCP RULE
193.6(a) PROVIDING MANDATORY EXCLUSION OF
EVIDENCE BY UNIDENTIFIED WITNESSES

| | | |
|---|---|---|
| PANINA, INC d/b/a | § | IN THE 17th JUDICIAL |
| JA CONSTRUCTION SERVICES | § | |
| Plaintiff | § | |
| | § | |
| Vs. | § | DISTRICT COURT OF |
| | § | |
| HEATHER VILLAGE, LLC. , D/B/A | § | |
| THE HEATHER VILLAGE | § | |
| APARTMENTS | § | |
| Defendant | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S SUPPLEMENTAL BRIEF ON TRCP RULE 193.6(a) PROVIDING MANDATORY  EXCLUSION OF EVIDENCE BY UNIDENTIFIED WITNESSES

**NOW COMES**, Plaintiff **PANINA, INC d/b/a JA CONSTRUCTION SERVICES** and files its supplemental brief on TRCP Rule 193.6(a) Providing For Mandatory Exclusion of Evidence By Unidentified Witnesses, and would show unto the Court the following:

1. **TRCP Rule 193.6(A) Provides For Mandatory Exclusion Of Evidence Presented By Witnesses Was Not Timely Identified.**

At the hearing held on last Friday, November 14, 2013, Plaintiff urged its Objections and Motion To Strike to the evidence presented by the affidavits of David Christensen and Ken Tola, who had never been designated as a "person with knowledge" or as expert witnesses by Defendant in its Response To Disclosures. The court inquired as to whether Plaintiff's counsel had a case on point, which is the sole reason for this supplementary brief.

Texas Rule of Civil Procedure 193.6(a) is entitled "Failing to Timely Respond- Effect on Trial" provides:

(a) *Exclusion of Evidence and Exceptions.* **A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified,** unless the court finds that:

(1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or

(2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties. (Emphasis Added)TEX.R. Civ. P. 193.6(a).

The rule is mandatory, and the penalty, exclusion of evidence is automatic, absent a showing of: (1) good cause or (2) lack of unfair surprise or (3) unfair prejudice. The Texas Supreme Court held in its decision in *Alvarado v. Farah Mfg. Co. Inc.*, 830 S.W.2d 911 (Tex. 1992):

The salutary purpose of Rule 215(5) is to require complete responses to discovery so as to promote responsible assessment of settlement and prevent trial by ambush. *See Clark,*774 S.W.2d at 646; *Gee,* 765 S.W.2d at 396; *Gutierrez,* 729 S.W.2d at 693. **The rule is mandatory, and its sole sanction — exclusion of evidence — is automatic, unless there is good cause to excuse its imposition.** The good cause exception permits a trial court to excuse a failure to comply with discovery in difficult or impossible circumstances. *See Clark,* 774 S.W.2d at 647 (inability to locate witness despite good faith efforts or inability to anticipate use of witness' testimony at trial might support a finding of good cause). The trial court has discretion to determine whether the offering party has met his burden of showing good cause to admit the testimony; but **the trial court has no discretion to admit testimony excluded by the rule without a showing of good cause.**

The holding in *Alvarado, supra,* was consistent with prior Supreme Court holdings in *Gutierrez v. Dallas Independent School Dist.*, 729 S.W.2d 691 (Tex. 1987) , in which the Court said:

We hold that if a litigant propounds an improper interrogatory question, it is incumbent upon the party answering the request to object to the form of the question so that it may be reurged in the proper form. **If the party answering the request does not object to the form of the question, then later tries to call a witness that was not revealed to the opposing party, the trial court should disallow the testimony of the witness unless good cause can be shown under the decisions in** *Yeldell v. Holiday Hills Retirement and Nursing Center, Inc.,* **701 S.W.2d 243, 247 (Tex. 1985), and** *Morrow v. H.E.B., Inc.,* **714 S.W.2d 297, 297-98 (Tex. 1986).**

Directly on point, the El Paso Court of Appeals, citing the 2006 Dallas Court of Appeals decision in *Oscar Luis Lopez v. La Madeleine of Tex., Inc.*, 200 S.W.3d 854, 860 (Tex.App.-Dallas 2006, no pet.), held exclusion of a non-identified witness in response to a Request for Disclosures mandatory, on July 22, 2014, in *Gibbs v. Bureaus Investment Group Portfolio* ___SW3d___( NO. 14, LLC, 08-12-00330-CV) (Tex.App.-El Paso 7-22-2014) stating that:

> **A party may obtain discovery of the name, address, and telephone number of persons with knowledge of relevant facts, and a brief statement of each identified person's connection with the case. TEX.R.CIV.P. 192.3(c); TEX.R.CIV.P. 194.2(e).** When responding to written discovery, a party must make a complete response, and must amend or supplement the response if it later learns that the response is no longer complete and correct. TEX.R.CIV.P. 193.1, TEX.R.CIV.P. 193.5(a). Page 4 <u>**A party who fails to disclose information concerning a nonparty witness in response to a discovery request may not offer the witness's testimony unless the court finds that there was good cause for the failure to timely make, amend, or supplement the discovery response or the failure to make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties. TEX.R.CIV.P. 193.6(a). The sanction for failure to comply with this rule is the "automatic and mandatory" exclusion from trial of the omitted evidence.**</u> *Oscar Luis Lopez v. La Madeleine of Tex., Inc.*, 200 S.W.3d 854, 860 (Tex.App.-Dallas 2006, no pet.).

For the reasons given above, the exclusion of summary judgment evidence submitted through the affidavits David Christensen and Ken Tola is mandatory and is not discretionary.

There is no summary judgment

There is no admissible summary judgment evidence which has been presented by the Defendant in response to either the Plaintiff's Traditional Motion For Summary Judgment are to Plaintiffs"No Evidence"Motion For Summary Judgment, which should be granted as a matter of law.

LAW OFFICE OF JOHN P. KNOUSE

_____
JOHN P. KNOUSE
State Bar Number: 11624000
16970 N. Dallas Parkway
Bldg 300
Dallas, Texas 75248
(972) 380-1188 (Telephone)
(214) 367-5982 (Telecopier)
E-mail: knouselaw@yahoo.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on this 17th day of November, 2014, a true and correct copy of the foregoing was served upon Defendant by facsimile to (214) 812– 0124 sent to Mr. R. Lane Addison Esq., of Henley and Henley PC, Attorneys At Law, 3300 Oak Lawn Ave., Suite 700, Dallas, Texas 75219, Attorneys of Record for Defendant as required by T.R.C.P. Rule 21a.

_____
JOHN P. KNOUSE

# EXHIBIT "L"

## COPIES OF CLERK'S RECORD OF DOCKET SHEET AND TRANSACTION LIST

# Civil Docket

## Discovery: 3

## 017-266141-13

A CERTIFIED COPY
ATTEST: 12-29-14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: _____ DEPUTY

Cause Of Action: CONTRACT, DEBT/CONTRACT

| | NAMES OF PARTIES | ATTORNEYS |
|---|---|---|
| Date Filed 05/29/2013 | PANINA, INC ET AL | KNOUSE, JOHN P 16970 N DALLAS PKWY BLDG 300 DALLAS, TX 75248 BarID: 11624000TX   Ph (972)380-1188   PLTF LAW OFFICE OF JOHN P KNOUSE |
| Jury Fee $ | vs. | |
| Paid By | HEATHER VILLAGE, LLC ET AL | |

| Date of Orders | ORDERS OF COURT | Was Steno Used? |
|---|---|---|
| 8/6/13 | Order Setting School Conf – s/MMW | |
| 09-09-2013 | 4 Agreed Order Control Order (Trial in April 28, 2014). ac | |
| 21214 | Order Re: Trial Setting  s/MMW | |
| 04-23-2014 | 4 Order – Agreed Uniform Order of Continuance (Trial reset to week of October 20, 2014). ac | |
| 7-31-2014 | Order Re: Trial Setting  s/MMW | |
| 10-13-2014 | 4 Agreed Order Granting Motion for Continuance of Court Trial Setting in October 20, 2014  ac (Trial reset to week of Feb. 9, 2015) | |
| 11-14-2014 | Record of Carlisle's Hearing ~ Plaintiff's Motion for Partial Summary Judgment ~ Plaintiff & Counter-Defendant's Motion f... | |

017-266141-13

Date of Orders | ORDERS OF COURT

DC-627 6-11

11-19-2014 — Summary Judgment - Under Advisement ABC

11-19-2014 — s/ Order Deny'g Plaintiff's Motion of Summary Judgment ABC

11-19-2014 — s/ Order Deny'g Plaintiff's Motion of Summary Judgment

11-25-14 — s/ Order Deny'g Plaintiff's Motion f/ No Evidentiary Hearing Order re br setting s/ mmd

--------------------------------------------------------------------
```
          Cause Number: 017-266141-13    Date Filed: 05/29/2013
  PANINA, INC  ET AL                   v      HEATHER VILLAGE, LLC ET AL
                                       s
     Cause of Action: CONTRACT, DEBT/CONTRACT
     Case Status....: PENDING
```
--------------------------------------------------------------------

| Filemark | Description | | Fee Total |
|---|---|---|---|
| 05/29/2013 | PLTF ORIG PETITION | NI | 249.00 |
| 05/29/2013 | Citation-ISSUED ON HEATHER VILLAGE LLC-On | NUI | 8.00 |
| 08/09/2013 | Citation Tr# 3 RET EXEC(HEATHER VILLAGE LLC) On 07 | I | 0.00 |
| 08/12/2013 | DEFN'S ORIG ANSWER & COUNTER CLAIM | I | 0.00 |
| 08/16/2013 | *ORDER SETTING SCHED CONF 9/18/13 3PM* | IM | 0.00 |
| 09/06/2013 | LETTER (W/ORDER) | I | 0.00 |
| 09/09/2013 | *AGREED DOCKET CONTROL ORDER   TRIAL 4/28/14* | IM | 0.00 |
| 02/12/2014 | *ORDER RE: TRIAL SETTING ON 4/28/14* | IM | 0.00 |
| 04/03/2014 | UNOPPOSED JOINT MOT FOR CONTINUANCE-NEED NEW ORDER | I | 0.00 |
| 04/08/2014 | LTR RE: PROPOSED ORDER ON UNOPPOSED JT MOT/CONT | I | 0.00 |
| 04/08/2014 | (PROPOSED) ORDER ON UNOPPOSED JT MOT FOR CONT | I | 0.00 |
| 04/15/2014 | MOT TO COMPEL-SET 5/2/14 @ 2PM NOT 4/16/14 | I | 0.00 |
| 04/15/2014 | (PROPOSED) ORDER GRANTING MOT TO COMPEL | I | 0.00 |
| 04/22/2014 | NOT OF HRG 4/24/14 @ 2PM-MOT FOR CONTINUANCE | I | 0.00 |
| 04/23/2014 | LTR RE: HRG SET 5/2/14 2PM MOT TO COMPEL-NEED | I | 0.00 |
| 04/23/2014 | LTR RE: PROPOSED ORDER ON AGRD UNOPPOSED JT MOT | I | 0.00 |
| 04/23/2014 | LTR RE: ORDER ON AGRD UNOPPOSED JOINT MOT FOR CONT | I | 0.00 |
| 04/23/2014 | *ORDER ON AGRD UNOPPOSED MTN FOR CONT-TRL 10/20/14 | IM | 0.00 |
| 07/31/2014 | *ORDER RE: TRIAL ON 10/20/14* | IM | 0.00 |
| 09/11/2014 | MOT FOR WITHDRAWAL OF COUNSEL | I | 0.00 |
| 09/19/2014 | (PROPSOED) ORDER GRANTING W/D OF COUNSEL | I | 0.00 |
| 09/19/2014 | PLTF & CDEF'S NO EVIDENCE MSJ | I | 0.00 |
| 09/19/2014 | COVER LTR TO MSJ | I | 0.00 |
| 09/26/2014 | PLTFS TRAD MOT FOR SUMM/JUDGMENT | I | 0.00 |
| 09/26/2014 | LTR RE: PLTS MOT FOR TRAD SUMM/JUDGMNT | I | 0.00 |
| 09/26/2014 | LTR RE: PLTFS MOT FOR TRAD S/JDGMNT SET HRG | I | 0.00 |
| 09/30/2014 | DEFN'S MTN FOR CONT | I | 0.00 |
| 09/30/2014 | PLTF AND COUNTER-DEFNS FIRST AGRD MTN FOR CONT | I | 0.00 |
| 09/30/2014 | LTR RE: PLTF AND CO-DEFNS FIRST AGRD MTN FOR CONT | I | 0.00 |
| 09/30/2014 | LTR RE: PLTF AND CO-DEFNS FIRST AGRD MTN FOR CONT | I | 0.00 |
| 10/03/2014 | LTR RE: PROPOSED AGRD ORDER | I | 0.00 |
| 10/03/2014 | (PROPOSED) ORDR GRANTING AGRD MOTION FOR CONT OF | I | 0.00 |
| 10/03/2014 | LTR RE: FAXED PLTFS AND CO-DEFNS LIST OF PROPOSED | I | 0.00 |
| 10/03/2014 | PLTFS AND CO-DEFNS LIST OF PROPOSED WITNESSES AND | I | 0.00 |
| 10/10/2014 | COVER LTR | I | 0.00 |
| 10/10/2014 | (PROPOSED) AGD ORD GRANTING MTNS FOR CONT OF | I | 0.00 |
| 10/13/2014 | **AGRD ORDER GRANTING AGRD MTNS FOR CONTINUANCE OF | IM | 0.00 |
| 10/20/2014 | NOT OF HRG 11/14/14 @ 10AM-MSJ | I | 0.00 |
| 10/20/2014 | COVER LTR | I | 0.00 |
| 11/05/2014 | DEFN'S 1ST AMD ORIG ANS/COUNTERCLAIM | I | 0.00 |
| 11/07/2014 | DEFN'S RESP TO PLTF'S TRADITIONAL MSJ | I | 0.00 |
| 11/07/2014 | DEFN'S RESP TO PLTF'S NO-EVID MSJ | I | 0.00 |
| 11/07/2014 | LTR FROM ATTY KNOUSE TO ATTY LANE ADDISON | I | 0.00 |
| 11/12/2014 | PLTF'S EXCEPTIONS TO DEFN'S 1ST AMND ORIG ANS AND | I | 0.00 |
| 11/12/2014 | CORRESPONDENCE LTR FROM ATTY KNOUSE TO ATTY ADDISO | I | 0.00 |
| 11/12/2014 | LTR FROM ATTY KNOUSE TO THE COURT | I | 0.00 |
| 11/12/2014 | PLTF'S OBJ/REPLY TO DEFN'S RESP TO PLTF'S MTN FOR | I | 0.00 |
| 11/12/2014 | LTR FROM ATTY KNOUSE TO ATTY R LANE ADDISON | I | 0.00 |
| 11/12/2014 | LTR FROM ATTY KNOUSE TO THE COURT | I | 0.00 |
| 11/14/2014 | LTR FROM ATTY KNOUSE TO THE COURT | I | 0.00 |
| 11/14/2014 | ORD GRANT PLTF'S EXCEPT TO DEFN/COUNTER-PLTF'S | I | 0.00 |

--------------------------------------------------------------------------------
               Cause Number: 017-266141-13    Date Filed: 05/29/2013
     PANINA, INC  ET AL                v      HEATHER VILLAGE, LLC ET AL
                                       s
          Cause of Action: CONTRACT, DEBT/CONTRACT
          Case Status....: PENDING
--------------------------------------------------------------------------------
    Filemark   Description                                          Fee Total
--------------------------------------------------------------------------------
  11/14/2014  DEPUTY REPORTER STATEMENT (CAROLIN PEEK)         I        0.00
  11/17/2014  PLTF'S SUPPL BRIEF ON TRCP RULE 193.6(A) PROVIDING  I     0.00
  11/17/2014  LTR FROM JOHN P KNOUSE TO MR LANE ADDISON        I        0.00
  11/17/2014  LTR FROM ATTY KNOUSE TO THE COURT                I        0.00
  11/19/2014  * ORD DENYING PLTF'S MTN FOR SUMMARY JUDGMENT *  IM       0.00
  11/19/2014  * ORD DENYING PLTF'S MTN FOR NO EVID SUMM JDG *  IM       0.00
  11/25/2014  * ORDER REGARDING TRIAL SETTING ON 02/09/15      IM       0.00
--------------------------------------------------------------------------------
Total Number Of Records Printed:     58

**EXHIBIT "M"**

**CERTIFIED COPIES OF ORDERS DENYING PLAINTIFF'S MOTION FOR TRADITIONAL SUMMARY JUDGMENT AND PLAINTIFF'S "NO EVIDENCE" MOTION FOR SUMMARY JUDGMENT**

A CERTIFIED COPY
ATTEST:_12-29-14_
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY:_____
DEPUTY

NO. <u>17-266141-13</u>

| | | |
|---|---|---|
| PANINA, INC. D/B/A JA CONSTRUCTION SERVICES Plaintiff, | § § § § | IN THE DISTRICT COURT |
| V. | § § § | 17TH JUDICIAL DISTRICT |
| HEATHER VILLAGE, LLC D/B/A THE HEATHER VILLAGE APT Defendant. | § § § § | OF TARRANT COUNTY, TEXAS |

## ORDER DENYING
## <u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

On November 14, 2014, the Court considered the PLAINTIFF'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT, and the response thereto, and after reviewing the evidence and hearing the arguments, the Court finds that the Motion should be **DENIED.**

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment is denied and this cause shall proceed to trial.

SIGNED on November 19, 2014.

_____
JUDGE PRESIDING

Court's Minutes
Transaction # _104_

**E-MAILED**
_11-20-14_

A CERTIFIED COPY
ATTEST: 12-29-14
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: Lisa J. Huebner
DEPUTY

NO. <u>17-266141-13</u>

| | | |
|---|---|---|
| PANINA, INC. D/B/A JA<br>CONSTRUCTION SERVICES<br>Plaintiff, | § <br> § <br> § <br> § | IN THE DISTRICT COURT |
| V. | § <br> § | 17TH JUDICIAL DISTRICT |
| HEATHER VILLAGE, LLC D/B/A THE<br>HEATHER VILLAGE APT<br>Defendant. | § <br> § <br> § | OF TARRANT COUNTY, TEXAS |

## ORDER DENYING
## PLAINTIFF'S MOTION FOR
## <u>NO EVIDENCE SUMMARY JUDGMENT</u>

On November 14, 2014, the Court considered the PLAINTIFF'S MOTION FOR NO EVIDENCE SUMMARY JUDGMENT, and after reviewing the evidence and hearing the arguments, the Court finds that the Motion should be **DENIED**.

**IT IS THEREFORE ORDERED** that the Motion for No Evidence Summary Judgment is denied and this cause shall proceed to trial.

**SIGNED** on November 19, 2014.

_____
JUDGE PRESIDING

Court's Minutes
Transaction # 105

E-MAILED
11-20-14